# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DUANE & VIRGINIA LANIER TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SANDRIDGE ENERGY, INC., SANDRIDGE MISSISSIPPIAN TRUST I, SANDRIDGE MISSISSIPPIAN TRUST II, TOM L. WARD, JAMES D. BENNETT, MATTHEW K. GRUBB, RANDALL D. COOLEY, JIM J. BREWER, EVERETT R. DOBSON, WILLIAM A. GILLILAND, DANIEL W. JORDAN, ROY T. OLIVER, JR., JEFFREY S. SEROTA, D. DWIGHT SCOTT, RAYMOND JAMES & ASSOCIATES, INC., MORGAN STANLEY & CO. LLC, MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS INC., and RBC CAPITAL MARKETS, LLC,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CIVIL ACTION NO. 15-cv-00634-M**<br><br>**JUDGE VICKI MILES-LaGRANGE** |

**DECLARATION OF J. ELAZAR FRUCHTER IN SUPPORT OF
THE MOTION OF THE ROSEN GROUP (A/K/A THE SANDRIDGE
GROUP) TO BE APPOINTED LEAD PLAINTIFFS; AND TO
<u>APPROVE PROPOSED LEAD PLAINTIFFS' SELECTION OF COUNSEL</u>**

J. ELAZAR FRUCHTER, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner with the law firm of Wohl & Fruchter LLP ("W&F"), additional counsel for Plaintiffs in the above-captioned action ("Action"). I submit this declaration in support of the motion ("Motion") of the Rosen Group (a/k/a the Sandridge Group) to (i) be appointed lead plaintiffs, and (ii) approve proposed lead plaintiffs' selection of counsel. (ECF 35). I have personal knowledge of the statements set forth herein.

2. The purpose of this declaration is to refute the baseless argument in the opposition papers of the Robbins Group that neither the named plaintiff in this action, the Duane & Virginia Lanier Trust (the "Lanier Trust"), nor its counsel, "conducted a reasonable investigation prior to filing the Action." (ECF 58 at 2). As set forth below, the reality is entirely to the contrary.

**Pre-Filing Due Diligence and Investigation**

3. After being retained by Duane Lanier, the trustee of the Lanier Trust, on March 28, 2014, to investigate claims ("Claims") against the defendants in this action in connection with Trust I and Trust II (collectively, the "Trusts"), W&F secured and thoroughly reviewed on an ongoing basis numerous publicly available documents concerning the Trusts, including without limitation:

> (a) The prospectuses filed by the Trusts with the Securities & Exchange Commission ("SEC") in connection with their respective initial public offerings ("IPO's");

    (b) Form 8-K's, Form 10-Q's, and Form 10-K's ("SEC Filings"), filed by the Trusts with the SEC after their IPO's;

    (c) Exhibits to SEC Filings, including Trust Agreements, Royalty Conveyances, and Development Agreements;

    (d) Securities analyst reports concerning the Trusts (as well as analyses of the Trusts published by investors on websites such as SeekingAlpha.com);

    (e) Transcripts of conference calls with securities analysts concerning the Trusts; and

    (f) Historical price movements of the publicly-traded Trust units.

4. Additionally, we also secured and thoroughly reviewed publicly available documents and data concerning the wells ("Wells") in which the Trusts hold royalty interests, including without limitation:

    (a) Reports of oil and gas production of the Wells;

    (b) Maps indicating the location of the Wells; and

    (c) Land records with respect to the Wells.

5. During our investigation, we consulted with a petroleum engineering consultant concerning the significance of the publicly available data we reviewed concerning the Wells.

6. Further, we conducted extensive legal research concerning the Claims. We also reviewed filings in the Sandridge Action (Case 5:12-cv-01341-W), including the initial and amended complaint ("Sandridge Amended Complaint"), and papers filed in support of and in opposition to the motions to dismiss the Sandridge Amended Complaint.

**The Filing of the Initial Complaint in this Action**

7. On May 11, 2015, W&F learned that the Court had dismissed the claims asserted in the Sandridge Amended Complaint against the Trusts, and the underwriters of the Trusts' IPO's, based on a failure to provide proper PSLRA notice with respect to such Claims (the "Dismissal"). *See In re Sandridge Energy, Inc. Sec. Litig.,* No. CIV-12-1341-W, 2015 WL 3652526, at *11 (W.D. Okla. May 11, 2015); *In re Sandridge Energy, Inc., Sec. Litig.*, No. CIV-12-1341-W, 2015 WL 3652522, at * 10 (W.D. Okla. May 11, 2015).

8. Thereafter, we contacted the Rosen Law Firm (the Rosen Group's proposed lead counsel) ("Rosen"), an experienced securities class action firm with which W&F has previously collaborated in other cases, to share the due diligence we had conducted to date, and to discuss the merits of filing a new action with respect to the Claims in light of the Dismissal. As part of those discussions, W&F and Rosen researched the issue of the tolling of the 3-year statute of repose with respect to the Securities Act claims of Trust I unitholders (which began to run on or about April 7, 2011, and ran for nearly two years and four months until tolled with the filing of the Sandridge Amended Complaint on July 23, 2013). *See Joseph v. Wiles*, 223 F.3d 1155, 1166 (10th Cir. 2000).

9. After extensive discussions with Rosen, it was decided that the most prudent course of action would be to file a new initial complaint as soon as possible in light of the renewed running of the 3-year statute of repose with respect to the Securities Act claims of Trust I unitholders following the Dismissal. Accordingly, a new initial complaint was filed on June 9, 2015, less than one (1) month after the Dismissal.

Dated: New York, New York
September 8, 2015

Respectfully submitted,

By: */s/ J. Elazar Fruchter*
    J. Elazar Fruchter

WOHL & FRUCHTER LLP
570 Lexington Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 758-4000
jfruchter@wohlfruchter.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this Declaration was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on September 8, 2015.

/s/ Nicholas G. Farha
Nicholas G. Farha