### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

IVAN NIBUR, LAWRENCE ROSS,     )
JASE LUNA, MATTHEW     )
WILLENBUCHER, and the DUANE &     )
VIRGINIA LANIER TRUST,     )
Individually and On Behalf of All Others     )
Similarly Situated,     )
    )
            Plaintiffs,     )
    )
vs.     )     Case No. CIV-15-634-M
    )
SANDRIDGE MISSISSIPPIAN     )
TRUST I, et al.,     )
    )
            Defendants.     )

## ORDER

Before the Court is plaintiffs' Motion to Supplement Plaintiffs' Operative Complaint Pursuant to LCvR15.1, filed March 20, 2017. On April 10, 2017, defendants filed their response, and on April 17, 2017, plaintiffs filed their reply. Based upon the parties' submissions, the Court makes its determination.

On November 11, 2016, plaintiffs filed the Consolidated Amended Complaint in this case, asserting violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. On December 20, 2016, the SEC entered an Order Instituting Cease-and-Desist Proceedings Pursuant to Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order ("Cease-and-Desist Order") providing for SandRidge to pay a $1.4 million penalty to settle charges that it had allegedly retaliated against a whistleblower for expressing concerns about how SandRidge calculated its oil and gas reserves in public filings with the SEC. On January 13, 2017, defendants filed motions to dismiss in this case. On January 18, 2017, plaintiffs submitted a FOIA request for the SEC's case file. On March 1, 2017, the SEC denied

plaintiffs' FOIA request.   Plaintiffs now move the Court, pursuant to Federal Rule of Civil

Procedure 15(d), for leave to file supplemental allegations to their Consolidated Amended

Complaint based upon the SEC's Cease-and-Desist Order.

Rule 15(d) provides:

> On motion and reasonable notice, the court may, on just terms,
> permit a party to serve a supplemental pleading setting out any
> transaction, occurrence, or event that happened after the date of the
> pleading to be supplemented.   The court may permit
> supplementation even though the original pleading is defective in
> stating a claim or defense.   The court may order that the opposing
> party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).   "Leave to supplement a complaint with post-complaint transactions,

occurrences or events . . . should be liberally granted unless good reason exists for denying leave,

such as prejudice to the defendants." *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d

1177, 1186 (10th Cir. 2015) (internal quotations and citation omitted).   Further,

> [a]s a general matter, the standard used by courts in deciding to grant
> or deny leave to supplement is the same standard used in deciding
> whether to grant or deny leave to amend.   In either case, the district
> court exercises its sound discretion in deciding whether such
> considerations as delay and relative prejudice favor or disfavor
> augmentation of the case with the new allegations.

*Fowler v. Hodge*, 94 F. App'x 710, 714 (10th Cir. 2004) (internal quotations and citations omitted).

Finally, "[r]efusing leave to amend is generally only justified upon a showing of undue delay,

undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by

amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229

(10th Cir. 2009) (internal quotations and citation omitted).

Plaintiffs assert that the additional information was not available at the time plaintiffs filed

the Consolidated Amended Complaint, and had it been, they would have alleged it.   Plaintiffs

further assert that there will be no undue prejudice to defendants.   Specifically, plaintiffs contend

that the supplemental allegations do not plead any new causes of action, do not change the theory of the case, and do not raise any significant new factual issues but rather buttress the current allegations in the Consolidated Amended Complaint.  Plaintiffs also assert they did not unduly delay seeking leave of Court to file the supplemental pleading nor have they exercised bad faith or engaged in any dilatory practices.  Specifically, plaintiffs contend that they filed their FOIA request less than one month after the Cease-and-Desist Order was entered and filed the instant motion less than three weeks after receiving the SEC's denial of their FOIA request.  Finally, plaintiffs assert that supplementation is not futile and that the supplemental allegations support both their Securities Act claims and their Exchange Act claims.

Defendants contend that plaintiffs' motion to supplement should be denied because the motion is untimely and would cause undue prejudice to defendants and the proposed amendments are irrelevant and futile.  Specifically, defendants assert that plaintiffs inexcusably waited until three months after the Cease-and-Desist Order was entered to file the instant motion and that there is no reason why plaintiffs needed to pursue a FOIA request or wait on the SEC's FOIA decision before informing the Court and defendants of their intention to supplement.  Defendants further assert that plaintiffs' delay is highly prejudicial because the proposed supplemental allegations would require defendants to shoot at a moving target by filing supplemental briefs to address allegations that were not included in the Consolidated Amended Complaint, at which their motions to dismiss are addressed.  Defendants also assert that plaintiffs' proposed supplement is futile because it concerns allegations that purportedly took place after the events at issue in the Consolidated Amended Complaint, the allegations address SandRidge's reserves and do not mention the Trusts that are the focus of this litigation, and the Cease-and-Desist Order on which

plaintiffs' proposed supplemental allegations are based is itself inadmissible and is of no value in supporting plaintiffs' claims.

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs should be allowed to supplement their Consolidated Amended Complaint. Specifically, the Court finds no good reason exists for denying plaintiffs leave to supplement. First, the Court finds there was no undue delay by plaintiffs in filing their motion. While plaintiffs could have filed a motion to supplement as soon as the Cease-and-Desist Order was entered, the Court finds it was quite reasonable for plaintiffs to attempt to obtain additional facts in support of their claims through a FOIA request and to wait to seek leave to supplement until after they had obtained said additional facts or their FOIA request was denied. Second, the Court finds that while defendants may be prejudiced by plaintiffs supplementing their Consolidated Amended Complaint, defendants will not be unduly prejudiced. Through their supplemental allegations, plaintiffs are not pleading any new causes of action and are not changing their theory of the case and any additional briefing that will be required of defendants will be minimal. Third, the Court finds no bad faith or dilatory motive on the part of plaintiffs. Finally, the Court finds that at this juncture, plaintiffs' proposed supplemental allegations are not clearly futile.

Accordingly, the Court GRANTS plaintiffs' Motion to Supplement Plaintiffs' Operative Complaint Pursuant to LCvR 15.1 [docket no. 110]. Plaintiffs shall file their Supplemental Allegations within two (2) days of the date of this Order. Defendants shall file their supplemental memoranda addressing the Supplemental Allegations fourteen (14) days thereafter; plaintiffs shall

file their response to defendants' supplemental memoranda fourteen (14) days thereafter, and defendants shall file their reply, if any, fourteen (14) days thereafter.

**IT IS SO ORDERED this 28th day of April, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE