# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IVAN NIBUR, LAWRENCE ROSS, JASE LUNA, MATTHEW WILLENBUCHER, and the DUANE & VIRGINIA LANIER TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SANDRIDGE MISSISSIPPIAN TRUST I, SANDRIDGE MISSISSIPPIAN TRUST II, TOM L. WARD, JAMES D. BENNETT, MATTHEW K. GRUBB, RANDALL D. COOLEY, JIM J. BREWER, EVERETT R. DOBSON, WILLIAM A. GILLILAND, DANIEL W. JORDAN, ROY T. OLIVER, JR., JEFFREY S. SEROTA, D. DWIGHT SCOTT, RAYMOND JAMES & ASSOCIATES, INC., MORGAN STANLEY & CO. LLC (F/K/A MORGAN STANLEY & CO INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS INC., and RBC CAPITAL MARKETS, LLC,<br><br>　　　　　Defendants.<br><br>SANDRIDGE ENERGY, INC.,<br><br>　　　　　Nominal Defendant. | Civil Action No. 15-cv-00634-SLP<br><br>**CLASS ACTION** |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: January 30, 2018

Appearing for Plaintiffs:

1

**FARHA LAW, PLLC**
Nicholas G. Farha, OBA # 21170
1900 NW Expressway, Suite 501
Oklahoma City, OK 73118
Tel: 405-471-2224
Fax: 405-810-9901

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (admitted pro hac vice)
Jonathan Horne, Esq. (admitted pro hac vice)
275 Madison Avenue, 34th Floor
New York, NY 10128
Tel: 212-686-1060
Fax: 212-202-3827

**WOHL & FRUCHTER, LLP**
J. Elazar Fruchter
570 Lexington Avenue, 16th Floor
New York, NY 10022
Tel: 212-758-4000
Fax: 212-758-4004


Appearing for Defendants:

**COVINGTON & BURLING LLP**
C. William Phillips (admitted *pro hac vice*)
Mark P. Gimbel (admitted *pro hac vice*)
Swati R. Prakash (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 841-1000

Joanne Sum-Ping (admitted *pro hac vice*)
One Front Street
San Francisco, CA 94111-5356
(415) 591 7046

**SNYDER LAW, PLLC**
Thomas B. Snyder
3030 Oklahoma Tower
210 Park Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405)232-3800
Fax: (405)232-8999
Email: tom@lawokc.com

*Counsel for James Bennett and Matthew Grubb*

**LATHAM & WATKINS, LLP**
J. Christian Word (admitted *pro hac vice*)
Stephen P. Barry (admitted *pro hac vice*)
David L. Johnson (admitted *pro hac vice*)
555 Eleventh Street, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

Steven M. Bauer (admitted *pro hac vice*)
Margaret A. Tough (admitted *pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8085

**CORBYN HAMPTON LAW FIRM**
George S. Corbyn, Jr., OBA #1910
211 North Robinson, Suite 1910
One Leadership Square
Oklahoma City, Oklahoma 73102
Telephone: (405) 239-7055
Facsimile: (405) 702-4348

*Counsel for Tom L. Ward*

**CONNER & WINTERS, LLP**
Kiran A. Phansalkar, OBA #11470
Mitchell D. Blackburn, OBA #12217
211 N. Robinson, Suite 1700
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email: kphansalkar@cwlaw.com
mblackburn@cwlaw.com

*Attorneys for SandRidge Energy, Inc.*

**BRACEWELL LLP**
W. Stephen Benesh (admitted *pro hac vice*)
Patrick A. Caballero (admitted *pro hac vice*)
David B. Springer (admitted *pro hac vice*)
111 Congress Ave., Suite 2100
Austin, Texas 78701
Telephone: (512) 494-3680
Facsimile: (800) 404-3970

**WILSON LAW FIRM**
Ryan S. Wilson, OBA #14340
Post Office Box 891390
Oklahoma City, OK 73189
Phone: 405.246.0092
Fax: 405.246.9652
Email: ryan@RSWilsonlaw.com

*Attorneys for SandRidge Mississippian Trust I*

**Jury Trial Demanded ☑  -  Non-Jury Trial ☐**

1. **BRIEF PRELIMINARY STATEMENT**. State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

   This is a putative securities class action originally brought on behalf of persons who purchased units in SandRidge Mississippian Trust I ("Trust I"), and SandRidge Mississippian Trust II ("Trust II"), between April 5, 2011 and November 8, 2012, inclusive (the "Class" and the "Class Period"), bringing claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and under Sections 11(a), 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act").

