UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE & VIRGINIA LANIER TRUST, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANDRIDGE MISSISSIPPIAN TRUST I, et al.,<br><br>　　　　Defendants. | Case No. CIV-15-0634-SLP |

## MOTION TO INTERVENE AND SUPPORTING BRIEF

Reed Romine respectfully moves this Court for an order pursuant to Rules 23(d) and 24(b) of the Federal Rules of Civil Procedure to intervene as a named plaintiff and additional proposed class representative in this putative class action.

1.　Romine is a member of the putative class as defined in the Consolidated Amended Complaint (the "Complaint," Dkt. No. 77) in this action, as a purchaser of Common Units of Defendant SandRidge Mississippian Trust I ("Trust I") during the Class Period, as defined in the Complaint.

2.　Romine is ready, willing and able to serve as a class representative and will provide reasonable, non-objectionable, non-privileged discovery, including deposition testimony, promptly upon Defendants' request. In fact, Romine has already offered his responses and objections to the Defendants' respective discovery requests in anticipation of joining this action as a plaintiff. Romine will provide a declaration supporting his

candidacy as a proposed class representative in conjunction with Plaintiffs' motion for class certification.

3. This motion will not affect any scheduling orders or discovery already underway, and will not delay class certification discovery or any other proceeding in this action. Romine is prepared to provide discovery quickly and in compliance with all scheduling orders, causing no delay.

4. Lead Plaintiffs Ivan Nibur, Lawrence Ross, Jase Luna, Matthew Willenbucher, and the Duane & Virginia Lanier Trust ("Lead Plaintiffs") have consented to Romine's motion to intervene in this action as a proposed additional class representative.

5. Romine has retained the same counsel representing Lead Plaintiffs, Lead Counsel, as appointed by the Court in its order dated March 16, 2016 (Dkt. No. 64).

6. This motion is timely, there are common questions of law and fact between Romine's claims and this action, and intervention will not unduly delay or prejudice Defendants. *See* Fed. R. Civ. P. 24(b)(3); *DeJulius v. New Eng. Health Care Emps. Pension Fund*, 429 F.3d 935, 943 (10th Cir. 2005) (noting that district courts are required to consider undue prejudice or delay in deciding whether to grant permissive intervention).

7. Additionally, Federal Rule of Civil Procedure 23(d) permits intervention for the purposes of improving or strengthening the representation of the class, and in class actions, intervention "to ensure adequate class representation is highly desirable." *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 202 (S.D.N.Y. 1992). *See also Gatter v. Cleland*, 87 F.R.D. 66, 71 (E.D. Pa. 1980) (noting that Rule 23(d) permits intervention to improve and strengthen class representation).

8. Rule 24(b) permits intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Romine is a member of the putative class and asserts no claims outside of those in the Complaint. Therefore, subject to the Court's determination on Plaintiffs' motion for class certification, Romine's claims address substantially identical questions of law and fact as the "main action" here.

9. Permissive intervention under Rule 24(b) is subject to the Court's discretion. *Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 89-90 (10th Cir. 1993); *see also* 7C Chares A. Wright, Arthur R. Miller & Mar Kay Kane, *Federal Practice & Procedure* § 1902 (2d ed. 1986).

10. Permissive intervention is not precluded simply because the movant's interest may be adequately represented by existing parties. *Bohne v. Closing of Tulsa, L.L.C.*, No. 05-CV-0197-TCK-SAJ, 2006 WL 865382, at *3 (N.D. Okla. Apr. 12, 2006) (citing Fed. R. Civ. P. 24(b)(2)). "Indeed, in the context of a class action, the prospective intervenors' claims are presumed to be the same as those of the named plaintiffs." *Id.*, 2006 WL 865382 at *3 (citing *Groves v. Ins. Co. of North America*, 433 F. Supp. 877, 888-89 (E.D. Pa. 1977) and *Epstein v. Weiss*, 50 F.R.D. 387, 395 (E.D. La. 1970)).

11. This motion is timely because Romine is not time barred from intervening in this case. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974). Moreover, Romine moves to intervene at the very outset of discovery, while a motion on the pleadings is still pending before this Court (Dkt. No. 157), and the Court may promptly determine

Romine's adequacy as a class representative along with Lead Plaintiffs in considering Plaintiffs' motion for class certification.

12. Defendants will suffer no undue prejudice by Romine's intervention because they will be provided all applicable discovery and materials relevant to Plaintiffs' class certification motion, including documents supporting Romine's candidacy as a proposed class representative under Fed. R. Civ. P. 23. Defendants will have a full and fair opportunity to oppose class certification and their discovery responsibilities will not be appreciably altered in any way by Romine's intervention. Romine's intervention will not substantially affect the merits of the case in any way that might cause undue prejudice to Defendants.

13. Pursuant to Fed. R. Civ. P. 24(c), Romine hereby adopts the operative pleading in this action, the Complaint (Dkt. No. 77), insofar as the claims therein survived the Court's order dated September 11, 2017 (Dkt. No. 130). *See Dalva v. Bailey*, 158 F. Sup.. 204, 207 (S.D.N.Y. 1957) (permitting a Rule 24 movant seeking to intervene as plaintiff to expressly adopt the original complaint rather than attach a new pleading); *Payne v. Weirton Steel Co.*, 397 F. Supp. 192, 197 (N.D.W.V. 1975) (same); *Alexander v. Hall*, 64 F.R.D. 152, 156 (D.S.C. 1974) (statement that "we would adopt the plaintiffs' Complaint" was "sufficient to satisfy the requirement of Rule 24(c)").

14. For the foregoing reasons, it is respectfully requested that the Court permit Reed Romine to intervene as a named plaintiff and proposed class representative in this action.

Dated: February 15, 2018                     Respectfully submitted,

/s/ Nicholas G. Farha
Nicholas G. Farha, OBA #21170
**FARHA LAW, PLLC**
1900 NW Expressway, Suite 501
Oklahoma City, Oklahoma 73118
Telephone: (405) 471-2224
Facsimile:  (405) 810-9901
Email: nick@farhalawfirm.com

*Liaison Counsel for Plaintiffs*

**THE ROSEN LAW FIRM, P.A.**
Jonathan Horne (Admitted *Pro Hac Vice*)
Phillip Kim (Admitted *Pro Hac Vice*)
Laurence M. Rosen (Admitted *Pro Hac Vice*)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jhorne@rosenlegal.com
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs*

**WOHL & FRUCHTER, LLP**
J. Elazar Fruchter
570 Lexington Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 758-4000
Facsimile: (212) 758-4004
Email: jfruchter@wohlfruchter.com

*Additional Plaintiffs' Counsel*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 15th day of February 2018, I electronically transmitted the foregoing **MOTION TO INTERVENE** to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the appropriate ECF registrants.

                  /s/ Nicholas G. Farha
                  Nicholas G. Farha