UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE & VIRGINIA LANIER TRUST, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>SANDRIDGE MISSISSIPPIAN TRUST I, et al.,<br><br>    Defendants. | Case No. CIV-15-0634-SLP |

### REPLY MEMORANDUM IN FURTHER SUPPORT OF
### REED ROMINE'S MOTION TO INTERVENE

Reed Romine respectfully submits this reply memorandum in further support of his motion to intervene as a named plaintiff and additional proposed class representative in this putative class action.

Defendants misapprehend Romine's motion on several levels. First, Romine is moving to intervene as a named plaintiff and proposed class representative, not as a lead plaintiff. Second, Defendants misconstrue the applicable standard for permissive intervention under Rule 24(b), which does not require that inadequate representation exists or that it be cured by the intervention. Third, the motion is timely and Defendants would suffer no undue prejudice because Romine has retained Lead Counsel in this action, who have already provided Defendants with all relevant discovery materials pertaining to Romine. Romine's intervention would engender no additional delay because Romine has retained Lead Counsel, responded to document requests, and produced

relevant documents, putting him on equal footing with any other named plaintiff or proposed class representative at this stage in the litigation.

## I. Intervention Would Benefit the Class

Romine's intervention in this action would benefit the class in helping to ensure the adequacy and typicality of the proposed class representatives. Two of the threshold requirements of Rule 23(a) are the adequacy and typicality of class representatives. Fed. R. Civ. P. 23(a)(3) (requiring that "the claims or defenses of the representative parties are typical of the claims or defenses of the class") and 23(a)(4) (requiring that "the representative parties will fairly and adequately protect the interests of the class"). This is often a hotly contested area of the class certification process. Plaintiffs have moved for class certification and respectfully submit that the proposed class representatives, including Romine, do indeed meet Rule 23(a)'s typicality and adequacy requirement, but Plaintiffs anticipate that Defendants will attempt to challenge class certification on that basis.

Romine's intervention is an effort to address any potential concerns concerning the adequacy or typicality of any other class representative movant. Thus, if Defendants are willing to concede the adequacy and typicality of all of the other putative class representatives, then Romine is willing to withdraw his motion to intervene. As Defendants have not made this concession, Romine is intervening now, rather than waiting for Defendants to assert specific inadequacies to present this Court with the best

possible set of class representatives, instead of risking the denial of class certification and additional subsequent motion practice that would ensue.[1]

Defendants' cases on this issue involve entirely different factual circumstances and do not apply to this case. In none of Defendants' cases were the proposed intervenors represented by Lead or Class Counsel. Rather, they sought by their motion to dislodge or supplement the class's legal representation over the objections of existing lead and class plaintiffs. *See Lowery v. City of Albuquerque*, CIV 09-0457 JB/WDS, 2012 WL 1378528, at *10 (D.N.M. Apr. 11, 2012) (noting that existing class counsel correctly observed that the proposed intervenors were not class members); *Arney v. Finney*, 967 F.2d 418, 421–22 (10th Cir. 1992) (noting that proposed intervenor sought to "terminate[]" class counsel); *Aks v. Southgate Tr. Co.*, CIV. A. No. 92-2193-JWL, 1992 WL 401708, at *8 (D. Kan. Dec. 24, 1992) (denying motion to substitute of separately-represented proposed intervenor creditors' committee because it was adverse to the class).

Thus, the courts that Defendants cite were not concluding that there was no reason to add an additional representative. Instead, they concluded that there was no reason to replace existing lead plaintiffs and class counsel, or to add additional class counsel and lead plaintiffs with an adversarial relationship to existing class counsel and lead plaintiffs, significantly complicating the litigation.

---

[1] Plaintiffs do not concede that any of the class representatives are, in fact, inadequate. However, Romine's intervention is prompted by the death of Lead Plaintiff Lawrence Ross. Plaintiffs recognize that Deborah Rath, who has moved to substitute Mr. Ross, has no knowledge of the reasons motivating Ross's decisions to invest in Trust I, which Defendants may argue plays into typicality or adequacy considerations.

