## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| IVAN NIBUR, LAWRENCE ROSS, JASE LUNA, MATTHEW WILLENBUCHER, and the DUANE & VIRGINIA LANIER TRUST, Individually and On Behalf of All Others Similarly Situated, | **Civil Action No. 15-cv-00634-SLP**<br><br>**CLASS ACTION**<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| Plaintiffs, |  |
| v. |  |
| SANDRIDGE MISSISSIPPIAN TRUST I, SANDRIDGE MISSISSIPPIAN TRUST II, TOM L. WARD, JAMES D. BENNETT, MATTHEW K. GRUBB, RANDALL D. COOLEY, JIM J. BREWER, EVERETT R. DOBSON, WILLIAM A. GILLILAND, DANIEL W. JORDAN, ROY T. OLIVER, JR., JEFFREY S. SEROTA, D. DWIGHT SCOTT, RAYMOND JAMES & ASSOCIATES, INC., MORGAN STANLEY & CO. LLC (F/K/A MORGAN STANLEY & CO INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS INC., and RBC CAPITAL MARKETS, LLC, |  |
| Defendants. |  |
| SANDRIDGE ENERGY, INC., |  |
| Nominal Defendant. |  |

WHEREAS, Lead Plaintiffs Ivan Nibur, Jase Luna, Matthew Willenbucher, and the Duane & Virginia Lanier Trust, (collectively, "Plaintiffs") and defendants SandRidge Mississippian Trust I, James D. Bennett, Matthew K. Grubb, and Tom L. Ward, and nominal defendant SandRidge Energy, Inc. (collectively, "Defendants," and together with Plaintiffs, the "Parties"), by and through their undersigned counsel, have stipulated and agreed, subject to the approval of the Court, that the protective order set forth below (the "Stipulated Protective Order" or "Order") shall govern the production and use of documents and information provided during the course of discovery in the above-captioned action (the "Action").

THEREFORE, IT IS HEREBY ORDERED BY THE COURT, that any person subject to this Order, including without limitation, the individuals and entities described herein, shall adhere to the following terms, procedures, and conditions:

1.   **<u>PURPOSES AND LIMITATIONS</u>**

Disclosure and Discovery Material in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle this Action may be warranted. The

1

Parties agree that documents or information produced or exchanged in the course of this Action shall only be used in conformity with the terms of this Order, and shall not be used for any other purpose not directly related to this Action. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles.

This Protective Order confers no right whatsoever to file any documents under seal. Any party wishing to file documents under seal must follow all applicable procedures and standards as set forth in Section 11, including Section III-A of this Court's Electronic Filing Policies and Procedures Manual, as applicable. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

## 2.   **DEFINITIONS**

2.1   <u>Challenging Party</u>: a Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: any document or information supplied in any form, or any portion thereof, that the Producing Party

reasonably believes not to be in the public domain and contains (or is derived from) any trade secret or other proprietary, confidential, strategic, research, development, commercially sensitive information, or personal confidential information. "Confidential Information" shall include but is not limited to, for example, the following documents and tangible things produced or otherwise exchanged: financial records and/or related documents; sensitive communications pertaining to revenue and profits; documents and communications containing information or data relating to future products and/or services not yet commercially released; documents and communications containing sensitive information or data relating to business, marketing, and/or product strategy; documents and communications containing sensitive information or data relating to commercial or settlement agreements; documents and communications relating to market and/or competitive analyses; non-public documents and communications related to any governmental or regulatory inquiry; and third-party confidential information. Personal confidential information includes identifying information of the type described in Federal Rule of Civil Procedure 5.2, or other personally or competitively sensitive, non-public information.

     2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

     2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or

items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, transcripts, responses to requests for written information, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7    <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    <u>House Counsel</u>: attorneys or paralegals, and other legal department personnel who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

4

2.10   <u>Outside Counsel of Record</u>: attorneys, paralegals, and their litigation support personnel who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, and Outside Counsel of Record (and their support staffs).

2.12   <u>Privileged Material</u>: all items or information subject to the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, protection, or doctrine under applicable U.S. or foreign law, regulation, or statute.

2.13   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5

2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.**   **<u>SCOPE</u>**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material, including court papers and pleadings that incorporate information from Protected Material and that have been filed under seal; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, (1) the protections conferred by this Stipulated Protective Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise, and (2) this Stipulated Protective Order in no way prohibits a Receiving Party from making use in any manner of information known to the Receiving Party prior to disclosure through Protected Material, or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and without violating an obligation of confidentiality to the Designating Party.

