**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

IVAN NIBUR, LAWRENCE ROSS, JASE LUNA, MATTHEW WILLENBUCHER, and the DUANE & VIRGINIA LANIER TRUST, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

SANDRIDGE MISSISSIPPIAN TRUST I, SANDRIDGE MISSISSIPPIAN TRUST II, TOM L. WARD, JAMES D. BENNETT, MATTHEW K. GRUBB, RANDALL D. COOLEY, JIM J. BREWER, EVERETT R. DOBSON, WILLIAM A. GILLILAND, DANIEL W. JORDAN, ROY T. OLIVER, JR., JEFFREY S. SEROTA, D. DWIGHT SCOTT, RAYMOND JAMES & ASSOCIATES, INC., MORGAN STANLEY & CO. LLC (F/K/A MORGAN STANLEY & CO INC., MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS INC., and RBC CAPITAL MARKETS, LLC,

Defendants.

SANDRIDGE ENERGY, INC.,

Nominal Defendant.

**Civil Action No. 15-cv-00634-SLP**

**CLASS ACTION**

**[PROPOSED] STIPULATION AND ORDER ON PROTOCOL FOR THE PRODUCTION OF HARD COPY DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

WHEREAS, Lead Plaintiffs Ivan Nibur, Lawrence Ross, Jase Luna, Matthew Willenbucher, and the Duane & Virginia Lanier Trust (collectively, "Plaintiffs") and defendants SandRidge Mississippian Trust I, James D. Bennett, Matthew K. Grubb, and Tom L. Ward, and nominal defendant SandRidge Energy, Inc. (collectively, "Defendants," and together with Plaintiffs, the "Parties"), by and through their undersigned counsel, have stipulated and agreed, subject to the approval of the Court, that the stipulated order set forth below shall govern how the Parties manage discovery of hard-copy documents and electronically stored information ("ESI") in the above captioned case (the "Action").

THEREFORE, IT IS HEREBY ORDERED BY THE COURT, that any person subject to this Order, including without limitation, the Parties described herein, shall adhere to the following terms, procedures, and conditions:

## I. PRESERVATION

Each party is responsible for taking reasonable and proportionate steps to preserve relevant and discoverable ESI within its possession, custody or control. Consistent with the Parties' obligations under Rule 26(f), the Parties shall continue to meet and confer regarding the scope of preservation, including custodians, data sources, date ranges, and categories of information that have been or should be preserved in connection with this litigation.

## II.     PRODUCTION OF HARD COPY DOCUMENTS – FORMAT

Hard copy documents shall be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .DAT). Each image shall have a unique file name, which is the Bates/control number of the document. Original document orientation shall be maintained (*i.e.*, portrait to portrait and landscape to landscape), to the extent this is available from a selected vendor during the imaging process. The database load file shall contain the following fields: "BEGNO," "ENDNO," "BEGATTACH," "ENDATTACH," "FAMILY RANGE," "PAGES," "VOLUME," "TEXTLINK," and "CUSTODIAN-ALL." The documents shall be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business. If an original document contains color, and the color is necessary to understand the meaning or content of the document, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting to minimize degradation of the original image.

Multi-page OCR text for each document shall also be provided. The OCR software shall maximize text quality over process speed. Settings such as "auto-skewing" and "auto-rotation" shall be turned on during the OCR process.

## III. PRODUCTION OF ESI

### A. Format

The Parties will produce ESI in single-page, black and white, TIFF Group IV, 300 DPI TIFF images with the exception of spreadsheet type files, database files, source code, audio, and video files, which shall be produced in native format. If an original document contains color, the document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting to minimize degradation of the original image. Parties are under no obligation to enhance an image beyond how it was kept in the usual course of business. TIFFs/JPGs will show any and all text and images which would be visible to the reader using the native software that created the document. For example, TIFFs/JPGs of e-mail messages shall include the BCC line. PowerPoint documents shall be processed with hidden slides and all speaker notes unhidden, and shall be processed to show both the slide and the speaker's notes on the TIFF/JPG image, or on a subsequent separate sheet.

If a document is produced in native, a single-page Bates stamped image slip sheet stating the document has been produced in native format will also be provided. Each native file shall be named according to the Bates number it has been assigned, and shall be linked directly to its corresponding record in the load file using the NATIVELINK field. To the extent that either party believes that specific documents or classes of documents, not

already identified within this protocol, should be produced in native format, the Parties agree to meet and confer in good faith.

