**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DUANE & VIRGINIA LANIER TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SANDRIDGE ENERGY INC., et al.,<br><br>Defendants. | Case No. CIV-15-00634-SLP |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFFS' CLASS CERTIFICATION MOTION**

Pursuant to Local Civil Rule 7.1(m), Defendants James D. Bennett, Matthew K. Grubb, Tom L. Ward, SandRidge Mississippian Trust I, and nominal defendant SandRidge Energy, Inc. respectfully submit this notice of supplemental authority in further support of their opposition to Plaintiffs' pending motion for class certification.

When commencing this putative class action, Lead Plaintiff Duane & Virginia Lanier Trust asserted that "[t]he statutes of limitations . . . for each of the claims alleged herein has been tolled as a result of the filing of these claims in a purported class action in this court titled In re SandRidge Energy, Inc. Securities Litigation, case no. No. 5:12-cv-01341-W (the 'SandRidge Energy Action')." Dkt. 1 ¶ 84. Less than one month ago, on June 11, 2018, the Supreme Court of the United States issued its opinion in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018), which held that the tolling rule Plaintiffs relied upon "does not permit the maintenance of a follow-on class action past expiration

1

of the statute of limitations." *Id*. at 1804, 1806.  The Court's ruling establishes a "blanket no-tolling-of-class-claims-ever rule." *Id*. at 1814 (Sotomayor, J., concurring).

As explained in detail in Defendants' motion for judgment on the pleadings filed earlier today (Dkt. 215), the Supreme Court's ruling that tolling does not extend to class claims means that the claims asserted on behalf of class members in this action — all of which were filed past the expiration of the statute of limitations — are time-barred.  The claims should therefore be dismissed, and Plaintiffs' motion for class certification should be denied as moot.

Dated: July 2, 2018

Respectfully Submitted,

CHRISTENSEN LAW GROUP

*/s/ Thomas B. Snyder*

COVINGTON & BURLING LLP
Mark P. Gimbel (admitted *pro hac vice*)
C. William Phillips (admitted *pro hac vice*)
Christopher Y.L. Yeung (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000

Thomas B. Snyder, Esq., OBA #31428
The Parkway Building
3401 N.W 63rd St., Ste. 600
Oklahoma City, OK 73116
(405) 232-2020

*Attorneys for James D. Bennett and Matthew K. Grubb*

LATHAM & WATKINS LLP
J. Christian Word (admitted *pro hac vice*)
christian.word@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

BRACEWELL LLP
W. Stephen Benesh (admitted *pro hac vice*)
Patrick A. Caballero (admitted *pro hac vice*)
David B. Springer (admitted *pro hac vice*)
111 Congress Ave., Suite 2100
Austin, Texas 78701
(512) 494-3680

CORBYN HAMPTON LAW FIRM

*/s/ George S. Corbyn*
George S. Corbyn, Jr., OBA #1910
211 North Robinson, Suite 1910
One Leadership Square
Oklahoma City, OK 73102
(405) 239-7055

*Attorneys for Defendant Tom L. Ward*

WILSON LAW FIRM

*/s/ Ryan S. Wilson*
Ryan S. Wilson
Post Office Box 891390
Oklahoma City, OK 73189
(405)246-0092

*Attorneys for Defendant SandRidge Mississippian Trust I*

CONNER & WINTERS, LLP

*/s/ Kiran A. Phansalkar*
Kiran A. Phansalkar, OBA #11470
kphansalkar@cwlaw.com
Mitchell D. Blackburn, OBA #12217
mblackburn@cwlaw.com
211 North Robinson
Oklahoma City, OK 73102
(405) 272-5711

*Attorneys for SandRidge Energy, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing, which will send notification of such filing to all counsel registered through the ECF System.

*/s/ Thomas B. Snyder*
Thomas B. Snyder