# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DUANE & VIRGINIA LANIER TRUST, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | Case No. CIV-15-634-G |
| SANDRIDGE MISSISSIPPIAN TRUST I et al., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## ORDER

Now before the Court is the unopposed Motion to Substitute Deborah Rath as Lead Plaintiff filed by movant Deborah Rath (Doc. 167). As set forth below, the Motion is granted.

In February 2018, the Court considered a Notice and Suggestion of Death of Lawrence Ross ("Notice") and Motion to Substitute Sonja Rath, Executor of the Estate of Lawrence Ross ("Motion"). Lead Plaintiffs Ivan Nibur, Jase Luna, Matthew Willenbucher and the Duane & Virginia Lanier Trust reported in those documents that Lead Plaintiff Lawrence Ross had "died on or about June 28, 2017 during the pendency of this action," Doc. 162 at 1, and they requested that the Court substitute Sonja Rath as Lead Plaintiff for Ross.

The Court denied the Motion, *see* Doc. 164, after finding the Motion and Notice lacking. It advised Lead Plaintiffs that, if they again sought substitution, they must

(1) demonstrate that any renewed motion as well as the Notice had been served on all nonparties in compliance with Federal Rules of Civil Procedure 4 and 25(a)(3);

(2) provide documents that substantiated Lead Plaintiffs' claim that Sonja Rath had been appointed as the executor of the Estate of Lawrence Ross, deceased; and

(3) show that Lead Counsel, The Rosen Law Firm, P.A., had been authorized to represent Sonja Rath, Executor of the Estate of Lawrence Ross, deceased, in this action. *See* Doc. 164 at 2.

Movant Deborah Rath subsequently requested that she be substituted as Lead Plaintiff for Ross. In support of her motion, Deborah Rath has submitted the Declaration of Jonathan Horne, an attorney at The Rosen Law Firm, P.A., *see* Doc. 168, and certain exhibits, which show

(1) that on December 7, 2017, the Clerk of the Probate Court in Pima County, Arizona, appointed and authorized Sonja Rath to act as Personal Representative of the Estate of Lawrence R. Ross ("Estate") without restriction, *see* Doc. 168-1 at 2;

(2) that on February 14, 2018, Sonja Rath, acting in her capacity as Personal Representative and Executrix of the Estate, executed a Limited Appointment of Agent and Attorney-in-Fact, *see* Doc. 168-2, and appointed Deborah Rath "as the Estate's agent for the limited purpose of prosecuting all claims, demands, and causes of action of any kind whatsoever which the Estate has or may have arising from the Estate's investment(s) in SandRidge Mississippian Trust I and SandRidge Mississippian Trust II[,]" *id*. at 2, and further appointed Deborah Rath "as her true and lawful attorney-in-fact for the limited purpose of exercising all powers relating to such causes of action[,]" *id*.; and

(3) that Deborah Rath has retained Lead Counsel, The Rosen Law Firm, P.A., to prosecute the Estate's claims involving SandRidge Mississippian Trust I and SandRidge Mississippian Trust II, *see* Doc. 168-3, and that Lead Counsel has provided copies of the Notice to nonparties Deborah Rath and Sonja Rath. *See* Doc. 168 at 1, ¶ 3.

Because Lead Plaintiffs have now complied with the Court's instructions and because the relief requested is warranted,[1] the Court

(1) GRANTS the Motion to Substitute Deborah Rath as Lead Plaintiff [Doc. 167] filed on February 15, 2018;

(2) SUBSTITUTES Deborah Rath, as agent of the Estate and attorney-in-fact of Sonja Rath, in her capacity as Personal Representative of the Estate of Lawrence Ross, deceased, for Lawrence Ross as a Lead Plaintiff for the limited purpose of prosecuting the Estate's claims in this action; and

---

[1] Federal Rule of Civil Procedure 17(a), to the extent such rule applies in this instance, requires each action "be prosecuted in the name of the real party in interest." Although generally an "attorney-in-fact" is not authorized to bring suit in his or her own name, *see* 4 *Moore's Federal Practice* § 17.10[4], at 32 (3d ed. 2018)("An attorney-in-fact is not a real party in interest. The attorney is merely an agent of the real party in interest and does not possess interests sufficient to qualify for real party in interest status. Thus, the attorney-in-fact cannot bring suit in its own name.")(footnote omitted), the Court finds the papers submitted by Lead Plaintiffs and Deborah Rath support the conclusion that Deborah Rath, as agent for the Estate and attorney-in-fact for Sonja Rath, in her capacity as the Estate's Personal Representative, is prosecuting this action on the Estate's behalf and that "'[t]he purpose of Rule 17(a)[, which] is to ensure that the judgment will have proper res judicata effect by preventing a party not joined in the complaint from asserting the 'real party interest' status in an identical future suit[,]'" *White Oak Global Advisors, LLC v. Pistol Drilling, LLC*, 2015 WL 11236968 *2 (W.D. Okla. April 15, 2015)(quotation omitted), will be served by Deborah Rath's substitution for Ross.

(3) DIRECTS the Clerk of the Court to amend the docket in this matter to reflect this substitution.

IT IS SO ORDERED this 23rd day of October, 2018.

_Charles B. Goodwin_
CHARLES B. GOODWIN
United States District Judge