# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE & VIRGINIA LANIER TRUST, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-15-634-G ) |
| SANDRIDGE MISSISSIPPIAN TRUST I, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is the Motion to Intervene, filed by Reed Romine ("Romine"). *See* Romine's Mot. (Doc. No. 166). Defendants have responded in opposition, *see* Doc. Nos. 176, 177, 178, and Romine has replied, *see* Doc. Nos. 180, 181.[1]

In this putative class action, Lead Plaintiffs allege claims on behalf of themselves and those individuals and entities that had purchased or otherwise acquired common units of SandRidge Mississippian Trust I ("Trust I"). Romine purchased common units in Trust I and is a member of the putative class as defined in the Consolidated Amended Complaint. Romine moves, pursuant to Federal Rules of Civil Procedure 23(d) and 24(b), to intervene as a named plaintiff and additional proposed class representative in this case.

Rule 24(b) governs permissive intervention and provides, in pertinent part, as follows:

---

[1] Lead Plaintiffs have consented to Romine's Motion. Romine's Mot. at 2.

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1)(B), (b)(3); *see also Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 202 (S.D.N.Y. 1992) ("Intervention of class representatives to ensure adequate class representation is highly desir[]able."). Permissive intervention is a matter within the sound discretion of the district court. *Arney v. Finney*, 967 F.2d 418, 421 (10th Cir. 1992); *see also* Fed. R. Civ. P. 23(d) (prescribing that in a class action the court may "deal with . . . procedural matters").

Upon review of the parties' submissions, the Court finds Romine should be allowed to intervene as a named plaintiff and additional proposed class representative in this case. First, Romine's motion is timely. Although Romine has been aware of this action since its commencement, some three and a half years prior to the filing of his motion, Romine states that the filing of his motion was prompted by the death of Lead Plaintiff Lawrence Ross. The notice regarding the death of Mr. Ross was filed only fourteen days prior to Romine's motion to intervene. *See* Doc. No. 162. The Court also finds Romine's intervention would be beneficial to the class. Romine states he is seeking to intervene in an effort to address any potential concerns regarding the adequacy or typicality of any other class representative movant, particularly any concerns regarding the adequacy of Deborah Rath[2]

---

[2] Ms. Rath has been substituted for Mr. Ross.

as a class representative in light of her lack of knowledge regarding the reasons motivating Mr. Ross' decisions to invest in Trust I. Additionally, it is undisputed there are common questions of law and fact between Romine's claims and this action. Finally, the Court finds that allowing Romine to intervene will not unduly delay or prejudice the adjudication of the original parties' rights. Romine has already responded to each of the Defendants' discovery requests, has produced to Defendants all discovery materials relevant to plaintiffs' class certification motion, and has been deposed. Defendants have also already addressed the adequacy of Romine as a class representative in their responses to plaintiffs' motion for class certification.[3]

Accordingly, the Court GRANTS Romine's Motion to Intervene (Doc. No. 166). Reed Romine is permitted to intervene as a named plaintiff and proposed class representative in this action.

IT IS SO ORDERED this 30th day of September, 2019.

CHARLES B. GOODWIN
United States District Judge

---

[3] Defendants asserted in their briefing that Romine does not meet the statutory qualifications to serve as a class representative under the Private Securities Litigation Reform Act ("PSLRA") because he has not provided the required certification or otherwise disclosed the information required in the certification. Romine has since provided a PSLRA certification, and so this objection is now moot. *See* Doc. No. 181-1.