UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DUANE & VIRGINIA LANIER
TRUST, individually and on behalf of all
others similarly situated,

    Plaintiffs

v.

SANDRIDGE MISSISSIPPIAN
TRUST I, et al.

    Defendants

No. CIV-15-634-G

**DEFENDANT SANDRIDGE ENERGY, INC.'S MOTION TO DISMISS**

    Defendant SandRidge Energy, Inc., ("SandRidge") by and through its counsel of record, respectfully requests the Court dismiss it from this action, as the sole condition on which the Court permitted Plaintiffs to maintain their claims—the existence of insurance proceeds from which they could recover—no longer exists. As shown by the evidence submitted with this motion, all insurance proceeds were depleted as of October 25, 2020. Accordingly, without liability insurance there is no longer any reason or basis to maintain SandRidge as defendant in this matter and the Court should dismiss it entirely from this lawsuit.

**STATEMENTS OF FACT**

1.     SandRidge has been a named party defendant in this action since its initial filing on December 5, 2012. See Complaint, Doc. No. 1, at 1.

2.     On May 16, 2016, SandRidge filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court

1

for the Southern District of Texas. See Notice of Bankruptcy, Doc. No. 72, at 1.

3. The Court subsequently stayed this action in its entirety. See generally Order, Doc. No. 73.

4. Approximately four months later, the bankruptcy court entered a Confirmation Order stating that Plaintiffs would not be barred from seeking discovery from SandRidge in this action or prosecuting this action against SandRidge for the purpose of recovering from available insurance. See Unopposed Motion to Reopen Case, Doc No. 74, at 3; see also **Exhibit 1**, Excerpt from Order Confirming Plan of Reorganization, at ¶ 146.

5. The Court subsequently reopened this case. Order, Doc. No. 76, at 1-2.

6. Plaintiffs filed their Amended Complaint shortly thereafter. The Amended Complaint asserts that "Plaintiffs sue SandRidge as a nominal defendant solely to the extent of available insurance." Amended Complaint, Doc. No. 78, at ¶ 38; see also id. at 1 (identifying SandRidge as a nominal defendant in the case caption).

7. The insurance policies at issue were wasting policies that having been paying the litigation expenses of SandRidge and several other defendants in this action and the companion action. See **Exhibit 2**, Declaration of Salah Gamoudi, at 1.

SandRidge has learned that as of October 25, 2020, all of the funds available under the policies had been exhausted. Id.

2

## ARGUMENTS AND AUTHORITIES

I. **Due to the Lack of Remaining Insurance Funds, SandRidge Should Be Dismissed**

Plaintiffs' claims against SandRidge can no longer be maintained, as the sole basis on which they could continue no longer exists. The Court overseeing SandRidge's bankruptcy proceedings had, as part of confirming SandRidge's Chapter 11 reorganization plan, held that the confirmation of the plan would not "release any Debtor as a nominal defendant, or enjoin [Plaintiffs] from pursuing [this action] against [SandRidge] as a nominal defendant, in each case *solely to the extent necessary to recover on any claims . . . or other Causes of Action against the Debtors from available remaining coverage under any applicable insurance policy*, to the extent applicable." See **Exhibit 1**, Excerpt from Order Confirming Plan of Reorganization, at ¶ 146 (emphasis added). In other words, confirmation of the reorganization plan prohibited Plaintiffs' claims against SandRidge to the extent those claims would be beyond the coverage of any applicable insurance policies. Plaintiffs confirmed their understanding of the bankruptcy court's order in their filing of the Amended Complaint. In that pleading, Plaintiffs identified SandRidge as a nominal defendant and affirmatively stated that their intent was to "sue SandRidge as a nominal defendant solely to the extent of available insurance." See, Amended Complaint, Doc. No. 78, at 1, ¶ 38.

