## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

DUANE & VIRGINIA LANIER TRUST,
individually and on behalf of all others
similarly situated,

               Plaintiffs,

     v.

SANDRIDGE MISSISSIPPIAN TRUST I,
et al.,

              Defendants.

Case No. 5:15-CV-00634-G

## PLAINTIFFS' OPPOSITION TO DEFENDANT SANDRIDGE ENERGY, INC.'S MOTION TO DISMISS

## Table of Contents

I.      INTRODUCTION.............................................................................................................1

II.     FACTUAL BACKGROUND.........................................................................................2

III.    ARGUMENT ...................................................................................................................3

IV.    CONCLUSION ................................................................................................................7

## **Table of Authorities**

**Page(s)**

**Cases**

*Alexander v. Oklahoma*,
   382 F.3d 1206 (10th Cir. 2004) ........................................................... 6

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*,
   861 F.3d 1081 (10th Cir. 2017) ........................................................... 6

*Burnham v. Humphrey Hosp. Reit Tr., Inc.*,
   403 F.3d 709 (10th Cir. 2005) ............................................................. 4

*Fedynich v. Inn Between of Longmont*,
   2018 WL 3868705 (D. Colo. Aug. 15, 2018) ...................................... 4

*Global Client Solutions, LLC v. Fluid Trade, Inc.*,
   2010 WL 2690373 (N.D. Okla. July 1, 2010) ..................................... 3

*In re American Realty Capital Properties, Inc.Litigation*,
   No.1:15-mc-00040-AKH (S.D.N.Y. Dec. 16, 2016) .......................... 5

*Lamb v. Rizzo*,
   391 F.3d 1133 (10th Cir. 2004) ........................................................... 4

*Nakkhumpun v. Taylor*,
   782 F.3d 1142 (10th Cir. 2015) ....................................................... 3, 5

*Nichols v. United States*,
   796 F.2d 361 (10th Cir. 1986) ............................................................. 6

*Price v. Philpot*,
   420 F.3d 1158 (10th Cir. 2005) ........................................................... 4

## I.     INTRODUCTION

Defendant SandRidge Energy Inc. ("SandRidge") seeks to be dismissed as a nominal defendant from this action.  SandRidge, however, asks the Court and Plaintiffs to accept at face-value a bare statement from a declarant not available for a deposition who summarizes documents not presented to the Court.  Though styled a "motion to dismiss," the "facts" declared do not appear in Plaintiffs' complaint or Defendant's answer, are not subject to judicial notice, and are not drawn from documents incorporated by reference into any pleading.  Under black letter law a motion to dismiss cannot be resolved if there is a dispute of material fact, and all parties are entitled to probe any evidence presented to the Court.

This is especially so when a party introduces vague evidence from beyond the pleadings that it should be dismissed as a nominal defendant because "all insurance proceeds were depleted."  Def.'s Motion at 1.[1]  In fact, contrary to what it says in this proceeding, in a January 2021 lawsuit in which it charges Defendant Bennett with fraud, SandRidge alleges that  there remain four insurance policies with coverage for this litigation with coverage of $10 million each for a collective amount of $40 million. Because SandRidge's motion seeks consideration of disputed facts that are beyond the pleadings, SandRidge's motion must be denied.

---

[1] Defendant SandRidge Energy, Inc.'s Motion to Dismiss, ECF No. 536 ("Def.'s Motion").

## II.    FACTUAL BACKGROUND

SandRidge was a named party defendant in the initial complaint filed June 9, 2015. *See* Complaint, ECF No. 1, at 1.  On May 16, 2016, SandRidge filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas.  On September 20, 2016, the bankruptcy court entered a Confirmation Order which stated that Plaintiffs would not be barred from seeking discovery from SandRidge in this action or prosecuting this action against SandRidge in order to recover any available insurance proceeds.  *See* ECF No. 74-2, at ¶146; Def.'s Motion at 2.  On October 21, 2016, Plaintiffs filed an Amended Complaint naming SandRidge as a nominal defendant in this action "to the extent necessary to recover from available remaining coverage under applicable insurance policies."  Amended Complaint, ECF No. 78, at ¶38.  Summary judgment motions were due to be filed in April 2020, *see* ECF Nos. 353, 360, 370, 373. Without participating in a meet and confer with Plaintiffs, SandRidge filed its Motion on January 7, 2021.

