UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE & VIRGINIA LANIER TRUST, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs<br><br>v.<br><br>SANDRIDGE MISSISSIPPIAN TRUST I, et al.<br><br>    Defendants | No. CIV-15-634-G |

### DEFENDANT SANDRIDGE ENERGY, INC.'S
### REPLY IN SUPPORT OF ITS MOTION TO DISMISS

    Defendant SandRidge Energy, Inc., ("SandRidge") by and through its counsel of record, offers the following reply in support of its previously-filed Motion to Dismiss (Dkt. No. 433) and in response to Plaintiffs' Opposition to Defendant SandRidge Energy, Inc.'s Motion to Dismiss ("Plaintiffs' Response") (Dkt. No. 434).

    Plaintiffs fundamentally misunderstand the suit that SandRidge has filed against co-defendants James Bennett and Matthew Grubb. As alleged in that suit, Bennett and Grubb entered into indemnification agreements with SandRidge as part of serving as SandRidge's directors and officers, and they may also have been entitled to indemnification under Delaware law and SandRidge's corporate bylaws in certain circumstances. Petition (Dkt. No. 435-1), at 5-7. SandRidge obtained specific directors and officers insurance coverage, which is divided into "A" coverage, "B" coverage, and "C" coverage. Id. at 8. "A" coverage is available only for non-indemnifiable claims, while "B" and "C" coverage are available

only for indemnifiable claims. Id. As a result, "A" coverage is only available to the officers or directors themselves, not to the company. See id. at 9.

Following SandRidge's bankruptcy, which Bennett oversaw, SandRidge's indemnity obligation to co-defendant Tom Ward was released, but any indemnity obligation to Bennett and Grubb was retained. Id. Because Ward's obligation was released, the "A" coverage became exclusive to his defense while the "B" and "C" coverage had to be shared among Bennett, Grubb, and SandRidge. Id. The lawsuit alleges SandRidge's Board of Directors was not informed of the material risk posed by the retention of these indemnity obligations. Id. at 10. Under the circumstances—including the potential to settle this matter and the related claim, Case No. 12-cv-1341-G, within policy limits at the parties' mediation in February 2016—SandRidge believes that Bennett and Grubb have breached the indemnification agreements and have been unjustly enriched and, further, that Bennett breached the implied covenant of good faith and fair dealing. Id. at 10-13.

Plaintiffs contend that SandRidge should not be dismissed from this suit because in its suit against Bennett and Grubb it has pled that some insurance funds remain. Plaintiffs' Response (Dkt. No. 434), at 4, 5-6. While Plaintiffs recite that the remaining coverage is "A" coverage, id. at 5, they ignore the import of that fact: as detailed above, "A" coverage *is not available to SandRidge*. The "A" coverage is available solely to Ward, whose indemnity obligation was released. SandRidge could only make use of the "B" and "C" coverage, which was also being used to pay the defense costs of Bennett and Grubb. Now, as stated in both the Motion to Dismiss, see Dkt. No. 433, at 2, and the separate suit against Bennett and Grubb, see Dkt. No. 435-1, at 5, the "B" and "C" coverage has been exhausted.

Thus, while Plaintiffs are correct that some insurance coverage does remain available to Ward, they are wrong in believing that the existence of that coverage in any way negates SandRidge's argument in the Motion to Dismiss, namely that there is no further insurance coverage available to SandRidge. The allegations in the separate suit in fact make the point that there is no coverage remaining for SandRidge, Bennett, or Grubb. Thus, SandRidge should no longer be a nominal defendant in this action.

Plaintiffs further argue that the availability of insurance proceeds "is not 'integral' to proving Defendants' liability in this case." Plaintiffs' Response (Dkt. No. 434), at 6. While that statement may be true of other defendants, Plaintiffs' recovery against SandRidge depends entirely on the existence of insurance proceeds. As stated in their Amended Complaint, "Plaintiffs sue SandRidge as a nominal defendant solely to the extent of available insurance." Amended Complaint (Dkt. No. 78), at ¶ 38; see also id. at 1 (identifying SandRidge as a nominal defendant in the case caption). While the availability of coverage may not be integral to Plaintiffs' claims against the remaining defendants, it is undoubtedly integral to the claims against SandRidge because Plaintiffs have limited their recovery to the insurance coverage available to SandRidge. As there is no remaining coverage, Plaintiffs cannot recover against SandRidge at all and so SandRidge should be dismissed.

Plaintiffs contend that, because the Motion to Dismiss presents evidence beyond the pleadings, the motion should either be denied or converted to a motion for summary judgment. See Plaintiffs' Response (Dkt. No. 434), at 9. Tenth Circuit precedent permits a court to consider a document outside the pleadings on a motion to dismiss if "the document

is referred to in the complaint and is central to the plaintiff's claim" and the document is "indisputably authentic." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). Here, while Mr. Gamoudi's declaration was not specifically described in the Amended Complaint, that pleading did undoubtedly refer to existing insurance coverage and, as discussed above, the existence of that coverage is a foundational requirement of Plaintiffs' claims against SandRidge. As Plaintiffs do not contest the authenticity of the declaration, SandRidge would argue that all three requirements set out in GFF Corp. are satisfied.

