UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE & VIRGINIA LANIER TRUST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SANDRIDGE MISSISSIPPIAN TRUST I et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-15-634-G<br>)<br>)<br>)<br>)<br>) |

### ORDER

Now before the Court is Defendant SandRidge Energy Inc.'s Motion to Dismiss (Doc. No. 433). Plaintiffs responded in opposition (Doc. No. 434), and Defendant SandRidge Energy replied (Doc. No. 436). On September 24, 2021, the parties appeared telephonically for hearing on the Motion.

SandRidge Energy moves to be dismissed on the basis that the available funds in the applicable insurance policies—the sole source of funds against which Plaintiffs can recover—have been exhausted.

There is no dispute that the Bankruptcy Court for the Southern District of Texas limited SandRidge Energy's liability in this action to the remaining coverage under applicable insurance policies.[1] Supported by an attached Declaration from its Chief

---

[1] *See* Amended Order Confirming the Amended Joint Chapter 11 Plan of Reorganization of SandRidge Energy Inc. and Its Debtor Affiliates, *In re SandRidge Energy Inc.*, Case No. 16-32488 (Bankr. S.D. Tex. Sept. 20, 2016), Doc. No. 901.

Financial Officer and Chief Accounting Officer, Salah Gamoudi (Doc. No. 433-2), and an excerpted email chain attached to its Reply that purports to show correspondence with AXIS Insurance North America (Doc. No. 436-1), SandRidge Energy now asserts that "the available insurance has been exhausted." Mot. at 3 (internal quotation marks omitted).

SandRidge Energy does not state in its papers the procedural basis in the Federal Rules of Civil Procedure for its motion to dismiss. When questioned at the September 24, 2021 hearing about the rule that would support its motion, SandRidge Energy stated that it is moving pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings. A motion for judgment on the pleadings should not be granted "unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds*. SandRidge Energy's Motion does not challenge the merits of Plaintiffs' claims or seek judgment in its favor as a matter of law. SandRidge Energy instead asks the Court to endorse its factual position, which is contested, that there are no funds available for Plaintiffs to recover if they prevail on the merits and seek to enforce a judgment. This is not a proper basis for a Rule 12(c) motion for judgment on the pleadings.

SandRidge Energy's Motion to Dismiss is therefore DENIED. This Order is without prejudice to SandRidge Energy bringing a dispositive motion on other grounds if it believes there is legal authority and a proper procedural basis to do so.[2]

IT IS SO ORDERED this 29th day of September, 2021.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge

---

[2] SandRidge Energy also stated at the hearing that it has no objection to its Motion being converted to a motion for summary judgment and to Plaintiffs being allowed to file a supplemental response after conducting discovery regarding the availability of insurance funds. The Court declines to order conversion of SandRidge Energy's Motion as it does not follow the requirements of Local Civil Rule 56.1 (W.D. Okla.) for presentation of a motion for summary judgment.