**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DUANE & VIRGINIA LANIER TRUST, Individually and On Behalf of All Others Similarly Situated, | Case No. 5:15-CV-00634-G <br><br> CLASS ACTION |
| Plaintiffs, | |
| v. | |
| SANDRIDGE MISSISSIPPIAN TRUST I, SANDRIDGE MISSISSIPPIAN TRUST II, TOM L. WARD, JAMES D. BENNETT, MATTHEW K. GRUBB, RANDALL D. COOLEY, JIM J. BREWER, EVERETT R. DOBSON, WILLIAM A. GILLILAND, DANIEL W. JORDAN, ROY T. OLIVER, JR., JEFFREY S. SEROTA, D. DWIGHT SCOTT, RAYMOND JAMES & ASSOCIATES, INC., MORGAN STANLEY & CO. LLC (F/K/A MORGAN STANLEY & CO INC.), MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS INC., and RBC CAPITAL MARKETS, LLC, | |
| Defendants. | |
| SANDRIDGE ENERGY, INC., | |
| Nominal Defendant. | |

**[PROPOSED] ORDER GRANTING LEAD PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT**

WHEREAS, Lead Plaintiffs the Duane & Virginia Lanier Trust, Ivan Nibur, Jase Luna, Matthew Willenbucher, Reed Romine and Deborah Rath (collectively, "Plaintiffs"), on behalf of themselves and the proposed Settlement Class, and Defendants Tom L. Ward, Matthew K. Grubb, and James D. Bennett (the "Settling Defendants", and with the Plaintiffs, the "Settling Parties"), have entered into the Stipulation and Agreement of Settlement, dated November 16, 2021 (the "Settlement Stipulation"), which is subject to review under Rule 23(e) of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement between the Settling Parties in the putative class action pending before the Court entitled, *Duane & Virginia Lanier Trust, et al. v. SandRidge Mississippian Trust I, et al.*, Case No. 15-CV-00634-G (W.D. Okla.) (the "Action"); and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2021, that:

1. Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all persons who purchased or otherwise acquired common units of SandRidge Mississippian Trust I ("Trust I"), between April 5, 2011 and November 8,

2

2012, inclusive, and who were damaged thereby, or common units of SandRidge Mississippian Trust II ("Trust II") between April 17, 2012 and November 8, 2012, inclusive, and who were damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) the officers and directors of SandRidge at all relevant times; (iii) the trustee of Trust I and Trust II; (iv) members of the immediate family of Defendants; (v) any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants; (vi) Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and (vii) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set forth in the Notice to be sent to Settlement Class Members pursuant to this Preliminary Approval Order.

3. This Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and their counsel have fairly and adequately represented the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class;

and (f) a class action is superior to other available methods for the fair and efficient settlement of the Action.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives"), and The Rosen Law Firm P.A., previously appointed by the Court as Plaintiffs' Counsel, is hereby appointed as Class Counsel for the Settlement Class ("Class Counsel").

5.     Pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, the Court finds that it will likely be able to (i) approve the Settlement under Rule 23(e)(2) as fair, reasonable and adequate, and (ii) certify the Settlement Class for purposes of the Settlement only, and thus is justified in directing notice of the Settlement to Settlement Class Members who would be bound thereby, and scheduling a Settlement Hearing.

6.     The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing ("Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on _____ 202_ at __:__ ___.m. for the following purposes:

(a)     to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b)     to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to determine finally whether the Judgment as provided under the Settlement Stipulation should be entered, and to determine whether the release by the

Settling Parties of the Released Claims against the Released Persons, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Persons, as also set forth in the Settlement Stipulation;

  (d) to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

  (e) to consider the application of Class Counsel for an award of attorneys' fees with interest and expenses and an award to the Class Representatives;

  (f) to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

  (g) to rule upon such other matters as the Court may deem appropriate.

 7. The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice, and (c) the Proof of Claim and Release Form, all of which are exhibits to the Settlement Stipulation.

 8. Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

9.      For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

10.     Class Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim and Release Form, substantially in the forms annexed to the Settlement Stipulation, to be mailed, by first class mail, postage prepaid, within 14 calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator.

11.     The Escrow Agent may, at any time after entry of this Order and without further approval from Defendants or the Court, disburse at the direction of Class Counsel all reasonable and necessary administration costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement.