   Trust I is a Delaware statutory trust created by SandRidge Energy, Inc. ("SandRidge") Trust I held its IPO on April 12, 2011. Trust II is a Delaware statutory trust created by SandRidge. Trust II held its IPO on April 23, 2012.

   By order dated August 30, 2017, the Court dismissed Plaintiffs' Securities Act claims (ECF No. 129). The remaining Defendants, who are named in the Exchange Act claims, are Trust I and certain of SandRidge's current and former officers, Tom L. Ward, James D. Bennett, and Matthew K. Grubb.[1] The Exchange Act claims are brought on behalf of the entire Class.

   By Order dated September 11, 2017, the Court granted in part and denied in part the motions to dismiss Trust I, Ward, Bennett, Grubb, and SandRidge.

   The Defendants deny Plaintiffs' allegations and deny any wrongdoing or liability, as set forth in detail in their respective answers.

2. **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

   15 U.S.C. §78aa and 28 U.S.C. §1331

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

---

[1] Because of its bankruptcy, SandRidge is a nominal defendant in this action, named solely to the extent necessary to recover from available insurance coverage under any applicable insurance policy providing coverage to SandRidge for the claims asserted therein.

...

The Parties agree that the Court has subject matter jurisdiction as well as personal jurisdiction over all Parties.

The Parties are not presently aware of any other undisputed facts but will meet and confer throughout the litigation to determine which facts are not in dispute.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. <u>Plaintiffs</u>:

   Plaintiffs seek recovery of damages caused by Defendants' violations of the securities laws on behalf of themselves and the Class, in an amount to be determined at trial.

   b. <u>Defendant</u>:

   Defendants deny that they have committed any violations of the securities laws; deny that Plaintiffs and members of the putative Class sustained any damages; deny that Plaintiffs and the putative Class are entitled to any relief; and request that judgment be entered in their favor dismissing all claims against them with prejudice.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
   ☐ Yes ☑ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

   Plaintiffs will file a motion for class certification (see attached Schedule, Exhibit A).

   Trust I has a pending Motion for Partial Judgment on the Pleadings, which was filed on January 19, 2018. By the Motion, Trust I seeks dismissal of the Exchange Act Claim asserted by Trust II unit holders against Trust I. Plaintiffs' Response to the Motion must be filed by February 9, 2018, pursuant to LCvR7.1(g).

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? ☒ Yes ☐ No

8. **PLAN FOR DISCOVERY**.

   A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on October 4, 2017.

   B. The parties anticipate that fact discovery should be completed within 12 months. See attached schedule (Exhibit A).

   C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?

   Plaintiffs believe that the Federal Rule of Civil Procedure 30(b)(6) deposition of SandRidge is necessary prior to ADR.

   Defendants do not believe that a deposition is necessary prior to ADR and have invited Plaintiffs to join a mediation with the common stockholder plaintiffs in the related action titled *In re SandRidge Energy, Inc. Securities Litigation*, No. 5:12-cv-01341-W (W.D. Okla.), which is currently scheduled for February 9, 2018. Although Defendants have explained their position that a joint mediation of these related actions is more likely to lead to a settlement, Plaintiffs have declined to participate in the February 9, 2018 mediation.

   Plaintiffs are of the view that a mediation is more likely to be productive if the parties are adequately informed of the strength and weaknesses of their claims, and accordingly served a deposition request under Federal Rule of Civil Procedure 30(b)(6) on November 15, 2017 (the "Notice"). SandRidge has refused to produce a deponent who will testify as to all the topics in the Notice until after May 2018. Accordingly, any delay in scheduling the mediation is due to SandRidge.

   D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

   ☒ Yes ☐ No

   E. Have the parties discussed issues relating to claims of privilege or of

protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☑ Yes ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

The parties are currently negotiating and anticipate submitting an agreed upon protective order, subject to the Court's approval, that will, among other things, address a procedure to assert claims of privilege/protection after production.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

Plaintiffs believe that the number of depositions should be increased to 20 in light of the numerous fact witnesses in this case. Defendants believe that 20 depositions per side may be excessive, given the narrow issues that remain in the case following the dismissal of Plaintiffs' claims under the Securities Act of 1933, but are willing to meet and confer further with Plaintiffs concerning this issue. The parties agree that this issue should be postponed until later in the case when it will be more concrete.

The parties believe that discovery in this action should be coordinated with discovery in a related action, *In re SandRidge Energy, Inc. Securities Litigation*, Case No. 5:12-CV-01341-W, currently pending before the Honorable Lee R. West of this Court. *See* ECF 11 (Notice of Companion or Related Case). Coordinating discovery in the two actions—which involve common defendants and raise nearly identical factual and legal issues— would minimize duplicative discovery as well as advance the resolution of both cases. The parties will be prepared to discuss potential coordination at the status conference, and can also make written submissions on the issue if the Court requests.