## II. The Court May Grant Permissive Intervention Regardless of Whether Romine's Interests are Adequately Represented

While intervention as of right requires that the movant's interest is not adequately represented by existing parties, permissive intervention does not have such a requirement. *Compare* Fed. R. Civ. P. 24(a) *with* 24(b); *Evergreen Drilling, LLC v. Steve Sharp Transp., Inc.*, No. 12–CV–040–J, 2012 WL 13020158, at *3 (D. Wyo. Oct. 2, 2012) ("Whether the applicant's interests are not adequately represented by existing parties, is a requirement of intervention by right, but is not a requirement for permissive intervention"). The Court has discretion to refrain from considering whether the existing parties adequately protect a prospective intervenor's interest. *Kane County, Utah v. U.S.*, 597 F.3d 1129, 1136 (10th Cir. 2010).

Courts within the Tenth Circuit have found that permissive intervention is not precluded merely on the grounds that the movant's interest may be adequately represented by existing parties. *Bohne v. Closing of Tulsa, L.L.C.*, No. 05-CV-0197-TCK-SAJ, 2006 WL 965382, at *3 (N.D. Okla. Apr. 12, 2006) (permitting class members to intervene); *see also DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 943 (10th Cir. 2005) (citing 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1799, at 246 (3d ed. 2005) ("If the court determines that the absent class members are adequately represented, intervention as of right under Rule 24(a) should be unavailable. Intervention in this situation should be a matter that is left to the court's discretion under the standards for permissive intervention in Rule 24(b)(2).")).

4

Defendants' cases on this issue are also inapposite, as they do not involve intervenors represented by Lead or Class Counsel. Most of Defendants' cases do not involve class actions, where the plaintiffs must demonstrate their typicality and adequacy, and in the few that do the proposed intervenors were seeking to disrupt the class's representation. A showing that the intervenors' interests are not adequately represented may be appropriate in those circumstances, but that is not the case here, where Romine is also represented by Lead (and proposed Class) Counsel. *See Lane v. Page*, 250 F.R.D. 634, 641 (D.N.M. 2007) (denying untimely motion opposing appointment of proposed lead plaintiff); *see Bumgarner v. Ute Indian Tribe of Uintah and Ouray Reservation*, 417 F.2d 1305, 1308-09 (10th Cir. 1969) (not a class action, and the proposed intervenor baselessly asserted collusion between the plaintiffs and defendants); *Tri-State Generation and Transmission Ass'n, v. N.M. Pub. Reg. Comm'n.*, 787 F.3d 1068, 1075 (10th Cir. 2015) (not a class action); *City of Stilwell, Okla. v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996) (not a class action);[2] *Am. Ass'n of People With Disabilities v. Herrera*, 257 F.R.D. 236, 248–49 (D.N.M. 2008) (not a class action, and the proposed intervenor sought to inject additional issues); *Tudor Ins. Co. v. 1st Nat'l Title Ins. Agency, LLC*, 281 F.R.D. 513, 519 (D. Utah 2012) (not a class action); *Marie v. Moser*, 14-CV-02518-DDC/TJJ, 2014 WL 5800151, at *4 (D. Kan. Nov. 7, 2014) (not a class action; denying Westboro Baptist Church's motion to intervene as defendant to

---

[2] The quote from *Ozarks* in Defendants' Brief is from the Rule 24(a) standard, which does not apply here, as opposed to Rule 24(b). Def. Br. at 7.

defend the constitutionality of a state provision over the objections of the State of Kansas).

The Court should grant Romine's motion to intervene as named plaintiff and proposed class representative because Rule 24(b) does not require inadequate representation and the concerns implicated in Defendants' cases are not present here.

### III. Romine's Timely Intervention Would Cause No Undue Prejudice or Delay

Defendants will suffer no undue prejudice by Romine's intervention. Despite their claims that Romine's contention that "they will be provided all applicable discovery and materials relevant to Plaintiffs' class certification motion" are "not credible," Def. Br. at 8, that is precisely what Romine has done.[3] Romine has already responded to each of the Defendants' discovery requests and has produced to Defendants all discovery materials relevant to Plaintiffs' class certification motion, including documents supporting Romine's candidacy as a proposed class representative under Fed. R. Civ. P. 23. Similarly, Defendants claim that "it will undoubtedly be some time before the full scope of discoverable information and documents relating to Romine will be disclosed," Def. Br. at 9, but Defendants have only themselves to blame, having failed to schedule a meet and confer over Romine's and the other Plaintiffs' valid objections for more than a month.