6

Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.  **DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the entry of final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The recipient of any Protected Material hereby agrees to subject itself/himself/herself to the jurisdiction of this Court for the purpose of any proceedings related to the performance under, compliance with, or violations of this Order.

## 5.  **DESIGNATING PROTECTED MATERIAL**

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent that it is reasonably practical to do so, the Designating Party must designate for protection only those parts of materials or communications that qualify for protection.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing or revising the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    <u>For information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at the time of production the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material and additionally fully complies with the Parties' separate Protocol for Production of Electronically Stored Information and Paper Documents (the "ESI Protocol"). A Party may also designate documents produced by another party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by designating the document as such in writing to the other Parties subsequent to the production of that document,

8

provided that the Designating Party reproduces any such document with the appropriate legend;

(b)     For interrogatory answers and responses to requests for admissions, that the Designating Party state in the answers or responses that the answers or responses or specific parts thereof are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". The appropriate legend shall also be placed at the top of each page of interrogatory answers or responses to requests for admission containing the designated Protected Material.

(c)     For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, or within thirty (30) days after receipt of the final transcript, all protected testimony and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days of the receipt of the transcript of the deposition, hearing, or other proceeding shall be covered by the provisions of this Stipulated Protective Order.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted

9

by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety (including exhibits) unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(d)   For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

(e)   A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or

10

portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

5.3   <u>Inadvertent Failures to Designate</u>. Inadvertent or unintentional production of documents or things containing Protected Material that are not designated as one of the two categories of Protected Material at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the Producing Party shall upon discovery promptly notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the newly designated material, and all material generated from the newly designated material, is treated in accordance with the provisions of this Order.

## 6.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1   <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time.

6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each

challenge in good faith, including through voice-to-voice dialogue if written communications do not resolve the challenge, within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may seek relief from the Court only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may move the Court for an order withdrawing the confidentiality designation in accordance with all applicable rules within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in Section 6.2. Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive any objection to the confidentiality designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge or the challenge is resolved without involvement of the Court. When the challenge is resolved, the Designating Party shall promptly notify all parties if there is a change in designation.

## 7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action or the action styled *In re SandRidge Energy, Inc. Sec. Litig.*, 12-CV-1341-W (W.D. Okla.) (the "*SandRidge Energy* Action") (subject to entry of a protective order in the *SandRidge Energy* Action that provides appropriate safeguards that Protected Materials may be disclosed by parties in that case only to the categories of persons and under conditions substantially similar to those described in this Order), including any proceeding brought to enforce or oppose discovery requests in connection with this Action or the *SandRidge Energy* Action, and not for any other purpose,

13

including but not limited to use in other litigations. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Any copies, reproductions, excerpts, summaries, compilations, notes, memoranda, analyses, reports, briefs or discovery response that paraphrase, extract, or contain Protected Material and any electronic image or database containing Protected Material shall be subject to the terms of this Order to the same extent as the material or information from which such summary, compilations, notes, copy, memoranda, analysis, electronic image, reports, briefs, discovery response or database is derived. Any person found to have made an impermissible use of any Protected Material produced in this Action may be subject to, without limitation, appropriate civil penalties, including for contempt of court.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record, as well as

14

employees of said Outside Counsel of Record;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     any other Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this Action;

(d)     any person retained by the Receiving Party in this Action, including Experts and their employees, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     any insurer or indemnitor of any defendant in this Action who has signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(f)     the Court and its personnel;

(g)     any mediator mutually-agreed upon by the Parties, or appointed by the Court;

(h)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(i)     during their depositions in the Action, witnesses to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and

15

Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court or the procedures set out in 7.4 below have been complied with. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j)      a person whom counsel has a reasonable, good faith basis to believe authored, prepared, or, lawfully and without violating an obligation of confidentiality, received the information or document prior to its production in this Action;

(k)      such other persons as may be designated by prior written agreement of Outside Counsel of Record on behalf of the Designating Party and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or pursuant to Court order after a regularly-noticed motion upon a showing of good cause to permit such disclosure.

7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this Action;

(b)    any other Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this Action;

(c)    any person retained by the Receiving Party in connection with this Action, including Experts (as defined herein) and their employees, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    any mediator mutually-agreed upon by the Parties, or appointed by the Court;

(f)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action;

(g)    such other persons as may be designated by prior written agreement of Outside Counsel of Record on behalf of the Designating Party and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or pursuant to Court order after a regularly-noticed motion upon a showing of good

17

cause to permit such disclosure; and

(h)    during their depositions in the Action, witnesses to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court or the procedures set out in 7.4 below have been complied with. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    a person whom counsel has a reasonable, good faith basis to believe authored, prepared, or, lawfully and without violating an obligation of confidentiality, received the information or document prior to its production in this Action.