**B. De-Duplication**

Each party shall remove exact duplicate documents based on MD5 or SHA-1 hash values, at the family level. Attachments shall not be eliminated as duplicates for purposes of production, unless the parent e-mail and all attachments are also duplicates. An email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical. Removal of near-duplicate documents is not acceptable. De-duplication will be done across the entire collection (global de-duplication) and the CUSTODIAN-ALL field will list each custodian, separated by a semi-colon, who was a source of that document and the FILEPATH and FILEPATH-DUP fields will list each file path, separated by a semi-colon, that was a source of that document. Should the CUSTODIAN-ALL, FILEPATH, or FILEPATH-DUP metadata fields produced become outdated due to rolling productions, an overlay file providing all the custodians and file paths for the affected documents will be produced prior to substantial completion of the document production.

**C. Thread Suppression**

The Parties may also use email thread suppression to reduce duplicative production of email threads by producing the most recent email containing the thread of emails, as well as all attachments within the thread. If an email thread splits into two separate threads, then both threads shall be included in the production. If an email has an attachment and subsequent replies omit that attachment, then the original email with the attachment shall also be included in the production.

**D. Load File**

Except where noted in subsection III.J. below, all ESI is to be produced in electronic format with a file suitable for loading into a compatible litigation support review database. All productions will include both image and metadata load files.

**1. Load File Format for ESI**

**a. Delimited Text File**

A delimited text file in .DAT format containing the fields listed in Part III should be provided. The delimiters for the file can be Concordance defaults, but defined delimiters are acceptable:

- Comma – ASCII character 20 ( )
- Quote – ASCII character 254 (þ)
- Newline – ASCII character 174 (®)

**b. Image Cross-Reference File (Load File)**

The Image cross-reference file (.OPT) is a comma delimited filed consisting of six fields per line. There must be a line in the cross-reference file for every image in the database. The format for the file is as follows:

- ImageID, VolumeLabel, ImageFilePath, DocumentBreak, PageCount
- ImageID: The unique designation used to identify an image. This should be the Bates number of the document.
- VolumeLabel: The name of the volume.
- ImageFilePath: The full path to the image file.
- DocumentBreak: If this field contains the letter "Y," then this is the first page of a document. If this field is blank, then this page is not the first page of a document.
- PageCount: Number of pages in the document.

Sample Data

CNTRL00000001, VOL001,\IMAGES001\CNTRL00000001.TIF, Y,,,1
CNTRL00000002, VOL001,\IMAGES001\CNTRL00000002.TIF, Y,,,2

**E. Metadata**

All ESI will be produced with a delimited database load file, as described in Section III.D., and that contains the metadata fields listed in this section. The Parties are not obligated to manually populate any of the metadata fields if such fields cannot be extracted from a document. The metadata produced shall have the correct encoding to enable preservation of the documents' original language. The metadata fields for production include:

General Metadata Fields

BegBates: First Bates Number Branded on First Image of Document

EndBates: Last Bates Number Branded on Last Image of Document

BegAttach: BegBates of Absolute Parent Document

EndAttach: EndBates of Last Page in Document Family

Attachment List: BegBates values of all attachments delimited by semicolons

Page Count: Page count of document

<u>Metadata from Email</u>

Email Subject

Email Author (From)

Email Recipient (To)

Email CC

Email BCC

Email Received Date: MM/DD/YYYY

Email Received Time: HH:MM:SS

Email Sent Date: MM/DD/YYYY

Email Sent Time: HH:MM:SS

Email Conversation Thread ID

Source: Mail Container name (*.PST, *.NSF, etc.)

<u>Metadata from Electronic Files</u>

File Name

File Author

File Manager: Native File Application (e.g. Microsoft Excel, Word, etc.)

File Date Created: MM/DD/YYYY

File Time Created: HH:MM:SS

File Last Modified Date: MM/DD/YYYY

File Last Modified Time: HH:MM:SS

Data for both Email and Electronic Files

Custodian: Last name, First name

Custodian-All: (semicolon delimited) Last name, First name

File Extension

FilePath: location of original file on disk or in mail container

FilePath-Dup: FilePaths of Deduplicated Files

TextLink: Relative path to Extracted or OCR Text File

NativeLink: Relative path to produced Native File

**F. Text Files**

For each document, a single text file shall be provided along with the image files and metadata. The text file name shall be the same as the Bates/control number of the first page of the document. Electronic text must be extracted directly from the native electronic file unless the document was redacted, an image file, or a physical file. In these instances a text file created using OCR will be produced in lieu of extracted text.