That condition no longer exists. As shown by the declaration of Salah Gamoudi, SandRidge's Chief Financial Officer and Chief Accounting Officer, the "available insurance" has been exhausted. While SandRidge did have insurance policies that may

have provided coverage for any recovery by Plaintiffs, those policies were wasting policies. See **Exhibit 2**, Declaration of Gamoudi, at 1; see also In re Metro. Mortgage & Sec. Co., Inc., 325 B.R. 851, 853 (Bankr. E.D. Wash. 2005) ("The policies are commonly referred to as 'wasting policies' or 'burning candle policies,' meaning that as the litigation continues, the amount available to a successful plaintiff under the policy is being reduced by the costs of defense of the litigation."). Moreover, the policies covered not only the claims against SandRidge but purportedly also the claims against several other defendants. See **Exhibit 2**, Declaration of Gamoudi, at 1. SandRidge has recently learned that all of the funds available under the applicable policies have been exhausted as of October 25, 2020. Id. There is no potential for SandRidge's insurer to pay additional amounts based on those policies. Id. Accordingly, there is no longer any remaining insurance proceeds from which Plaintiffs can recover.

## CONCLUSION

Plaintiffs were permitted to maintain their claims against SandRidge solely to seek recovery from any applicable insurance policy, which is in accordance with the bankruptcy court's order approving SandRidge's plan of reorganization. While there were available proceeds as of the filing of Plaintiff's Amended Complaint, those proceeds were fully exhausted as of October 25, 2020. Because Plaintiffs can no longer recover any insurance proceeds, the Court should dismiss SandRidge as a nominal defendant.

WHEREFORE Defendant SandRidge Energy, Inc. requests the Court dismiss all claims against it with prejudice.

Respectfully submitted,

s/ J. Christopher Davis
J. Christopher Davis, OBA No. 16639
Jason L. Callaway, OBA No. 31958
JOHNSON & JONES, P.C.
Two Warren Place
6120 S. Yale, Suite 500
Tulsa, Oklahoma 74136
Telephone: (918) 584-6644
Facsimile: (888) 789-0940
cdavis@johnson-jones.com
jcallaway@johnson-jones.com

and

Herbert Beigel, *admitted pro hac vice*
5641 N. Chieftain Trail
Tucson, Arizona 85739
Telephone: (520) 825-1995
Facsimile: (520) 844-6215
hbeigel@me.com
**Counsel for Defendant**
**SANDRIDGE ENERGY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2021, a true and correct copy of the foregoing was filed and served via the CM/ECF e-file system and/or U.S Mail upon the following:

Laurence M. Rosen lrosen@rosenlegal.com
Phillip Kim pkim@rosenlegal.com
Darren B. Derryberry dderryberr@derryberrylaw.com
Jonathan Horne jhorne@rosenlegla.com
Joshua E. Baker jbaker@rosenlegal.com
Keith R. Lorenze klorenze@rosenlegal.com
Nicholas G. Farha nick@farhalawfirm.com
Amy H. Bond abond@cov.com
C. Williams Phillips cphillips@cov.com
Christopher Yuk Lun Yeung cyeung@cov.com
Herbert Beigel hbeigel@me.com

Joanne Sum-Ping jsumping@cov.com
Jordan S. Joachim jjoachim@cov.com
Karen A. Phansalker kphansalkar@cwlaw.com
Mark P. Gimbel mgimbel@cov.com
Mitchell D. Blackburn mblackburn@cwlaw.com
Robert A. Nance rnance@riggsabney.com
Swati R. Prakash sprakash@cov.com
Karolyn R. Bilanko Carolyn.bilanko@bracewellaw.com
David B. Springer david.springer@bracewell.com
Patrick A. Caballero Patrick.caballero@bgllp.com
Ryan S. Wilson ryan@rswilsonlaw.com
Williams S. Benesh steve.benesh@bgllp.com
Christopher J. Fawal christopher.fawal@lw.com
Davind L. Johnson david.johnson@lw.com
George S. Corbyn, Jr. gcorbyn@corbynlaw.com
James C. Word Christian.word@lw.com
Joe M. Hampton jhamptom@hbplawok.com
Norman G. Anderson norman.anderson@lw.com
Stephen P. Barry Stephen.barry@lw.com
Steven M. Bauer Steven.gauer@lw.com
Evan Vincent evan.vincent@crowedunlevy.com
Thomas B. Snyder Thomas.Snyder@usdoj.gov
Andrew L. Schwartz aschwartz@rgrdlaw.com
David Rosenfeld drosenfeld@rgrdlaw.com
Evan J. Kaufman ekaufman@rgrdlaw.com
Samuel H. Rudman srudman@rgrdlaw.com
Sean T. Mason smasson@rgrdlaw.com

s/J. Christopher Davis