On January 20, 2021, SandRidge filed a petition in the District Court of Oklahoma County, CJ-2021-254. Declaration of Jonathan Horne In Opposition to Motion to Dismiss of SandRidge Energy, Inc., ("Horne Dec."), filed herewith, Ex. A. There, SandRidge charges that Bennett wrongfully secured for himself and Defendant Matthew Grubb indemnification from SandRidge in its bankruptcy reorganization. ¶¶42-44. SandRidge charges that its former General Counsel then caused the filing of SEC filings that "fraudulent[ly] conceal[ed] [a] material risk to SandRidge's financial existence." ¶46. In its Petition, SandRidge discloses that it has $40 million in Side A coverage available to it

in connection with this Action. ¶34. SandRidge's prayer for relief seeks the return of costs and fees it alleges were wrongfully paid to Bennett and Grubb. Petition page 12.

## III.   ARGUMENT

SandRidge's claims are inherently fact issues, which are not appropriately resolved on a motion to dismiss.  "[A] fact issue [can]not be resolved in a motion to dismiss under Rule 12(b)(6)."  *Nakkhumpun v. Taylor*, 782 F.3d 1142, 1154 (10th Cir. 2015).  Wholly unsupported by any case law, SandRidge seeks dismissal on grounds that it has exhausted all applicable insurance policies – a fact issue – and that it has no more available policies – another fact issue.[2]  SandRidge relies *entirely* on evidence from outside the pleadings – namely, a one-page declaration from Salah Gamoudi, SandRidge's Chief Financial Officer and Chief Accounting Officer ("Mr. Gamoudi's Declaration"; ECF No. 536-2) – to substantiate its claim that it completely drained all applicable insurance policies.  *Id.* at 4. Mr. Gamoudi is a stranger to the pleadings and, until December 2020, was a stranger to this litigation as well.  Nowhere in the Amended Complaint do Plaintiffs allege any facts related to the insurance available to SandRidge to fund its defense or compensate Plaintiffs, and the availability of insurance proceeds is not "integral" to proving Defendants' liability in this case.  *See Global Client Solutions, LLC v. Fluid Trade, Inc.,* 2010 WL 2690373, at *7 (N.D. Okla. July 1, 2010) (on a motion to dismiss, refusing to consider evidence outside the pleadings that was not integral to the plaintiff's claims).  Plaintiffs did not have Mr.

---

[2]SandRidge cites no legal authorities to support its positions in its Brief.  The sole case cited merely explains how "wasting policies" operate.  *See* Def.'s Motion. at 4.

Gamoudi's Declaration when they drafted their Amended Complaint.  Indeed, they did not know Mr. Gamoudi existed.  Thus, SandRidge cannot use Mr. Gamoudi's Declaration to resolve disputed issues of fact and secure dismissal.

If the Court considers Mr. Gamoudi's Declaration, Plaintiffs are entitled to inquire into the claims therein.  *See, e.g., Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005) (citing *Lamb v. Rizzo*, 391 F.3d 1133, 1136 (10th Cir. 2004); *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 713 (10th Cir. 2005)) ("[A]s a matter of law . . . when a district court relies on material from outside the pleadings, the court converts the motion to dismiss into a motion for summary judgment.  And when such a conversion occurs, the district court 'must provide the parties with notice so that all factual allegations may be met with countervailing evidence.'").

Mr. Gamoudi provides no documentary evidence for his claims.  He submits no legal bills or letters from an insurance company stating that all coverage has depleted.  He does not name any counterparty at the insurance company from whom he learned that SandRidge had no more coverage.

Furthermore, Mr. Gamoudi's Declaration does not explain *which* insurance policies SandRidge has allegedly depleted.  *See* ECF No. 433-2 at 1.  The declaration only states the following: "On October 25, 2020, SandRidge's insurer notified it that all of the funds available under *the policy* have been exhausted, and there were no remaining amounts available for reimbursement of future expenses."  *See* ECF No. 433-2 at ¶9 (emphasis added).  Plaintiffs are entitled to investigate what remaining insurance may actually be available, whether the insurance policies referenced by SandRidge have actually been

exhausted, and if so, whether SandRidge and its counsel's actions were legally proper, avoided waste, and were undertaken in good-faith.  *See Fedynich v. Inn Between of Longmont,* 2018 WL 3868705, at *4 (D. Colo. Aug. 15, 2018) (denying defendant's motion to dismiss on grounds that plaintiff was first entitled to investigate the "fact-specific" issues).