To the extent the Court is inclined to convert the Motion to Dismiss to a motion for summary judgment, which SandRidge opposes as unnecessary, SandRidge contends the Court should require Plaintiffs to abide by the strictures of Rule 56(d). Plaintiffs argue that they should be "afforded discovery as to which applicable insurance policies remain and the extent to which [SandRidge] has in good-faith depleted these policies." Plaintiffs' Response (Dkt. No. 434), at 9. This is, in essence, a request for relief under Rule 56(d), which permits the court to "allow time to obtain affidavits or declarations or to take discovery" prior to ruling on a summary judgment motion. FED. R. CIV. P. 56(d). "To obtain relief under Rule 56(d), the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment." Cerveny v. Aventis, Inc., 855 F.3d 1091, 1110 (10th Cir. 2017); see also Trask v. Franco, 446 F.3d 1036, 1042 (10th Cir. 2006) ("A party seeking to defer a ruling on

summary judgment under Rule 56(f) must file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." (internal citation omitted)). Plaintiffs have not complied with the requirement that they present an affidavit outlining the facts that they would seek. Failure to submit a conforming affidavit is reason to reject a Rule 56(d) request. See Price ex rel. Price v. W. Res., Inc., 232 F.3d 779, 783 (10th Cir. 2000).

At one point, Plaintiffs seem to argue that SandRidge's provision only of Mr. Gamoudi's declaration, without additional documentation or other support, somehow renders the declaration insufficient. See Plaintiffs' Response (Dkt. No. 434), at 7. However, Plaintiffs offer no legal support for this insinuation, and SandRidge is not aware of such. See FED. R. CIV. P. 56(c)(1)(A) (noting that statement of fact, for summary judgment purposes, may be supported by citing to "affidavits or declarations"). Nevertheless, to assuage Plaintiffs' concerns, SandRidge presents e-mail exchanges (both recent and contemporaneous) between Mr. Gamoudi and the Head of Management Liability Claims for AXIS Insurance North America confirming that all funds have been exhausted. See Exhibit 1, Declaration of Callaway, and Exhibit A attached thereto.

Accordingly, Defendant SandRidge Energy, Inc. respectfully requests the Court grant its previously-filed Motion to Dismiss (Dkt. No. 433) and for such other and further relief as the Court deems necessary and just.

Respectfully submitted,

s/ Jason L. Callaway
J. Christopher Davis, OBA No. 16639
Jason L. Callaway, OBA No. 31958
JOHNSON & JONES, P.C.
Two Warren Place
6120 S. Yale, Suite 500
Tulsa, Oklahoma 74136
Telephone: (918) 584-6644
Facsimile: (888) 789-0940
cdavis@johnson-jones.com
jcallaway@johnson-jones.com

and

Herbert Beigel, *admitted pro hac vice*
5641 N. Chieftain Trail
Tucson, Arizona 85739
Telephone: (520) 825-1995
Facsimile: (520) 844-6215
hbeigel@me.com
**Counsel for Defendant
SANDRIDGE ENERGY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2021, a true and correct copy of the foregoing was filed and served via the CM/ECF e-file system and/or U.S Mail upon the following:

Laurence M. Rosen lrosen@rosenlegal.com
Phillip Kim pkim@rosenlegal.com
Darren B. Derryberry dderryberr@derryberrylaw.com
Jonathan Horne jhorne@rosenlegla.com
Joshua E. Baker jbaker@rosenlegal.com
Keith R. Lorenze klorenze@rosenlegal.com
Nicholas G. Farha nick@farhalawfirm.com
Amy H. Bond abond@cov.com
C. Williams Phillips cphillips@cov.com
Christopher Yuk Lun Yeung cyeung@cov.com
Herbert Beigel hbeigel@me.com
Joanne Sum-Ping jsumping@cov.com

Jordan S. Joachim jjoachim@cov.com
Karen A. Phansalker kphansalkar@cwlaw.com
Mark P. Gimbel mgimbel@cov.com
Mitchell D. Blackburn mblackburn@cwlaw.com
Robert A. Nance rnance@riggsabney.com
Swati R. Prakash sprakash@cov.com
Karolyn R. Bilanko Carolyn.bilanko@bracewellaw.com
David B. Springer david.springer@bracewell.com
Patrick A. Caballero Patrick.caballero@bgllp.com
Ryan S. Wilson ryan@rswilsonlaw.com
Williams S. Benesh steve.benesh@bgllp.com
Christopher J. Fawal christopher.fawal@lw.com
Davind L. Johnson david.johnson@lw.com
George S. Corbyn, Jr. gcorbyn@corbynlaw.com
James C. Word Christian.word@lw.com
Joe M. Hampton jhamptom@hbplawok.com
Norman G. Anderson norman.anderson@lw.com
Stephen P. Barry Stephen.barry@lw.com
Steven M. Bauer Steven.gauer@lw.com
Evan Vincent evan.vincent@crowedunlevy.com
Thomas B. Snyder Thomas.Snyder@usdoj.gov
Andrew L. Schwartz aschwartz@rgrdlaw.com
David Rosenfeld drosenfeld@rgrdlaw.com
Evan J. Kaufman ekaufman@rgrdlaw.com
Samuel H. Rudman srudman@rgrdlaw.com
Sean T. Mason smasson@rgrdlaw.com

                                                    s/Jason L. Callaway