12.     Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held units of Trust I and/or Trust II during the Settlement Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within 7 calendar days of receipt of the Notice and Proof of Claim and Release Form, either: (i) request additional copies of the Notice and Proof of Claim and Release Form sufficient to send the Notice and Proof of Claim and Release Form to all beneficial owners for whom they are nominee or custodian, and within 7 calendar days after receipt thereof send copies to such beneficial owners; (ii) request a link to the location of the electronic Notice and Proof of Claim and Release Form, and within 7 calendar days after receipt thereof, email the link to the electronic Notice and Proof of

6

Claim and Release Form to all beneficial owners for whom they are nominee or custodian, and for whom they have valid email addresses; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Notice and Proof of Claim and Release Form to such beneficial owners. Nominees or custodians who elect to send the Notice and Proof of Claim and Release Form to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing or emailing has been made as directed. Additional copies of the Notice and Proof of Claim and Release Form shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, up to a maximum of $0.10 per Notice and Proof of Claim and Release Form plus postage for the current pre-sort rate used by the Claims Administrator, per Notice and Proof of Claim and Release Form actually mailed; $0.05 per link to the location of the Notice and Proof of Claim and Release form emailed to the beneficial owners; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator; and subject to further order of this Court with respect to any dispute concerning such reimbursement.

13.  Class Counsel shall, no later than 105 calendar days after the entry of this Order, serve upon counsel for Settling Defendants and file with the Court proof of the mailing of the Notice and Proof of Claim and Release Form as required by this Order.

14. Class Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice to be posted on the Claims Administrator's website within 14 calendar days after entry of this Order.

15. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on *GlobeNewswire* and in print once in the *Investors' Business Daily* within 14 calendar days after the entry of this Order. Class Counsel shall, no later than 105 calendar days after the entry of this Order, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

16. The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all Persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

17. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

    (a) The Settlement Class Member must complete, execute, and submit a Proof of Claim electronically on the website set up by the Claims Administrator no later

than 11:59 PM 84 calendar days after the entry of this Order. The Settlement Class Member may instead elect to manually mail a completed and executed Proof of Claim and Release to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than _____, 202_ 84 calendar days after the entry of this Order). Such deadline may be further extended by Order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

      (b)    The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form

must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely submitted Proof of Claim and Release Form, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least 10 calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, 10 calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d) As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation, including Unknown Claims (as defined in the Settlement Stipulation). No discovery shall be allowed on the merits of the Action or the Settlement

in connection with processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Settling Defendants be allowed on any topic.

18. All Settlement Class Members who do not submit valid and timely Proof of Claim and Release Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Judgment, if entered.

19. Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, 2021 (98 calendar days after the entry of this Order) (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Duane & Virginia Lanier Trust, et al. v. SandRidge Mississippian Trust I, et al.*, Case No. 15-CV-00634-G (W.D. Okla.)", or a substantially similar statement, and (B) state the date, number of shares and dollar amount of each Trust I and/or Trust II common unit purchase or acquisition during the Settlement Class Period, and any sale transactions as well as the number of shares of (i) Trust I common units held by the Person as of April 5, 2011 through November 8, 2012, and (ii) of Trust II common units held by the Person as of April 17, 2012 through

11

November 8, 2012. To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale transaction of Trust I and/or Trust II common units during the Settlement Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the Trust I and/or Trust II common units. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

20. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

21. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than 2 business days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

22. All Persons who submit valid, timely and unrevoked requests for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

23. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel within 98 calendar days prior to the Settlement Hearing Date:

CLASS COUNSEL:

Jonathan Horne
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016


COUNSEL FOR SETTLING DEFENDANT WARD:

J. Christian Word, Esq.
LATHAM & WATKINS, LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004


COUNSEL FOR SETTLING DEFENDANTS BENNETT AND GRUBB

Mark P. Gimbel
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018

and that Person has (at least 14 calendar days prior to the Settlement Hearing date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, United States District Court for the Western District of

Oklahoma, 200 NW 4th Street, Oklahoma City, OK 73102. To be valid, any such objection must contain the Settlement Class Member's: (1) name, address, and telephone number; (2) a list of all purchases and sales of Trust I and/or Trust II common units during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the Settlement Class Member and/or his, her, or its counsel; (4) the name, address and telephone number of all counsel who represent the Settlement Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

24. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed

from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

25. All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than 77 calendar days after the entry of this Order.

26. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than 105 calendar days after the entry of this Order.

27. Defendants, their counsel, their Insurers and other Released Persons shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representatives submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

28. Pending final determination of whether the Settlement should be approved, all Settlement Class Members shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Persons in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than

such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

29. All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

30. Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Settling Defendants, their counsel, their insurers or any of the other Released Persons of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representatives or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

31. If the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action

or proceeding by any Person against the Settling Parties or the Released Persons, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed as of June 4, 2021 (as to Settling Defendant Ward), and June 18, 2021 (as to Settling Defendants Bennett and Grubb), pursuant to the terms of the Settlement Stipulation.

32. The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members other than entry of an Order on the Court's docket, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above. The Court further reserves the right to hold the final approval hearing telephonically or by videoconference. The Court further reserves the right and to approve the Settlement without modification, or with such modifications as may be agreed to by the Settling Parties, and with or without further notice of any kind. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Settling Parties that the Judgment, the releases and/or the permanent injunction set forth in the Settlement Stipulation be enforced.

Dated: _____, 2021

                                             _____
                                             HON. CHARLES GOODWIN
                                             UNITED STATES DISTRICT JUDGE