9. **ESTIMATED TRIAL TIME**: 10 days

10. **BIFURCATION REQUESTED**: ☐ Yes ☑ No

11. **POSSIBILITY OF SETTLEMENT**: ☐ Good ☑ Fair ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A. Compliance with LCvR 16.1(a)(1) - ADR discussion: ☑ Yes ☐ No

    B. The parties request that this case be referred to the following ADR process:

    ☐ Court-Ordered Mediation subject to LCvR 16.3
    ☐ Judicial Settlement Conference
    ☑ Other: Private mediation
    ☐ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge? ☐ Yes ☑ No

14. Type of Scheduling Order Requested. ☐ Standard - ☑ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

    The parties believe a specialized scheduling order is appropriate, given the complexity of this matter and the need for proceedings concerning class certification. The parties propose that the Court adopt a scheduling order reflecting the deadlines set forth in Exhibit A.

Submitted this 24th day of January, 2018.

        Respectfully submitted,

        /s/Nicholas G. Farha
        Nicholas G. Farha, OBA # 21170
        Farha Law, PLLC
        1900 NW Expressway, Suite 501
        Oklahoma City, OK 73118
        (405) 471-2224
        (405) 810-9901 (Facsimile)
        nick@farhalawfirm.com

*Liaison Counsel for Plaintiffs*

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
Jonathan Horne, Esq.
275 Madison Avenue, 34th Floor
New York, NY  10016
(212) 868-1060
(212) 202-3827 (Facsimile)

*Lead Counsel for Plaintiffs*

**WOHL & FRUCHTER, LLP**
J. Elazar Fruchter, Esq.
570 Lexington Avenue, 16th Floor
New York, NY  10022
(212) 758-4000
(212) 758-4004 (Facsimile)

*Additional Plaintiffs' Counsel*

Respectfully submitted,

*s/Thomas B. Snyder*

**SNYDER LAW, PLLC**
Thomas B. Snyder, OBA #31428
3030 Oklahoma Tower
210 Park Avenue
Oklahoma City, Oklahoma 73102
(405)232-3800
(405)232-8999 (Facsimile)
Email: tom@lawokc.com

Of Counsel
**COVINGTON & BURLING LLP**
Mark P. Gimbel (admitted *pro hac vice*)
C. William Phillips (admitted *pro hac vice*)
Swati R. Prakash (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

Joanne Sum-Ping (admitted *pro hac vice*)
One Front Street
San Francisco, CA 94111-5356
(415) 591 7046

*Attorneys for Defendants James D. Bennett and Matthew K. Grubb*

Respectfully submitted,

*s/George S. Corbyn, Jr.*

**CORBYN HAMPTON, PLLC**
George S. Corbyn, Jr., OBA #1910
211 North Robinson, Suite 1910
One Leadership Square
Oklahoma City, OK 73102
(405) 239-7055

Of Counsel
**LATHAM & WATKINS, LLP**
J. Christian Word (admitted *pro hac vice*)
Stephen P. Barry (admitted *pro hac vice*)
David L. Johnson (admitted *pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Steven M. Bauer (admitted *pro hac vice*)
Margaret A. Tough (admitted *pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8085

*Attorneys for Defendant Tom L. Ward*

Respectfully submitted,

*s/ Kiran Phansalkar*

**CONNER & WINTERS, LLP**
Kiran A. Phansalkar, OBA #11470
Mitchell D. Blackburn, OBA #12217
1700 One Leadership Square
211 North Robinson
Oklahoma City, OK 73102
(405) 272-5711

*Attorneys for SandRidge Energy, Inc.*

Respectfully submitted,

*s/Ryan S. Wilson*

**WILSON LAW FIRM**
Ryan S. Wilson, OBA #14340
Post Office Box 891390
Oklahoma City, OK 73189
Phone: 405.246.0092
Fax: 405.246.9652
Email: ryan@RSWilsonlaw.com

Of Counsel
**BRACEWELL LLP**
W. Stephen Benesh (admitted *pro hac vice*)
Patrick A. Caballero (admitted *pro hac vice*)
David B. Springer (admitted *pro hac vice*)
111 Congress Ave., Suite 2100
Austin, Texas 78701
Telephone: (512) 494-3680
Facsimile: (800) 404-3970

*Attorneys for SandRidge Mississippian Trust I*