Defendants will have the opportunity to oppose class certification. Romine is situated no differently than any other proposed class representative. Defendants'

---

[3] Plaintiffs' production, which included Mr. Romine's documents, was made to Defendants a few hours after Defendants' filed their opposition to this motion.

discovery responsibilities will not be appreciably altered in any way by Romine's intervention save for one additional deposition and a handful of additional documents to review. Due to the nature of securities class actions, the additional documents Defendants may have to review with respect to Romine, as a proposed class representative, are relatively minimal.[4]

For similar reasons, Romine's motion is timely because intervention will cause Defendants no undue prejudice and will cause no undue delay in this litigation. Romine's intervention at this point in the litigation will have no different effect on the case than had Romine intervened at any point following the appointment of Lead Plaintiffs. Romine's production of documents places Defendants in precisely the same position as they stand with respect to the other Plaintiffs in this action regarding discovery and class certification.

## IV. Romine Meets the PSLRA Requirements to Serve as Class Representative

Romine meets the PSLRA's requirements to serve as a class representative. As is plainly stated in the first sentence of Romine's motion to intervene, Romine is not moving to intervene as lead plaintiff, as Defendants seem to think, but only "as a named plaintiff and additional proposed class representative." Dkt. No. 166. Romine's PSLRA certification, which he has already produced to Defendants in response to Defendants' discovery requests, is attached to the Declaration of Joshua Baker submitted herewith.

---

[4] The same would be true even if Romine were to produce all documents responsive to Defendants' discovery requests, to which Plaintiffs and Romine have lodged valid objections.

"Rule 23 gives the Court the power to designate class representatives who are not lead plaintiffs." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 312 F.R.D. 332, 345–46 (S.D.N.Y. 2015) (designating as additional class representatives intervening class members who had not attached PSLRA certifications to the complaint); *see also In re Oxford Health Plans, Inc.*, 191 F.R.D. 369, 380–81 (S.D.N.Y. 2000) (finding "[t]he Court believes on reflection that it probably has the power to designate a Class Representative under Rule 23 who is not a Lead Plaintiff, simply because there is nothing in the statute which prevents it."). This is something courts do all the time. *See e.g., In re Silver Wheaton Corp. Sec. Litig.*, No. 2:15-CV-05146-CAS-JEMX, 2017 WL 2039171, at *1 (C.D. Cal. May 11, 2017) (approving appointment as class representatives of named plaintiffs who had not been appointed as lead plaintiffs); *In re Glob. Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 205 (S.D.N.Y. 2003) ("Lead Plaintiffs have a responsibility to identify and include named plaintiffs who have standing to represent the various potential subclasses of plaintiff who may be determined, at the class certification stage, to have distinct interests or claims.").

### V. Conclusion

For the foregoing reasons, the Court should permit Reed Romine to intervene as a named plaintiff and proposed class representative in this action.

Dated: March 15, 2018                                  Respectfully submitted,

/s/ Nicholas G. Farha
Nicholas G. Farha, OBA #21170
**FARHA LAW, PLLC**
1900 NW Expressway, Suite 501
Oklahoma City, Oklahoma 73118

8

Telephone: (405) 471-2224
Facsimile: (405) 810-9901
Email: nick@farhalawfirm.com

*Liaison Counsel for Plaintiffs*

**THE ROSEN LAW FIRM, P.A.**
Jonathan Horne (Admitted *Pro Hac Vice*)
Phillip Kim (Admitted *Pro Hac Vice*)
Laurence M. Rosen (Admitted *Pro Hac Vice*)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jhorne@rosenlegal.com
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs*

**WOHL & FRUCHTER, LLP**
J. Elazar Fruchter
570 Lexington Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 758-4000
Facsimile: (212) 758-4004
Email: jfruchter@wohlfruchter.com

*Additional Plaintiffs' Counsel*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of March 2018, I electronically transmitted the foregoing **MOTION TO INTERVENE** to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the appropriate ECF registrants.

/s/ Nicholas G. Farha
Nicholas G. Farha