7.4    <u>Refusal of a Deponent to Sign Exhibit A</u>.  A Party seeking deposition testimony from a deponent other than a Party, a current employee of a Party, or an Expert, regarding Protected Material designated by anyone other than the Party seeking the deposition or the deponent, shall provide notice to all parties no less than thirty (30) days prior to the date of such deposition. If the deponent has not signed Exhibit A within a week after notice of the deposition being provided to the Producing Party, the Producing Party may promptly file motion(s) for an appropriate

18

protective order protecting the confidentiality of Protected Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7.5     <u>Retention of Executed Exhibits A</u>. Counsel who wishes to show "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items to any of the persons permitted to view such information under Paragraphs 7.2 and 7.3 and who are required to sign Exhibit A, shall first inform such person(s) that the material is subject to a confidentiality order and shall provide such person(s) with a copy of this Order. Before being provided with any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", any person who receives this Order shall execute an Acknowledgment in the form attached as Exhibit A hereto and agree to be bound by this Order and to be subject to the jurisdiction of this Court for any proceedings related to the enforcement of this Order. Counsel for the party who provides "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any person in the categories listed in Paragraphs 7.2 and 7.3 who are required to sign Exhibit A, other than those deponents to whom paragraph 7.4 applies, shall retain all signed certificates obtained from such person pursuant to this Paragraph. Executed Exhibits A shall not be discoverable except as

19

required to enforce this Order or as otherwise allowed under the Federal Rules of Civil Procedure and case law interpreting those rules.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation, or some other form of compulsory process that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party and in no event more than three (3) business days after receiving the subpoena, order, or other form of compulsory process. Such notification shall include a copy of the subpoena, court order, or other form of compulsory process;

(b) promptly notify in writing the party who caused the subpoena, order, or other compulsory process to issue that some or all of the material covered by the subpoena, order, or other compulsory process is subject to this Order. Such notification shall include a copy of this Order; and

(c) to the extent permitted by law, withhold production until any dispute relating to the production of such material is resolved.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, order, or other compulsory process shall not produce any

information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court or other authority from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission. The Designating Party shall bear the burden and expense of seeking protection from that court or other authority of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court or other authority.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately, but not later than three (3) business days after learning of such disclosure, (a) notify the Designating Party, in writing, of the unauthorized disclosures, (b) use its reasonable, best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.     INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

21

10.1   The inadvertent production or disclosure of Privileged Material shall not constitute a waiver of, or a prejudice to, any claim – in this or any other proceeding – that such or related material is privileged or otherwise protected. This Order does not modify the substantive requirements of Federal Rule of Evidence 502(b).

10.2   A producing party must notify the party receiving the Privileged Material, in writing, that it has disclosed that Privileged Material without intending a waiver by the disclosure. Upon receipt of notification, a receiving party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such Privileged Material. If a receiving party objects to the producing party's claim of privilege, including on the grounds that the producing party has not satisfied the requirements of Federal Rule of Evidence 502(b), then the receiving party may segregate the Privileged Material instead of destroying or returning such Privileged Material.

10.3   Within 7 days from receiving notification of disclosure of Privileged Material, a receiving party shall either (i) confirm that it has destroyed or returned all copies of such Privileged Material, or (ii) inform the producing party that it objects to the producing party's claim of privilege.  If the receiving party objects to the producing party's claim of privilege, it must nevertheless confirm that it has segregated all copies of such Privileged Material and will cease further review,

22

dissemination, and use of the Privileged Material pending resolution of the privilege dispute. The Parties will then meet and confer in an effort to resolve the privilege dispute, and will seek judicial resolution if necessary.  The Privileged Material in question shall be treated as privileged until the privilege dispute is resolved.