**G. System Files**

Common system and program files need not be processed, reviewed, or produced.

**H. Embedded Objects**

Non-image files embedded within documents, such as spreadsheets within a PowerPoint, will be extracted as separate documents and treated like attachments to the document in which they were embedded. Graphic objects embedded within documents or emails, such as logos, signature blocks, and backgrounds shall not be extracted as separate documents.

**I. Compressed Files Types**

Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) shall be decompressed so that the lowest level document or file is extracted. The container itself shall not be produced.

**J. Structured Data**

To the extent electronic information stored in a database will be produced in response to a discovery request, the Parties will meet and confer regarding methods of production. Parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

**K. Encryption**

To maximize the security of information in transit, any media on which documents are produced may be encrypted. In such cases, the producing party shall transmit the

encryption key or password to the receiving party, under separate cover, contemporaneously with sending the encrypted media.

### L. Redactions

If a file that originates in ESI needs to be redacted before production, then, if practicable, the file will be rendered in TIFF, the TIFF will be redacted and produced, and the producing party will provide searchable text for those portions of the document that have not been redacted. If it is not practicable to render, redact, or produce the file in TIFF format, the parties will meet and confer about an appropriate method of production.

### M. Endorsements

The producing party will brand all TIFF images in the lower right-hand corner with the corresponding Bates/control numbers, using a consistent font type and size. The Bates number must not obscure any part of the underlying data. The producing party will brand all TIFF images in the lower left-hand corner with all confidentiality designations, as needed, in accordance with confidentiality definitions as agreed to by the Parties in their Stipulated Protective Order.

## IV. PRIVILEGE LOG AND TREATMENT OF PRIVILEGED MATERIAL

### A. Privilege Log

The Parties agree to negotiate a reasonable schedule for exchanging privilege logs containing the information called for by Fed. R. Civ. P. 26(b)(5), except as otherwise provided in the subsections to this Section IV.

**1. Documents To Be Excluded From Privilege Log**

The following categories of privileged and otherwise responsive documents and ESI need not be included in a privilege log:

**a.** Correspondence sent exclusively between or among House Counsel and/or Outside Counsel of Record, as those terms are defined in the Parties' Stipulated Protective Order.

**b.** Litigation holds, communications regarding litigation holds or preservation, collection, or review of documents in this Action or any other litigation.

**c.** Communications involving Outside Counsel of Record, as that term is defined in the Parties' Stipulated Protective Order, that post-date the initiation of this Action.

**d.** Communications regarding the action styled *In re SandRidge Energy, Inc. Securities Litigation*, 12-CV-1341-W (W.D. Okla.).

## V. ADDITIONAL TERMS

**A.** The parties recognize that the proportionality standard set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure applies to the discovery of ESI. To further the application of the proportionality standard in discovery, the parties agree that requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

**B.** Notwithstanding this Order, the Parties may separately agree to deviate from the protocols set forth herein as to specific documents or categories of documents provided that such agreement is memorialized in writing.

**C.** The Parties will endeavor to produce documents in a reasonably timely

manner and in accordance with the timelines set forth in the Federal Rules of Civil Procedure. The Parties recognize, however, that strict adherence to those requirements may not be possible in all situations and with all data. Production in the litigation is anticipated to be conducted on a rolling basis with Parties making reasonable efforts to expedite the process. If either party feels production has been unreasonably delayed, the Parties agree to meet and confer to reach a mutually agreeable consensus prior to Court involvement. This Order in no way modifies the substantial completion deadline entered in this case.

**D.** The Parties each reserve the right to seek relief from this Order pursuant to Fed. R. Civ. P. 26(b)(2), or for other good cause shown.

**E.** Nothing in this Order shall waive, or constitute a ruling on, in whole or in part any objection raised by a party in its written responses to discovery requests served in this Action or any other litigation.