Importantly, in contrast to SandRidge's argument that all insurance has been depleted, SandRidge has alleged that *four* applicable insurance policies have not been depleted remain, each of which has a "limit of liability" of $10 million.  SandRidge has provided no documentation to substantiate that it depleted these insurance policies and Mr. Gamoudi's Declaration indicates that the parties disagree about how many applicable insurance policies, in fact, remain.  Because Plaintiffs dispute the facts forming the basis of SandRidge's motion, Plaintiffs' claims against it may not be dismissed as a matter of law.  *Nakkhumpun*, 782 F.3d at 1154.

The Southern District of New York rejected a nearly identical argument in *In re American Realty Capital Properties, Inc. Litigation* No. 1:15-mc-00040-AKH (S.D.N.Y. Dec. 16, 2016). In *American Realty*, defendant Realty Capital Securities LLC, which had filed for Chapter 11 bankruptcy protection during the litigation, sought dismissal on the grounds that its plan of reorganization prohibited plaintiffs from collecting "any portion of any settlement, judgment or other costs from [its] assets or properties."  *See American Realty*, No. 1:15-mc-00040-AKH, ECF Nos. 332 at 3-4; 333-1 at 83-84. The defendant argued that it was only covered by a policy with a self-insured retention and because that policy required it to pay a deductible before any coverage would be afforded – an action

prohibited by the Chapter 11 reorganization – that it must be dismissed from the case. *American Realty*, No. 1:15-mc-00040-AKH, ECF No. 332 at 3- 4.

The only supporting evidence defendant provided was an affidavit signed by its Vice President and Assistant Secretary attesting to these facts. *American Realty*, No. 1:15-mc-00040-AKH, ECF No. 329. The court denied defendant's motion because it "impermissibly relie[d] on materials outside the pleadings, to wit: an affidavit alleging that defendant is covered by a self-insured retention. . . and is not covered by any other insurance policy relevant to this litigation." Horne Dec. Ex. B, *American Realty* Order at 1. And Mr. Gamoudi's Declaration is far vaguer than the affidavit defendant filed with its motion in *American Realty*. *American Realty*, No. 1:15-mc-00040-AKH, ECF No. 329 at 3 (specifying the insurance policy alleged to be applicable, the defense costs to date, and the specific dollar amount defendant had to allegedly pay to trigger coverage under the policy).

Because SandRidge's motion seeks consideration of disputed facts that are beyond the pleadings, Plaintiffs respectfully request that the Court deny SandRidge's motion. Alternatively, if the Court considers SandRidge's evidence, Rule 12(d) requires that the motion be converted to one for summary judgment and the parties be afforded discovery as to which applicable insurance policies remain and the extent to which Defendant has in good-faith depleted these policies. *See, e.g., Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (citing *Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir. 2004) (quoting *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986))) (on a motion to dismiss, "[w]hen a party presents matters outside of the

pleadings for consideration, as a general rule 'the court must either exclude the material or treat the motion as one for summary judgment.'").

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court either deny SandRidge's motion outright, or convert its motion to a motion for summary judgment to give Plaintiffs an opportunity to conduct full discovery on the issues raised.

Dated: January 28, 2021                    Respectfully submitted,

                                           THE ROSEN LAW FIRM, P.A.

                                           */s/ Jonathan Horne*
                                           Laurence M. Rosen, Esq. (*pro hac vice*)
                                           lrosen@rosenlegal.com
                                           Phillip Kim, Esq. (*pro hac vice*)
                                           pkim@rosenlegal.com
                                           Jonathan Horne, Esq. (*pro hac vice*)
                                           jhorne@rosenlegal.com
                                           275 Madison Avenue, 40th Floor
                                           New York, NY 10016
                                           (212) 868-1060

                                           *Lead Counsel for Plaintiffs*

                                           FARHA LAW, PLLC
                                           Nicholas G. Farha, OBA # 21170
                                           nick@farhalawfirm.com
                                           1900 NW Expressway, Suite 501
                                           Oklahoma City, OK 73118
                                           (405) 471-2224
                                           Email: nick@farhalawfirm.com

                                           *Liaison Counsel for Plaintiffs*

                                           WOHL & FRUCHTER, LLP
                                           J. Elazar Fruchter, Esq.
                                           jfruchter@wohlfruchter.com
                                           570 Lexington Avenue, 16th Floor
                                           New York, NY 10022
                                           (212) 758-4000

                                           *Additional Plaintiffs' Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2021, I electronically transmitted the attached **PLAINTIFFS' OPPOSITION TO DEFENDANT SANDRIDGE ENERGY, INC.'S MOTION TO DISMISS** using the ECF system for filing, which will send notification of such filing to all counsel registered through the ECF System.


*/s/ Jonathan Horne*