11.    **<u>FILING PROTECTED MATERIAL</u>**

This Order shall extend Leave of Court to any party seeking to use any document or information that has been designated "Confidential" as an exhibit to any pleading, brief or other court filing to electronically file said exhibit that contains "Confidential" information under seal. Any such exhibit which is electronically filed under seal shall be electronically filed under seal in accordance with the Filing and Viewing Civil Sealed/Ex Parte Documents Submitted Sealed Proposed Orders instructions, effective May 1, 2015, located on the website for the United States District Court for the Western District of Oklahoma. Pursuant to Section III.A. of the United States District Court, Western District of Oklahoma, Electronic Filing Policies and Manual, only those portions of a document that must be filed under seal should be electronically filed under seal. If, however, a party files a brief, pleading or other court filing which contains substantial argument or

information about that information which has been designated "Confidential," that party may either:

(a) Redact all such personal identifier information, "Confidential" information or reference to information which has been designated "Confidential," and file a separate, unredacted, version of the brief, pleading or other court filing in accordance with this Paragraph 6; Section III.A. of the United States District Court, Western District of Oklahoma, Electronic Filing Policies and Procedures Manual; and the Filing and Viewing Civil Sealed/Ex Parte Documents Submitting Sealed Proposed Orders instructions, effective May 1, 2015, located on the website for the United States District Court for the Western District of Oklahoma, or

(b) that party may, by separate motion, seek Leave of Court to file the entire brief, pleading or other court filing under seal.

## 12.  <u>MISCELLANEOUS</u>

12.1 <u>Expert Discovery</u>: Experts shall not be subject to discovery of any draft of their reports in this Action and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this Action are exempt from discovery. In addition, all communications to and from a testifying or consulting Expert, and

all materials generated by a testifying or consulting Expert with respect to that person's work, are exempt from discovery unless actually relied upon by the testifying Expert in forming any opinions in this Action and such information is not already disclosed in the Expert's report. The foregoing does not otherwise restrict discovery by oral deposition of testifying experts or consultants, does not obligate any Party to retain draft reports, shall have no impact on the discoverability or otherwise of pre-suit investigation materials, and is not intended in any way to narrow the protections regarding disclosure of expert materials in Fed. R. Civ. P. 26.

12.2   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.3   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.4   <u>Party's Use of Its Own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Nothing in this Order shall prevent a Party from using its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in any manner it chooses.

12.5   <u>Hearings and Appeals</u>. In the event that a Receiving Party seeks to utilize Protected Material during a pre-trial hearing, such Receiving Party shall use best efforts to provide written notice no less than five (5) calendar days prior to the hearing to the Producing Party and/or the Designating Party. Such notice shall contain the Bates numbers of documents that the Receiving Party seeks to utilize during the hearing.

In the event that any Protected Material is used in any court proceeding in this Action or any appeal in connection with this Action, except for the use of Protected Material during trial which shall be governed by a separate agreement, such Protected Material shall not lose its protected status through such use.

12.6   <u>Trial</u>. Prior to the trial in this matter, the Parties shall confer regarding the submission of a joint proposal to the Court with respect to the treatment of Protected Material at trial.

12.7   This Order shall not prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of materials stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," subject to the requirements of paragraphs 7.2-7.4.

12.8   <u>Non-Parties</u>: The terms of this Order are applicable to information produced by Non-Parties in this Action.

12.9   <u>Effect of Dismissal</u>: In the event that any Party is dismissed from this Action, that Party shall continue to be bound by and have rights under this Order. A Party that is in possession of Protected Materials at the time it is dismissed from this Action shall comply with Paragraph 13 after final disposition of this Action.

12.10 <u>Future Parties</u>:   The terms of this Order shall be binding upon all current and future parties to this Action and their Counsel.  Within ten (10) business days of (a) the entry of appearance by a new party to this Action, (b) the transfer of any action to this Court for coordinated or consolidated proceedings with this Action, or (c) notification of the filing in this District of a complaint that arises out of the same or substantially similar facts alleged in the Consolidated Amended Complaint (Doc. No. 78), Plaintiffs' Lead or Liaison Counsel shall promptly serve a copy of this Protective Order on counsel for any new plaintiff, and counsel for any Defendant shall promptly serve a copy of this Order on counsel for any new defendant.

## 13.   **FINAL DISPOSITION**

Within (60) sixty days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or make reasonable efforts to destroy such material and certify to those efforts, in writing. The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material from (1) disaster recovery or business

continuity backups; (2) data stored in system-generated temporary folders or near-line storage; (3) unstructured departed employee data; and/or (4) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with this Order.  Notwithstanding this provision, Counsel are entitled to retain copies of all pleadings, motion papers (and exhibits thereto), trial, deposition and hearing transcripts (and exhibits thereto), legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED.