**F.** Future Parties: The terms of this Order shall be binding upon all current and future parties to this Action and their Counsel. Within ten (10) business days of (a) the entry of appearance by a new party to this Action, (b) the transfer of any action to this Court for coordinated or consolidated proceedings with this Action, or (c) notification of the filing in this District of a complaint that arises out of the same or substantially similar facts alleged in the Consolidated Amended Complaint (Doc. No. 78), Plaintiffs' Lead or Liaison Counsel shall promptly serve a copy of this Order on counsel for any new plaintiff,

and counsel for any Defendant shall promptly serve a copy of this Order on counsel for any new defendant.

[SIGNATURE PAGES FOLLOW]

IT IS SO STIPULATED.

Dated: May 10, 2018                                  Respectfully submitted,

                                                       *s/ Nicholas G. Farha*
Nicholas G. Farha, OBA # 21170
Farha Law, PLLC
6301 Waterford Blvd., Suite 110
Oklahoma City, OK 73102-8273
(405) 471-2224
(405) 810-9901 (Facsimile)
nick@farhalawfirm.com

*Liaison Counsel for Plaintiffs*

THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen, Esq.
Phillip Kim, Esq.
Jonathan Horne, Esq.
275 Madison Avenue, 34th Floor
New York, NY 10016
(212) 868-1060
(212) 202-3827 (Facsimile)

*Lead Counsel for Plaintiffs*

WOHL & FRUCHTER, LLP
J. Elazar Fruchter, Esq.
570 Lexington Avenue, 16th Floor
New York, NY 10022
(212) 758-4000
(212) 758-4004 (Facsimile)

*Additional Plaintiffs' Counsel*

Dated: May 10, 2018                                  Respectfully submitted,

                                                       *s/ Thomas B. Snyder*
CHRISTENSEN LAW GROUP, P.L.L.C.

Thomas B. Snyder, Esq., OBA #31428
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, OK 73116
(405) 232-2020

Of Counsel
COVINGTON & BURLING LLP
Mark P. Gimbel (admitted *pro hac vice*)
C. William Phillips (admitted *pro hac vice*)
Swati R. Prakash (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

Joanne Sum-Ping (admitted *pro hac vice*)
One Front Street
San Francisco, CA 94111-5356
(415) 591 7046

*Attorneys for Defendants James D. Bennett and Matthew K. Grubb*

Dated: May 10, 2018

Respectfully submitted,

*s/ George S. Corbyn, Jr.*
CORBYN HAMPTON, PLLC
George S. Corbyn, Jr., OBA #1910
211 North Robinson, Suite 1910
One Leadership Square
Oklahoma City, OK 73102
(405) 239-7055

Of Counsel
LATHAM & WATKINS, LLP
J. Christian Word (admitted *pro hac vice*)
Stephen P. Barry (admitted *pro hac vice*)
David L. Johnson (admitted *pro hac vice*)

555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
(202) 637-2200

Steven M. Bauer (admitted *pro hac vice*)
Margaret A. Tough (admitted *pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8085

*Attorneys for Defendant Tom L. Ward*

Dated: May 10, 2018

Respectfully submitted,

*s/ Kiran A. Phansalkar*

CONNER & WINTERS, LLP
Kiran A. Phansalkar, OBA #11470
Mitchell D. Blackburn, OBA #12217
1700 One Leadership Square
211 North Robinson
Oklahoma City, OK 73102
(405) 272-5711

*Attorneys for SandRidge Energy, Inc.*

Dated: May 10, 2018

Respectfully submitted,

*s/ Ryan S. Wilson*

WILSON LAW FIRM
Ryan S. Wilson, OBA #14340
Post Office Box 891390
Oklahoma City, OK 73189
Phone: 405.246.0092
Fax: 405.246.9652
Email: ryan@RSWilsonlaw.com

Of Counsel

BRACEWELL LLP
W. Stephen Benesh (admitted *pro hac vice*)
Patrick A. Caballero (admitted *pro hac vice*)
David B. Springer (admitted *pro hac vice*)
111 Congress Ave., Suite 2100
Austin, Texas 78701
(512) 494-3680

*Attorneys for SandRidge Mississippian Trust I*

PURSUANT TO THIS STIPULATION, IT IS SO ORDERED.

DATED: ____________________

____________________________________
THE HONORABLE SCOTT L. PALK
UNITED STATES DISTRICT JUDGE