Dated: April 6, 2018                    Respectfully submitted,

                                        */s/ Nicholas G. Farha*
                                        Nicholas G. Farha, OBA # 21170
                                        Farha Law, PLLC
                                        6301 Waterford Blvd., Suite 110
                                        Oklahoma City, OK 73102-8273
                                        (405) 471-2224
                                        (405) 810-9901 (Facsimile)
                                        nick@farhalawfirm.com

                                        *Liaison Counsel for Plaintiffs*

                                        THE ROSEN LAW FIRM, P.A.
                                        Laurence M. Rosen, Esq.
                                        Phillip Kim, Esq.
                                        Jonathan Horne, Esq.
                                        275 Madison Avenue, 34th Floor
                                        New York, NY 10016
                                        (212) 868-1060
                                        (212) 202-3827 (Facsimile)

                                        *Lead Counsel for Plaintiffs*

                                        WOHL & FRUCHTER, LLP
                                        J. Elazar Fruchter, Esq.
                                        570 Lexington Avenue, 16th Floor
                                        New York, NY 10022
                                        (212) 758-4000
                                        (212) 758-4004 (Facsimile)

                                        *Additional Plaintiffs' Counsel*

Dated: April 6, 2018                    Respectfully submitted,

                                        */s/ Thomas B. Synder*

29

SNYDER LAW, PLLC
Thomas B. Snyder, Esq., OBA #31428
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
(405) 234-3800

Of Counsel
COVINGTON & BURLING LLP
Mark P. Gimbel (admitted *pro hac vice*)
C. William Phillips (admitted *pro hac vice*)
Swati R. Prakash (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

Joanne Sum-Ping (admitted *pro hac vice*)
One Front Street
San Francisco, CA 94111-5356
(415) 591 7046

*Attorneys for Defendants James D. Bennett
and Matthew K. Grubb*


Dated:  April 6, 2018                    Respectfully submitted,

                                         */s/ J. Christian Word*
                                         CORBYN HAMPTON, PLLC
                                         George S. Corbyn, Jr., OBA #1910
                                         211 North Robinson, Suite 1910
                                         One Leadership Square
                                         Oklahoma City, OK 73102
                                         (405) 239-7055

                                         Of Counsel
                                         LATHAM & WATKINS, LLP
                                         J. Christian Word (admitted *pro hac vice*)
                                         Stephen P. Barry (admitted *pro hac vice*)

30

David L. Johnson (admitted *pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Steven M. Bauer (admitted *pro hac vice*)
Margaret A. Tough (admitted *pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8085

*Attorneys for Defendant Tom L. Ward*

Dated:  April 6, 2018                    Respectfully submitted,

/s/ Kiran A. Phansalkar
CONNER & WINTERS, LLP
Kiran A. Phansalkar, OBA #11470
Mitchell D. Blackburn, OBA #12217
1700 One Leadership Square
211 North Robinson
Oklahoma City, OK 73102
(405) 272-5711

*Attorneys for SandRidge Energy, Inc.*

Dated:  April 6, 2018                    Respectfully submitted,

/s/ Ryan S. Wilson
WILSON LAW FIRM
Ryan S. Wilson, OBA #14340
Post Office Box 891390
Oklahoma City, OK 73189
Phone: 405.246.0092
Fax: 405.246.9652
Email: ryan@RSWilsonlaw.com

31

Of Counsel
BRACEWELL LLP
W. Stephen Benesh (admitted *pro hac vice*)
Patrick A. Caballero (admitted *pro hac vice*)
David B. Springer (admitted *pro hac vice*)
111 Congress Ave., Suite 2100
Austin, Texas 78701
(512) 494-3680

*Attorneys for SandRidge Mississippian Trust I*

PURSUANT TO STIPULATION, IT IS SO ORDERED this 9th day of April, 2018.


_____
**SCOTT L. PALK**
**UNITED STATES DISTRICT JUDGE**

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____[print or type full address], declare under
penalty of perjury that I have read in its entirety and understand the Stipulated Protective
Order that was issued by the United States District Court for the Western District of
Oklahoma on _____ _____, 2018 in the case of *Nibur v. SandRidge Mississippian
Trust I*, No. 15-cv-00634-M (W.D. Okla.). I agree to comply with and to be bound by all
the terms of this Stipulated Protective Order, and I understand and acknowledge that
failure to so comply could expose me to sanctions and punishment in the nature of
contempt. I solemnly promise that I will not disclose in any manner any information or
item that is subject to this Stipulated Protective Order to any person or entity except in
strict compliance with the provisions of this Order and solely for the purposes of this
Action.

I further agree to submit to the jurisdiction of the United States District Court for
the Western District of Oklahoma for the purpose of enforcing the terms of this Stipulated
Protective Order, even if such enforcement proceedings occur after termination of this
Action.

City and State where sworn and signed: _____

Printed name: _____

Date: _____     Signature: _____

33