# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DUANE & VIRGINIA LANIER TRUST, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 5:15-CV-00634-G |
| v. | |
| SANDRIDGE MISSISSIPPIAN TRUST I, et al., | |
| Defendants. | |

**DECLARATION OF JOSEPHINE BRAVATA CONCERNING: (A) MAILING OF THE NOTICE AND CLAIM FORM; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Josephine Bravata, declare as follows:

1.      I am the Quality Assurance Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over twenty years of experience specializing in the administration of class action cases.  SCS was established in April 1999 and has administered over five hundred (500) class action cases since its inception.    I have personal knowledge of the facts set forth herein, and if called on to do so, I could and would testify competently thereto.

**MAILING OF THE NOTICE AND CLAIM FORM**

2.      Pursuant to the Court's Order, dated May 27, 2022 (Dkt. No. 468, the "Preliminary Approval Order"), SCS was appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims in connection with the Settlement of the above-captioned action.[1]  I submit this declaration in order

---

[1] All capitalized terms used herein that are not otherwise defined have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated November 16, 2021 (Dkt. No. 463, the "Stipulation").

to provide the Court and the Parties information regarding the notifications to potential Settlement Class Members, as well as updates concerning other aspects of the Settlement administration process.

3.      SCS sent the Depository Trust Company ("DTC") a Notice of Pendency and Proposed Partial Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Claim Form") (collectively, the "Notice and Claim") for the DTC to publish on its Legal Notice System ("LENS") on June 7, 2022. LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted. A true and correct copy of the Notice and Claim is attached as **Exhibit A**.

4.      As in most class actions of this nature, the large majority of potential Settlement Class Members are expected to be beneficial purchasers whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers are known only to the nominees.  SCS maintains a proprietary master list consisting of 877 banks and brokerage companies ("Nominee Account Holders"), as well as 1,047 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On June 7, 2022, SCS caused a letter to be mailed or e-mailed to the 1,924 nominees contained in the SCS master mailing list.  The letter notified them of the Settlement and requested that they, within 7 calendar days from the date of the letter, either send the Notice and Claim or email the link to the location of the Notice and Claim on the settlement webpage to their customers who may be beneficial purchasers/owners or provide SCS with a list of the names, mailing addresses, and email addresses of such beneficial

purchasers/owners so that SCS could promptly either mail the Notice and Claim or email the link to the location of the Notice and Claim on the settlement webpage.  A copy of the letter sent to these nominees is attached as **Exhibit B.**

5.      To provide actual notice to those persons and entities that purchased or otherwise acquired common units of SandRidge Mississippian Trust I ("Trust I") between April 5, 2011 and November 8, 2012, inclusive, or common unites of SandRidge Mississippian Trust II ("Trust II", and with Trust I, "SandRidge Trusts") between April 17, 2012 and November 8, 2012, inclusive (the "Settlement Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Notice and Claim to potential members of the Settlement Class.

6.      Following the Nominee Account Holders and Institutional Groups mailing, SCS received 21,329 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Notice and Claim be mailed by SCS, SCS received a request from a nominee for 33,450 Notice and Claims so that the nominee could forward them to their customers, and SCS received notification from two nominees that they mailed the Notice and Claim to 255 of their customers.  To date, 55,034 Notice and Claims have been mailed to potential Settlement Class Members.

7.      Additionally, SCS was notified by a nominee that they emailed 15,474 of their clients to notify them of this settlement and provide a direct link to the Notice and Claim on the settlement webpage.

8.      In total, 70,508 potential Settlement Class Members were notified either by mailed Notice and Claim or emailed a direct link to the Notice and Claim.

9.      Out of the 55,034 Notice and Claims mailed, 4,673 were returned as undeliverable.  Of these, the United States Postal Service provided forwarding addresses for 622,

and SCS immediately mailed another Notice and Claim to the updated addresses.  The remaining 4,051 Notice and Claims returned as undeliverable were "skip-traced" to obtain updated addresses and 1,427 were re-mailed to updated addresses. Thus, SCS mailed notices to 2,049 of the 4,673 potential Settlement Class Members whose Notice and Claim were returned as undeliverable.

## PUBLICATION OF THE SUMMARY NOTICE

10.     Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency and Proposed Partial Class Action Settlement ("Summary Notice") was published electronically once on *Globe Newswire* on June 10, 2022, and in print once in the *Investor's Business Daily* on June 13, 2022, as shown in the confirmations of publication attached hereto as **Exhibit C.**

## TOLL-FREE PHONE LINE

11.     SCS maintains a toll-free telephone number (1-866-274-4004) for Settlement Class Members to call and obtain information about the Settlement. SCS has promptly responded to each telephone inquiry and will continue to address Settlement Class Member inquiries.

## SETTLEMENT WEBPAGE

12.     On June 6, 2022, SCS established a webpage on its website at www.strategicclaims.net/SandRidge/. The webpage is accessible 24 hours a day, 7 days a week. The webpage contains the current status; the case deadlines; the online claim filing link; and important documents such as the Notice and Claim, the Preliminary Approval Order, and the Stipulation.

## REPORT ON EXCLUSIONS AND OBJECTIONS

13.     The Notice, Summary Notice, and the settlement webpage informed potential Settlement Class Members that written requests for exclusion are to be mailed or delivered to

SCS such that they are received no later than September 2, 2022.  SCS has been monitoring all mail delivered for this case.  As of the date of this declaration, SCS has received one request for exclusion.  **Exhibit D** is a copy of the exclusion request.

14.     According to the Notice and Summary Notice, Settlement Class Members seeking to object to the Settlement, any part of the Settlement, Plaintiffs' Counsel's motion for attorneys' fees and expenses and application for an Award to Plaintiffs must be submitted to Plaintiffs' Counsel and Defendants' Counsel, as well as filed with the Clerk of the Court, no later than September 22, 2022.  As of the date of this declaration, SCS has not received any objections and SCS has not been notified that any objection was submitted.

## [AMENDED] PLAN OF ALLOCATION

15.     On August 4, 2022, SCS organized the mailing of a supplemental postcard notice to the 55,034 potential Settlement Class Members. In the postcard, SCS advised that many Settlement Class Members had reported difficulties in documenting transactions through the middle of 2012. SCS advised Settlement Class Members to submit claims with whatever documents they had and in particular account statements detailing holdings from November 8, 2012 through June 2, 2013. **Exhibit E** is a copy of the supplemental postcard notice.

16.     In consultation with counsel, SCS has drafted an [Amended] Plan of Allocation under which it would be possible to calculate Settlement Class Members' Recognized losses without documentation of their Settlement Class Period transactions. **Exhibit F** is a copy of the [Amended] Plan of Allocation. Attached as **Exhibit G** is the original Plan of Allocation.

17.     If: (a) SCS obtains account statements from Settlement Class Members showing their holdings from November 8, 2012 through June 2, 2013, AND (b) the Court enters the [Amended] Plan of Allocation, then SCS will be able to calculate Settlement Class Members'

Recognized losses even if the Settlement Class Members cannot provide documentation for Settlement Class Period transactions.  This [Amended] Plan of Allocation will also make it easier for SCS to calculate Recognized Losses.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 12th day of August 2022, in Media, Pennsylvania.


Josephine Bravata

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE & VIRGINIA LANIER TRUST, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>SANDRIDGE MISSISSIPPIAN TRUST I, et al.,<br><br>     Defendants. | Case No. 5:15-CV-00634-G |

## NOTICE OF PENDENCY AND
## PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION

If you purchased or otherwise acquired common units of SandRidge Mississippian Trust I ("Trust I"), between April 5, 2011 and November 8, 2012, inclusive, or common units of SandRidge Mississippian Trust II ("Trust II," and with Trust I, "SandRidge Trusts") between April 17, 2012 and November 8, 2012, inclusive, you may be entitled to a payment.

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- If approved by the Court, the Settlement will provide $13,942,500 ("Settlement Amount") gross, plus interest as it accrues, minus attorneys' fees, costs, administrative expenses, and net of any taxes on interest, to pay claims of investors who purchased SandRidge Trusts common units pursuant to the SandRidge Trust Offerings or during the Settlement Class Period.

- The Settlement represents an estimated average recovery of $0.289 per common unit of the SandRidge Trusts for the approximately 48,300,000 common units outstanding at the end of the Settlement Class Period. A common unit may have been traded more than once during the Settlement Class Period. This estimate solely reflects the average recovery per common unit of the SandRidge Trusts common units. The indicated average recovery per common unit will be the total average recovery for all purchasers of that common unit. This is not an estimate of the actual recovery per common unit you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold the SandRidge Trusts common units, and the total number of claims filed.

- Attorneys for Plaintiffs ("Plaintiffs' Counsel") intend to ask the Court to award them fees of up to one third plus interest of the Settlement Amount (up to $4,647,500, plus interest), reimbursement of litigation expenses of no more than $1,750,000, and an Award to Lead Plaintiffs collectively not to exceed $61,000. Collectively, the attorneys' fees and expenses and Award to Lead Plaintiffs are estimated to average $0.134 per common unit of the SandRidge Trusts. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The approximate recovery, after deduction of attorneys' fees and interest and expenses approved by the Court, is an average of $0.155 per outstanding common unit of the SandRidge Trusts. This estimate is based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold the SandRidge Trusts common units, the purchase and sales prices, and the total number and amount of claims filed.

- The Settlement resolves the claims concerning whether Defendants Tom L. Ward, Matthew K. Grubb, and James D. Bennett (collectively, "Settling Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities

and Exchange Commission and in other public statements to the investing public concerning the production, reserves, and economics of the SandRidge Trusts' core holdings in an area referred to as the Mississippian play (the "Mississippian") throughout the Settlement Class Period (the "Action"). Settling Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Plaintiffs. Settling Defendants have also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Settling Defendants continue to believe the claims asserted against them in the Action are wholly without merit.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on the Released Claims. Therefore, you should read this Notice carefully.

- This Settlement does not resolve the claims against SandRidge Mississippian Trust I or SandRidge Energy, Inc. (with Settling Defendants, "Defendants").

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN AUGUST 19, 2022** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN SEPTEMBER 2, 2022** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Settling Defendants or the other Released Persons about the legal claims related to the issues in this Action. |
| **OBJECT NO LATER THAN SEPTEMBER 22, 2022** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON OCTOBER 6, 2022** | Ask to speak no later than September 22, 2022 in Court about the fairness of the Settlement on October 6, 2022. |
| **DO NOTHING** | Get no payment. Give up rights. You will still be a Settlement Class Member, which means that you give up your right to ever be part of any other lawsuit against the Settling Defendants about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in this Action. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to:

| SandRidge Trusts Securities Settlement c/o Strategic Claims Services P.O. Box 230 600 N. Jackson St., Ste. 205 Media, Pennsylvania 19063 Tel.: (866) 274-4004 Fax: (610) 565-7985 Email: info@strategicclaims.net | **or** | Plaintiffs' Counsel Jonathan Horne, Esq. THE ROSEN LAW FIRM, P.A. 275 Madison Avenue, 40th Floor New York, New York 10016 Tel.: (212) 686-1060 Fax: (212) 202-3827 Email: jhorne@rosenlegal.com |
|---|---|---|

2

**DEFINITIONS**

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement, dated November 16, 2021 ("Stipulation").

**COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT**

**1.    Why did I get this Notice?**

You or someone in your family may have acquired Trust I common units between April 5, 2011 and November 8, 2012, or Trust II common units between April 17, 2012 and November 8, 2012, all dates inclusive.

**2.    What is this lawsuit about?**

The action is known as *Duane & Virginia Lanier Trust v. SandRidge Mississippian Trust I, et al.*, Case No. 15-cv-00634-G (W.D. Okla.) ("Action"). The Court in charge of the case is the United States District Court for the Western District of Oklahoma.

The Action alleges that Defendants violated certain federal securities laws by making misrepresentations and/or omissions of material fact in various filings with the U.S. Securities and Exchange Commission and in other public statements to the investing public concerning the production, reserves, and economics of the SandRidge Trusts' core holdings in an area referred to as the Mississippian play (the "Mississippian") throughout the Settlement Class Period. The operative Amended Complaint for Violations of the Federal Securities Laws ("Complaint") alleges that once the true facts were disclosed, the price of the SandRidge Trusts common units fell. The Settling Defendants deny that they have engaged in any wrongdoing as alleged by Plaintiffs, deny any liability whatsoever for any of the claims alleged by Plaintiffs, and deny that the Settlement Class has suffered any injuries or damages.  The Settling Defendants also have denied and continue to deny, among other allegations, that the price of Trust I or Trust II common units was artificially inflated by reason of alleged misrepresentations, non-disclosures, or otherwise. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any of the Released Persons (including Settling Defendant Ward, Bennett, and Grubb), or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, including Unknown Claims and the Released Claims, against Settling Defendants and the Related Parties.

The court has not ruled as to whether any Settling Defendant is liable to Plaintiffs or to the Settlement Class.  This notice is not an expression of any opinion by the court with respect to the truth of the allegations in the action or the merits of the claims or defenses asserted. This notice is solely to advise you of the pendency and proposed settlement of this action and your rights in connection with that settlement.

**3.    Why is this a putative class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.    Why is there a Settlement?**

Plaintiffs and Settling Defendants do not agree regarding the merits of Plaintiffs' allegations and Settling Defendants' defenses with respect to liability or the average amount of damages per common

unit, if any, that would be recoverable if Plaintiffs were to prevail at trial on each claim. The issues on which Plaintiffs and Settling Defendants disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether the challenged statements were made with wrongful intent; (3) whether the alleged disclosures were corrective disclosures; (4) the causes of the loss in the value of the SandRidge Trusts common units; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Plaintiffs or Settling Defendants. Instead, Plaintiffs and Settling Defendants have agreed to settle the Action. Plaintiffs and Plaintiffs' Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Settling Defendants. Among the reasons that Plaintiffs and Plaintiffs' Counsel believe the Settlement is fair is that there is uncertainty about whether they would be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Even if Plaintiffs were to win at trial, and also prevail on appeal, Plaintiffs might not be able to collect some, or all, of any judgment they could be awarded. Moreover, while litigation of this type is usually expensive, there is also a significant risk that, even if Plaintiffs' allegations were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

**5.      How do I know if I am part of the Settlement?**
The Settlement Class consists of those persons who purchased or otherwise acquired the Trust I common units from April 5, 2011 and November 8, 2012, both dates inclusive, or who purchased or otherwise acquired the Trust II common units from April 17, 2012 and November 8, 2012, both dates inclusive.[1]

**6.      Are there exceptions to being included?**
Yes. Excluded from the Settlement Class are (i) opt-outs, *i.e.*, those Persons who timely and validly request exclusion from the Settlement Class, (ii) Defendants, (iii) the officers and directors of SandRidge at all relevant times; (iv) the trustee of Trust I and Trust II; (v) members of the immediate family of Defendants; (vi) any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants; (vii) Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and (viii) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

**7.      I am still not sure whether I am included.**
If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004 or by facsimile at (610) 565-7985, or visit the website at www.strategicclaims.net/SandRidge/, or fill out and return the Proof of Claim and Release Form described in Question 9, to see if you qualify.

**8.      What does the Settlement provide?**
**a.      What is the Settlement Fund?**
The proposed Settlement provides for Settling Defendants to cause their insurers to pay $13,942,500 into a settlement fund ("Settlement Fund"). The Settlement is subject to Court approval. Also, subject

---

[1] During the Settlement Class Period, the SandRidge Trusts common units were listed on the NYSE under the ticker symbols "SDT" (Trust I) and "SDR" (Trust II).

to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Plaintiffs' Counsel, and any Award to Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing this Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining ("Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

**b.      What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold the SandRidge Trusts common units; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Plaintiffs' Counsel for attorneys' fees, costs, and expenses and to Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Proof of Claim and Release Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Settlement Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Plaintiffs' contention that the price of the SandRidge Trusts common units declined following disclosure of omitted material information. Settling Defendants have denied and continue to deny these allegations and any and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Action.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/SandRidge/.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* unit of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized

5

Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* unit"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Plaintiffs' Counsel.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS

**(I)    Recognized Loss for the Trust I Common Units Purchased or Acquired  During the Settlement Class Period (April 5, 2011 to November 8, 2012, inclusive) will be calculated as follows:**

   (A)    For units purchased or acquired during the Settlement Class Period <u>and sold during the Settlement Class Period</u>, the Recognized Loss per unit shall be $0.

   (B)    For units purchased or acquired during the Settlement Class Period <u>and sold during the period November 9, 2012 to March 4, 2013, both dates inclusive</u>, the Recognized Loss per unit shall will be the *lesser* of: (1) the inflation per unit as set forth in Inflation Table A below; or (2) the purchase price per unit minus the sales price per unit.

   (C)    For units purchased or otherwise acquired during the Settlement Class Period <u>and sold during the period March 5, 2013 through June 2, 2013</u>, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation as set forth in Inflation Table A below; or (2) the difference between the purchase price per unit and the average closing unit price as of date of sale provided in Table B below.

   (D)    For units purchased or otherwise acquired during the Settlement Class Period <u>and retained as of the close of trading on June 2, 2013</u>, the Recognized Loss will be the *lesser* of: (1) the inflation per unit as set forth in Inflation Table A below; or (2) the purchase price per unit minus $13.61[2] per unit.

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $13.61 per unit was the mean (average) daily closing trading price of the Trust I common units the 90-day period beginning on March 5, 2013 through and including June 2, 2013.

| Inflation Table A | | |
|---|---|---|
| | Purchased Between April 5, 2011, and November 8, 2012, inclusive | Purchased After November 8, 2012 |
| Sold Between April 5, 2011, and November 8, 2012, inclusive | $0.00 | $0.00 |
| Sold Between November 9, 2012, and November 11, 2012, inclusive | $0.73 | $0.00 |
| Sold on November 12, 2012 | $1.54 | $0.00 |
| Sold Between November 13, 2012, and January 31, 2013, inclusive | $2.06 | $0.00 |
| Sold Between February 1, 2013, and February 5, 2013, inclusive | $2.67 | $0.00 |
| Sold Between February 6, 2013, and March 4, 2013, inclusive | $4.27 | $0.00 |
| Held After March 4, 2013 | $5.98 | $0.00 |

| Table B | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
| 3/5/2013 | $12.87 | $12.87 | 4/4/2013 | $13.10 | $13.57 | 5/3/2013 | $14.23 | $13.56 |
| 3/6/2013 | $12.38 | $12.63 | 4/5/2013 | $13.18 | $13.55 | 5/6/2013 | $14.48 | $13.58 |
| 3/7/2013 | $13.30 | $12.85 | 4/8/2013 | $13.40 | $13.55 | 5/7/2013 | $14.73 | $13.61 |
| 3/8/2013 | $14.16 | $13.18 | 4/9/2013 | $13.69 | $13.55 | 5/8/2013 | $14.91 | $13.64 |
| 3/11/2013 | $14.55 | $13.45 | 4/10/2013 | $13.78 | $13.56 | 5/9/2013 | $14.63 | $13.66 |
| 3/12/2013 | $14.42 | $13.61 | 4/11/2013 | $13.55 | $13.56 | 5/10/2013 | $14.56 | $13.68 |
| 3/13/2013 | $14.51 | $13.74 | 4/12/2013 | $13.61 | $13.56 | 5/13/2013 | $13.73 | $13.68 |
| 3/14/2013 | $14.57 | $13.85 | 4/15/2013 | $13.45 | $13.56 | 5/14/2013 | $13.19 | $13.67 |
| 3/15/2013 | $14.38 | $13.90 | 4/16/2013 | $13.44 | $13.56 | 5/15/2013 | $12.76 | $13.65 |
| 3/18/2013 | $14.32 | $13.95 | 4/17/2013 | $13.21 | $13.54 | 5/16/2013 | $12.90 | $13.64 |
| 3/19/2013 | $13.33 | $13.89 | 4/18/2013 | $13.30 | $13.54 | 5/17/2013 | $13.20 | $13.63 |
| 3/20/2013 | $13.11 | $13.83 | 4/19/2013 | $13.33 | $13.53 | 5/20/2013 | $13.56 | $13.63 |
| 3/21/2013 | $12.96 | $13.76 | 4/22/2013 | $13.59 | $13.53 | 5/21/2013 | $13.38 | $13.62 |
| 3/22/2013 | $13.02 | $13.71 | 4/23/2013 | $13.41 | $13.53 | 5/22/2013 | $13.07 | $13.61 |
| 3/25/2013 | $13.27 | $13.68 | 4/24/2013 | $13.43 | $13.53 | 5/23/2013 | $13.07 | $13.60 |
| 3/26/2013 | $13.74 | $13.68 | 4/25/2013 | $13.76 | $13.53 | 5/24/2013 | $13.47 | $13.60 |
| 3/27/2013 | $13.71 | $13.68 | 4/26/2013 | $13.31 | $13.53 | 5/28/2013 | $13.66 | $13.60 |
| 3/28/2013 | $13.40 | $13.67 | 4/29/2013 | $13.50 | $13.53 | 5/29/2013 | $13.94 | $13.61 |
| 4/1/2013 | $13.11 | $13.64 | 4/30/2013 | $13.79 | $13.53 | 5/30/2013 | $13.81 | $13.61 |
| 4/2/2013 | $13.04 | $13.61 | 5/1/2013 | $13.62 | $13.53 | 5/31/2013 | $13.62 | $13.61 |
| 4/3/2013 | $13.33 | $13.59 | 5/2/2013 | $14.09 | $13.55 | | | |

**(II)   Recognized Loss for the Trust II Common Units Purchased or Acquired  During the Settlement Class Period (April 17, 2012 to November 8, 2012, inclusive) will be calculated as follows:**

    (A)   For units purchased or acquired during the Settlement Class Period <u>and sold during the Settlement Class Period</u>, the Recognized Loss per unit shall be $0.

    (B)   For units purchased or acquired during the Settlement Class Period <u>and sold during the period November 9, 2012 to March 4, 2013, both dates inclusive</u>, the Recognized Loss per unit shall will be the *lesser* of: (1) the inflation per unit as set forth in Inflation Table C below; or (2) the purchase price per unit minus the sales price per unit.

    (C)   For units purchased or otherwise acquired during the Settlement Class Period <u>and sold during the period March 5, 2013 through June 2, 2013</u>, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per unit as set forth in Inflation Table C below; or (2) the difference between the purchase price per unit and the average closing unit price as of date of sale provided in Table D below.

    (D)   For units purchased or otherwise acquired during the Settlement Class Period <u>and retained as of the close of trading on June 2, 2013</u>, the Recognized Loss will be the *lesser* of: (1) the inflation per unit as set forth in Inflation Table C below; or (2) the purchase price per unit minus $12.14[3] per unit.

| Inflation Table C | | |
|---|---|---|
| | Purchased Between April 17, 2012, and November 8, 2012, inclusive | Purchased After November 8, 2012 |
| Sold Between April 17, 2012, and November 8, 2012, inclusive | $0.00 | $0.00 |
| Sold Between November 9, 2012, and November 11, 2012, inclusive | $1.06 | $0.00 |
| Sold on November 12, 2012 | $1.65 | $0.00 |
| Sold Between November 13, 2012 and January 31, 2013, inclusive | $2.06 | $0.00 |
| Sold Between February 1, 2013 and February 5, 2013, inclusive | $4.86 | $0.00 |
| Sold Between February 6, 2013 and March 4, 2013, inclusive | $5.39 | $0.00 |
| Held After March 4, 2013 | $5.91 | $0.00 |

| Table D | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 3/5/2013 | $12.25 | $12.25 | | 4/4/2013 | $11.65 | $12.25 | | 5/3/2013 | $12.92 | $11.94 |
| 3/6/2013 | $12.15 | $12.20 | | 4/5/2013 | $11.86 | $12.23 | | 5/6/2013 | $13.31 | $11.98 |

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $12.14 per unit was the mean (average) daily closing trading price of the Trust II common units the 90-day period beginning on March 5, 2013 through and including June 2, 2013.

| Table D | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 3/7/2013 | $12.39 | $12.26 | | 4/8/2013 | $11.89 | $12.22 | | 5/7/2013 | $13.26 | $12.00 |
| 3/8/2013 | $12.51 | $12.33 | | 4/9/2013 | $11.78 | $12.20 | | 5/8/2013 | $13.03 | $12.03 |
| 3/11/2013 | $12.66 | $12.39 | | 4/10/2013 | $11.78 | $12.18 | | 5/9/2013 | $12.99 | $12.05 |
| 3/12/2013 | $12.81 | $12.46 | | 4/11/2013 | $11.63 | $12.16 | | 5/10/2013 | $12.82 | $12.06 |
| 3/13/2013 | $12.76 | $12.50 | | 4/12/2013 | $11.76 | $12.15 | | 5/13/2013 | $12.19 | $12.07 |
| 3/14/2013 | $12.66 | $12.52 | | 4/15/2013 | $11.39 | $12.12 | | 5/14/2013 | $12.23 | $12.07 |
| 3/15/2013 | $12.49 | $12.52 | | 4/16/2013 | $11.29 | $12.10 | | 5/15/2013 | $12.07 | $12.07 |
| 3/18/2013 | $12.35 | $12.50 | | 4/17/2013 | $10.84 | $12.06 | | 5/16/2013 | $11.81 | $12.06 |
| 3/19/2013 | $12.02 | $12.46 | | 4/18/2013 | $10.87 | $12.02 | | 5/17/2013 | $12.04 | $12.06 |
| 3/20/2013 | $11.93 | $12.42 | | 4/19/2013 | $10.67 | $11.98 | | 5/20/2013 | $12.42 | $12.07 |
| 3/21/2013 | $12.00 | $12.38 | | 4/22/2013 | $10.79 | $11.94 | | 5/21/2013 | $12.58 | $12.08 |
| 3/22/2013 | $12.13 | $12.37 | | 4/23/2013 | $10.88 | $11.91 | | 5/22/2013 | $12.31 | $12.08 |
| 3/25/2013 | $12.00 | $12.34 | | 4/24/2013 | $11.35 | $11.90 | | 5/23/2013 | $12.41 | $12.09 |
| 3/26/2013 | $12.23 | $12.33 | | 4/25/2013 | $11.67 | $11.89 | | 5/24/2013 | $12.58 | $12.10 |
| 3/27/2013 | $12.36 | $12.34 | | 4/26/2013 | $11.69 | $11.89 | | 5/28/2013 | $12.85 | $12.11 |
| 3/28/2013 | $12.24 | $12.33 | | 4/29/2013 | $11.90 | $11.89 | | 5/29/2013 | $12.81 | $12.12 |
| 4/1/2013 | $12.10 | $12.32 | | 4/30/2013 | $12.33 | $11.90 | | 5/30/2013 | $12.91 | $12.13 |
| 4/2/2013 | $11.96 | $12.30 | | 5/1/2013 | $12.18 | $11.90 | | 5/31/2013 | $12.65 | $12.14 |
| 4/3/2013 | $11.84 | $12.28 | | 5/2/2013 | $12.64 | $11.92 | | | | |

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the SandRidge Trusts units shall not be deemed a purchase, acquisition or sale of units for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all your purchases of the SandRidge Trusts units during the period April 7, 2011 through and including June 2, 2013.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Plaintiffs' Counsel or the Claims Administrator or other agent designated by Plaintiffs' Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will

be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**9.      How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release Form." This Proof of Claim and Release Form is attached to this Notice. You may also obtain a Proof of Claim and Release Form on the Internet at www.strategicclaims.net/SandRidge/. Read the instructions carefully, fill out the form, sign it in the location indicated. The Proof of Claim and Release Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/SandRidge/ by 11:59 p.m. EST on August 19, 2022; or (2) by mailing the claim form together with all documentation requested in the form, postmarked no later than August 19, 2022, to:

<div align="center">

SandRidge Trusts Securities Settlement

c/o Strategic Claims Services

P.O. Box 230

600 N. Jackson St., Ste. 205

Media, PA 19063

Fax: (610) 565-7985

info@strategicclaims.net

</div>

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10.      What am I giving up to get a payment or stay in the Settlement Class?**

Unless you validly exclude yourself from the Settlement Class by the September 2, 2022 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Settling Defendants and other Released Persons if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against the Settling Defendants and other Released Persons any and all claims which arise out of, are based upon, or relate in any way to the purchase or acquisition of the SandRidge Trusts common units during the Settlement Class Period. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale, or ownership of the SandRidge Trusts common units during the Settlement Class Period. The specific terms of the release are included in the Stipulation.

**11.      How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue the Settling Defendants or other Released Persons on your own about the Released Claims in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number, and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *Duane & Virginia Lanier Trust v. SandRidge Mississippian Trust I, et al.*, Case No. 15-cv-00634-G (W.D. Okla.), and (B) states the date, number of common units, and dollar amount of each of the SandRidge Trusts common units purchased or acquired pursuant to the SandRidge Trust Offerings and/or during the Settlement Class Period, any sale transactions, and the number of common units of the SandRidge Trust I common units held by you as of April 5, 2011 through November 8, 2012, and SandRidge Trust II common units held by you as of April 17, 2012 through November 8, 2012. To be valid, such request for exclusion must be submitted with

documentary proof (i) of each purchase and, if applicable, sale transaction of the SandRidge Trusts common units during the Settlement Class Period and (ii) demonstrating your status as a beneficial owner of the SandRidge Trusts common units. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request, to be received no later than September 2, 2022, to the Claims Administrator at the following address:

<div align="center">

SandRidge Trusts Securities Settlement
c/o  Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

</div>

You cannot exclude yourself by telephone or by e-mail.

If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

**12.    If I do not exclude myself, can I sue the Settling Defendants or the other Released Persons for the same thing later, or any of the Released Claims?**
No. Unless you followed the procedure outlined in the Notice to exclude yourself, you give up any right to sue Settling Defendants or other Released Persons for the claims being released in this Settlement, including any and all Released Claims. If you have a pending lawsuit related to any Released Claims, speak to your lawyer in that case immediately, because you must exclude yourself from this Settlement Class to continue your own lawsuit.

**13.    Do I have a lawyer in this case?**
The Court has appointed The Rosen Law Firm, P.A. as Lead Counsel for the Settlement Class ("Plaintiffs' Counsel"), to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Plaintiffs' Counsel is provided above.

**14.    How will the lawyers be paid?**
Plaintiffs' Counsel have expended considerable time litigating this Action on a contingent fee basis, and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Plaintiffs' Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiffs' Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Plaintiffs' Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one third plus interest of the Settlement Amount ($4,647,500, plus interest), reimbursement of litigation expenses of no more than $1,750,000 and an Award to Lead Plaintiffs collectively not to exceed $61,000. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**15.    How do I tell the Court that I do not like the Settlement?**
You can tell the Court you do not agree with the Settlement, any part of the Settlement, Plaintiffs' Counsel's motion for attorneys' fees and expenses and application for an Award to Plaintiffs, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *Duane & Virginia Lanier Trust v. SandRidge Mississippian Trust I, et al.*, Case No. 15-cv-00634-G (W.D. Okla.). Be sure to include (1) your name, address, and telephone

number; (2) a list of all purchases and sales of the SandRidge Trusts common units during the Settlement Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address, and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers, and briefs to **each** of the addresses listed below, to be received no later than September 22, 2022:

| CLERK OF THE COURT: | PLAINTIFFS' COUNSEL: | DEFENDANTS' COUNSEL: |
|---|---|---|
| United States District Court Western District of Oklahoma 200 NW 4th Street, Room 1210 Oklahoma City, OK 73102 | Jonathan Horne, Esq. THE ROSEN LAW FIRM, P.A. 275 Madison Avenue, 40th Floor New York, NY 10016 | J. Christian Word, Esq. LATHAM & WATKINS LLP 555 Eleventh Street, NW Suite 1000 Washington, D.C. 20004<br><br>Mark P. Gimbel, Esq. COVINGTON & BURLING LLP The New York Times Building 620 Eighth Avenue New York, NY 10018 |

**16.**   **What is the difference between objecting and requesting exclusion?**
Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**17.**   **When and where will the Court decide whether to approve the Settlement?**
The Court will hold a Settlement Hearing on October 6, 2022, at 2:00 p.m., before the Honorable Charles Goodwin, at the United States District Court, Western District of Oklahoma, U.S. Courthouse, Courtroom 103, 200 N.W. 4th Street, Oklahoma City, OK 73102. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Hearing telephonically or by other virtual means, Plaintiffs' Counsel will cause the Claims Administrator to update its website, on the page dedicated to this Settlement, to note the telephonic or other virtual means for the Settlement Hearing.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Plaintiffs' Counsel for attorneys' fees and expenses and how much to award Lead Plaintiffs.

**18.**   **Do I have to come to the hearing?**

No. Plaintiffs' Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

**19.**   **What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Settling Defendants or the Released Persons about the Released Claims (as defined in the Stipulation) ever again.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If, between April 5, 2011 and November 8, 2012, both dates inclusive, you purchased, otherwise acquired, or sold the SandRidge Trusts common units for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and email address, if an email address is available, of each person or organization for whom or which you purchased such SandRidge Trusts common units during the Settlement Class Period; (b) request a link to the location of the electronic Notice and Proof of Claim and Release Form and email the link to the Notice and Proof of Claim and Release Form in electronic format to each beneficial owner for whom you are nominee or custodian within 7 days after receipt thereof; or (c) request additional copies of the Notice and Proof of Claim and Release Form, which will be provided to you free of charge, and within 7 days mail the Notice and Proof of Claim and Release Form directly to the beneficial owners of the SandRidge Trusts common units. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.10 plus postage at the pre-sort rate unit by the Claims Administrator per Notice and Proof of Claim and Release Form mailed, $0.05 per link to the location of the electronic Notice and Proof of Claim and Release Form emailed, or $0.05 per name, address, and email address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 2 above.

DATED: MAY 27, 2022

    _____

    BY ORDER OF THE UNITED STATES
    DISTRICT COURT FOR THE
    WESTERN DISTRICT OF OKLAHOMA

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:  August 19, 2022**

If you purchased or otherwise acquired common units of SandRidge Mississippian Trust I ("Trust I"), between April 5, 2011 and November 8, 2012, inclusive, or common units of SandRidge Mississippian Trust II ("Trust II") between April 17, 2012 and November 8, 2012, inclusive, ("Settlement Class Period") you may be a Settlement Class Member and entitled to share in the settlement proceeds.

Excluded from the Class are (i) Defendants; (ii) the officers and directors of SandRidge at all relevant times; (iii) the trustee of Trust I and Trust II; (iv) members of the immediate family of Defendants; (v) any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants; (vi) Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and (vii) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set forth in the Notice to be sent to Settlement Class Members pursuant to the Preliminary Approval Order

If you are a Settlement Class Member, you must complete and submit this form in order to be eligible for any settlement benefits.

You must complete and sign this Proof of Claim and Release Form ("Proof of Claim And Release Form"). You can complete and submit the electronic version of this Proof of Claim And Release Form by 11:59 p.m. EST on August 19, 2022 at www.strategicclaims.net/SandRidge/ or mail this Proof of Claim and Release Form by first class mail, postmarked no later than  August 19, 2022 to Strategic Claims Services, the Claims Administrator, at the following address:

<div align="center">

SandRidge Trusts Securities Settlement
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

</div>

YOUR FAILURE TO SUBMIT YOUR CLAIM BY AUGUST 19, 2022 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

IF YOU ARE A SETTLEMENT CLASS MEMBER AND DO NOT SUBMIT A PROPER PROOF OF CLAIM AND RELEASE FORM, YOU WILL NOT SHARE IN THE SETTLEMENT BUT YOU NEVERTHELESS WILL BE BOUND BY THE ORDER AND PARTIAL FINAL JUDGMENT OF THE COURT UNLESS YOU EXCLUDE YOURSELF.

SUBMISSION OF A PROOF OF CLAIM AND RELEASE FORM DOES NOT ASSURE THAT YOU WILL SHARE IN THE PROCEEDS OF THE SETTLEMENT.

## CLAIMANT'S STATEMENT

1. I (we) purchased SandRidge Mississippian Trust I ("Trust I") and/or SandRidge Mississippian Trust II ("Trust II", and together with Trust I, "SandRidge Trusts") common units during the Settlement Class Period. (Do not submit this Proof of Claim and Release Form if you did not purchase SandRidge Trusts common units during the Settlement Class Period.)

2. By submitting this Proof of Claim and Release Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Partial Settlement of Class Action ("Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member(s) [*e.g.*, as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim and Release Form.  I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim and Release Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of SandRidge Trusts common units, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies or scans of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase and sale of SandRidge Trusts common units listed below in support of my (our) claim.  (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR TAX ADVISOR BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim and Release Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss.  In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full, final, forever, and complete settlement, release, remise, and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers, and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them, and by its, his, her, or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Persons" of any and all "Released  Claims," as those terms are defined in the Stipulation and Agreement of Settlement dated November 16, 2021 ("Stipulation").

8. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and my

(our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers, and assigns (or, if I am (we are) submitting this Proof of Claim and Release Form on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them, and by its, his, her, or their heirs, executors, administrators, predecessors, successors, and assigns) to permanently refrain from prosecuting or attempting to prosecute any Released Claims against any of the Released Persons.

9.  "Released Persons" has the meaning laid out in the Stipulation.

10. "Released Claims" has the meaning laid out in the Stipulation.

11. "Unknown Claims" has the meaning laid out in the Stipulation.

12. I (we) acknowledge that the inclusion of "Unknown Claims" in the definition of Released Claims pursuant to the Stipulation was separately bargained for and is a material element of the Settlement of which this release is a part.

13. <u>NOTICE REGARDING INSTITUTIONAL FILERS</u>: Representatives with the authority to file on behalf of (a) accounts of multiple Persons and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their clients' transactions in the approved electronic spreadsheet format, which is available by request to the Claims Administrator at efile@strategicclaims.net or by visiting the website www.strategicclaims.net/institutional-filers/. One spreadsheet may contain the information for multiple Persons and institutional accounts who constitute distinct legal entities ("Legal Entities"), but all Representative Filers MUST also submit a manually signed Proof of Claim and Release Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement) along with the electronic spreadsheet. The transactions and holdings in SandRidge Trusts common units should be reported in the electronic file so that each resulting Claim corresponds to a single Legal Entity, regardless of the number of individually managed accounts the Legal Entity has, as only one Claim will be processed per Legal Entity (e.g. a Representative Filer reporting the transactions for a fund with multiple sub-accounts should report one total holding at the start of the Settlement Class Period, one total holding at the end of the Settlement Class Period, and a single set of transactions that includes all transactions made by the Legal Entity across their sub-accounts; this would constitute and be processed a single Claim). The Claims Administrator reserves the right to combine a Legal Entity's accounts into a single Claim prior to processing in the event that a Legal Entity's accounts are divided across multiple Claims when submitted by a Representative Filer. The Claims Administrator also reserves the right to request additional documentary proof regarding a Legal Entity's transactions and holdings in SandRidge Trusts common units to prove and accurately process the Claim.

14. <u>NOTICE REGARDING ONLINE FILING</u>: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Proof of Claim and Release Form hosted at www.strategicclaims.net/SandRidge/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Proof of Claim and Release Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Proof of Claim and Release Form.

SandRidge

## I. CLAIMANT INFORMATION

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | Zip Code |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II. SCHEDULE OF TRANSACTIONS IN SANDRIDGE MISSISSIPPIAN TRUST I ("TRUST I") AND/OR SANDRIDGE MISSISSIPPIAN TRUST II ("TRUST II", AND WITH TRUST I, "SANDRIDGE TRUSTS") COMMON UNITS

**Beginning Holdings:**

A. State the total number of shares of SandRidge Trust I common units held at the close of trading on April 4, 2011 (*must be documented*).

B. State the total number of shares of SandRidge Trust II common units held at the close of trading on April 16, 2012 (*must be documented*).

**Purchases/Acquisitions:**

B. Separately list each and every purchase or acquisition of SandRidge Trusts common units between April 5, 2011 and June 2, 2013, both dates inclusive, and provide the following information (*must be documented*):

| Security Type (Trust I or Trust II) | Trade Date (List Chronologically) (Month/Day/Year) | Number of Units Purchased | Price per Unit | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

SandRidge

**Sales:**

C.  Separately list each and every sale of SandRidge Trusts common units between April 5, 2011 and June 2, 2013, both dates inclusive, and provide the following information (*must be documented*):

| Security Type (Trust I or Trust II) | Trade Date (List Chronologically) (Month/Day/Year) | Number of Units Sold | Price per Unit | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Ending Holdings:**

D.  State the total number of shares of SandRidge Trusts common units held at the close of trading on June 2, 2013 (*must be documented).*

| Trust I: |
|---|
| Trust II: |

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | **or** | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ | | _____ |

## IV. CERTIFICATION

I (We) submit this Proof of Claim and Release Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Western District of Oklahoma, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases or sales of SandRidge Mississippian Trust I ("Trust I") and/or SandRidge Mississippian Trust II ("Trust II") securities during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

SandRidge

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT, AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, *e.g.*, beneficial purchaser(s), executor, administrator, trustee, *etc.*)
☐ Check here if proof of authority to file is enclosed.
(See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/SANDRIDGE/ NO LATER THAN AUGUST 19, 2022, OR POSTMARKED NO LATER THAN AUGUST 19, 2022, AND MUST BE MAILED TO:**

SandRidge Trusts Securities Settlement
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

A Proof of Claim and Release Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by August 19, 2022 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim and Release Form shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Proof of Claim and Release Form by mail or e-mail within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll free at 866-274-4004 or by e-mail at info@strategicclaims.net.

You should be aware that it will take a significant amount of time to process fully all of the Proof of Claim and Release Forms and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim and Release Form. Please notify the Claims Administrator of any change of address.

SandRidge Trusts Securities Settlement
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

## REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim and Release Form on page 19.  If this Proof of Claim and Release Form is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates.  Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim and Release Form or any supporting documents.

o   If you move or change your address, telephone number, or e-mail address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you.  NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

**EXHIBIT B**

### REQUEST FOR NAMES, EMAILS AND ADDRESSES OF CLASS MEMBERS

STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net    FAX: (610) 565-7985

June 7, 2022

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED COMMON UNITS OF SANDRIDGE MISSISSIPPIAN TRUST I ("TRUST I"), BETWEEN APRIL 5, 2011 AND NOVEMBER 8, 2012, INCLUSIVE, OR COMMON UNITS OF SANDRIDGE MISSISSIPPIAN TRUST II ("TRUST II," AND WITH TRUST I, "SANDRIDGE TRUSTS") BETWEEN APRIL 17, 2012 AND NOVEMBER 8, 2012, INCLUSIVE.

Excluded from the Settlement Class are (i) Defendants, (ii) the officers and directors of SandRidge at all relevant times; (iii) the trustee of Trust I and Trust II; (iv) members of the immediate family of Defendants; (v) any person firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants; (vi) Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and (vii) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| *SandRidge Trusts Securities Settlement*<br>Case No. 5:15-CV-00634-G<br>Claim Filing Deadline: August 19, 2022<br>Exclusion Deadline: September 2, 2022<br>Objection Deadline: September 22, 2022<br>Settlement Hearing: October 6, 2022 | Cusip Numbers:<br>Trust I: 80007T101 and Trust II: 80007V106 |

### PER COURT ORDER, PLEASE RESPOND WITHIN 7 CALENDAR DAYS FROM THE DATE OF THIS NOTICE

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. **Supply us with email addresses**, if email addresses are not available, provide us with names and last known addresses of your beneficial purchasers/owners and we will do the emailing of the link to the location of the Notice of Pendency and Proposed Partial Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Claim Form")(together, "Notice and Claim Form") electronically or mailing of the Notice and Claim Form. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with the Notice and Claim Forms to do the mailing. After the receipt of the Notice and Claim Forms, you have seven (7) calendar days to mail them.
4. Request the links to the location of the Notice and Claim Form and email the links to each of your beneficial purchasers/owners within seven (7) calendar days after receipt thereof.

You can bill us for any reasonable expenses actually incurred **not to exceed**:
- **$0.05 per email if you email the link to the Notice and Claim Form** OR
- **$0.05 per name, address, and email address** if you are providing us the records OR
- **$0.10 per name and address, including materials, plus postage at the current pre-sort rate used by the Claims Administrator if** you are requesting the Notice and Claim Form and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of this legal matter. A copy of the Notice and Claim Form and important documents are available on our website www.strategicclaims.net/SandRidge/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,
Claims Administrator
SandRidge Trusts Securities Settlement

**EXHIBIT C**

**jbravata@strategicclaims.net**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Friday, June 10, 2022 9:00 AM |
| **To:** | jbravata@strategicclaims.net |
| **Cc:** | jbravata@strategicclaims.net; lrosen@rosenlegal.com |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: The Rosen Law Firm PA |



# Release Distribution Confirmation

**The Rosen Law Firm, P.A. Announces Proposed Partial Class Action Settlement on Behalf of Purchasers of the Common Units of SandRidge Mississippian Trust I and Trust II – SDTTU SDRMU**

*Cross time: **06/10/22 09:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

# INVESTOR'S BUSINESS DAILY®

## Affidavit of Publication

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Name of Publication:   IBD Weekly
Address:                12655 Beatrice Street
City, State, Zip:       Los Angeles, CA 90066
Phone #:                310.448.6700
State of:               California
County of:              Los Angeles

I, __Shaun Shen__ for the publisher of __IBD Weekly__ , published in the city of __Los Angeles__ , state of __California__ , county of __Los Angeles__ hereby certify that the attached notice(s) for SANDRIDGE MISSISSIPPIAN TRUST I_ was printed in said publication on the following date(s):

**JUNE 13, 2022**

State of California

County of __Los Angeles__

Subscribed and sworn to (or affirmed) before me on this __13th__ day of __June__ , __2022__ , by

_____ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

RICHARD CHARLES BRAND II
Notary Public - California
Los Angeles County
Commission # 2276190
My Comm. Expires Feb 25, 2023

# MUTUAL FUND PERFORMANCE

| 36 Mo Performance Rating | Fund | YTD % Chg | 12Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg |
|---|---|---|---|---|---|---|
| A+ | MaterialsI r | -9 | -7 | +50 | 98.94n | -2.9 |
| A+ | MaterialsM r | -9 | -7 | +47 | 97.32 | -2.9 |
| A+ | MegaCap | -11 | -11 | +62 | 17.04 | -.52 |
| A+ | MegaCap | -11 | -11 | +61 | 17.03 | -.52 |
| A- | MidCap500 | -15 | -11 | +54 | 9.53n | -.29 |
| A | MidcapStck x | -8 | -8 | +66x | 37.14n | -2.7 |
| A- | MidCapVal r | -10 | -9 | +36 | 25.95n | -.85 |
| A+ | MidCapValM r | -10 | -9 | +33 | 25.29 | -.83 |
| A | MidCpStkK x | -8 | -8 | +67x | 37.17n | -2.7 |
| A- | MomIndx | -20 | -13 | +74 | 13.41n | -.36 |
| A- | NewMillnm | -4 | -5 | +60 | 40.21n | -.91 |
| A+ | OppsGrowth | -32 | -21 | +125 | 109.26n | -4.2 |
| A+ | OTC | -29 | -18 | +95 | 13.88n | -.48 |
| A+ | OTCK | -29 | -19 | +95 | 14.17n | -.49 |
| A | SaiUS | -18 | -12 | +79 | 18.73n | -.57 |
| A | SaiUSValInd | -2 | -6 | .. | 12.12n | -.34 |
| A- | SelctLg r | -8 | -8 | +49 | 23.79n | -.62 |
| A+ | SelectTech r | -32 | -21 | +106 | 19.35n | -.82 |
| A- | SelLgCpVal r | -8 | -8 | +51 | 23.69n | -.61 |
| A+ | SmlCpVal r | -11 | -11 | +50 | 18.06 | -.58 |
| A | StkSelAll | -20 | -13 | +67 | 55.69 | -1.8 |
| A | StkSelAllCp | -19 | -13 | +70 | 55.97n | -1.8 |
| A- | StkSelSmCp r | -20 | -13 | +57 | 27.63n | -.91 |
| A | StkSlAllCpK | -19 | -13 | +70 | 55.84n | -1.8 |
| A+ | Technology | -31 | -21 | +119 | 63.81 | -2.7 |
| A+ | Technology r | -31 | -21 | +111 | 52.88n | -2.2 |
| E | TotalBond r | -11 | -6 | +2 | 9.77 | -.07 |
| A- | ValDisc | -7 | -7 | +56 | 35.47n | -.76 |
| A | ValDiscK | -7 | -7 | +56 | 35.50n | -.76 |
| A+ | ValueK | -6 | -6 | +58 | 13.81n | -.49 |
| | **FidelityMgmt** | | | | | |
| | $ 305 bil 800-544-8544 | | | | | |
| A+ | BluChpGr | -33 | -22 | +107 | 123.82n | -5.0 |
| A+ | Chemicals r | -9 | -2 | +43 | 16.40n | -.67 |
| A- | Contrafund | -25 | -17 | +76 | 13.80n | -.44 |
| A- | EqtyInc | -8 | -7 | +53 | 64.36n | -1.4 |
| B+ | FidBalanced | -16 | -11 | +50 | 25.38n | -.63 |
| A+ | GrowthComp | -31 | -20 | +119 | 25.28n | -.96 |
| A+ | MaterialsA r | -9 | -7 | +48 | 98.50 | -2.9 |
| A+ | MegaCapStk | -11 | -10 | +64 | 17.37n | -.53 |
| A+ | NatResFund | +45 | +15 | +60 | 40.77n | -.92 |
| A- | Nordic r | -24 | -11 | +33 | 49.18n | -1.3 |
| A+ | SelctMatrls r | -9 | -7 | +50 | 99.16n | -2.9 |
| A+ | SmlVal r | -11 | -10 | +53 | 19.28n | -.63 |
| A+ | Value | -6 | -6 | +57 | 13.79n | -.49 |
| A+ | ValueStrat | -6 | -6 | +65 | 48.68n | -1.6 |
| | **FidltyAdvFoc C** | | | | | |
| | $ 4.7 bil 800-343-3548 | | | | | |
| A- | Convertible | -16 | -12 | +56 | 30.10n | -.46 |
| | **First Eagle** | | | | | |
| | $ 98.6 bil 800-334-2143 | | | | | |
| C+ | GlobalA | -7 | -7 | +31 | 60.18 | -.82 |
| | **Frank/Tmp Tp A** | | | | | |
| | $ 62.2 bil 800-342-5236 | | | | | |
| E | Glob Bond | -4 | -5 | -16 | 8.26 | -.08 |
| | **Frank/Tmp TpAd** | | | | | |
| | $ 78.6 bil 800-342-5236 | | | | | |
| E | Glob Bond | -4 | -5 | -16 | 8.22n | -.08 |
| | **Frank/Tmp TpB/C** | | | | | |
| | $ 57.4 bil 800-342-5236 | | | | | |
| E | GlobalBdC | -5 | -5 | -18 | 8.30n | -.08 |
| | **Franklin A** | | | | | |
| | $ 216 bil 800-342-5236 | | | | | |
| C | Income | -3 | -4 | +26 | 2.39 | +.00 |
| A- | SmlCapVal | -10 | -9 | +40 | 51.47 | -1.6 |
| | **Franklin Temp** | | | | | |
| | $ 188 bil 800-342-5236 | | | | | |
| E | GlobBond | -4 | -5 | -17 | 8.26n | -.08 |
| A- | GrthR6 | -25 | -16 | +75 | 113.26n | -3.9 |
| A- | GrwthA | -25 | -16 | +73 | 112.53 | -3.9 |
| A | NatResrAdv | +32 | +9 | +33 | 31.67n | -.55 |
| A | RisDivR6 | -15 | -9 | +75 | 81.74n | -2.0 |
| E | TempGlb | -4 | -5 | -15 | 8.21n | -.09 |
| | **FranklinAdv** | | | | | |
| | $ 225 bil 800-342-5236 | | | | | |
| A- | Grwth | -25 | -16 | +75 | 113.33n | -3.9 |
| C | Income | -3 | -3 | +27 | 2.37n | +.00 |
| A | RisingDivs | -15 | -9 | +75 | 81.74n | -2.0 |
| A- | SmlCapVal | -10 | -9 | +42 | 55.01n | -1.8 |
| | **FranklinInvC** | | | | | |
| | $ 251 bil 800-342-5236 | | | | | |
| C- | Income | -3 | -4 | +24 | 2.43n | +.00 |
| A- | RisingDivsC | -16 | -9 | +69 | 79.97n | -1.9 |
| A- | RisingDivsR | -16 | -9 | +72 | 81.49n | -2.0 |
| | **FranklinInvR** | | | | | |
| | $ 157 bil 800-342-5236 | | | | | |
| C- | Income | -3 | -3 | +24 | 2.34n | +.00 |
| | **FrostFunds** | | | | | |
| | $ 7.4 bil 800-513-7678 | | | | | |
| A- | GrwEqInv b | -28 | -18 | +76 | 13.62n | -.55 |

## –G–H–I–

| 36 Mo Performance Rating | Fund | YTD % Chg | 12Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg |
|---|---|---|---|---|---|---|
| | **Gabelli** | | | | | |
| | $ 12.2 bil 800-422-3554 | | | | | |
| A | **GoldI** | +1 | -13 | +34 | 19.40n | +.62 |
| | **Gabelli AAA** | | | | | |
| | $ 6.3 bil 800-422-3554 | | | | | |
| A | **GoldAAA** | 0 | -13 | +33 | 18.96n | +.60 |
| | **Glenmede Funds** | | | | | |
| | $ 2.3 bil 800-966-3200 | | | | | |
| A | SmlEqAdv | -10 | -11 | +55 | 33.13n | -.93 |
| | **GMO Trust III** | | | | | |
| | $ 21.9 bil 617-330-7500 | | | | | |
| A | Quality | -17 | -11 | +59 | 25.34n | -.70 |
| A+ | USEquity | -14 | -9 | +48 | 12.74n | -.33 |
| | **GMO Trust IV** | | | | | |
| | $ 22.9 bil 617-330-7500 | | | | | |
| A+ | Quality | -17 | -11 | +64 | 25.42n | -.70 |
| | **GMO Trust VI** | | | | | |
| | $ 11.6 bil 617-330-7500 | | | | | |
| A | Quality | -17 | -11 | +81 | 25.35n | -.70 |
| | **GoldmnSachs A** | | | | | |
| | $ 32.1 bil 800-292-4726 | | | | | |
| A- | EqInsightA | -17 | -10 | +58 | 49.10 | +.00 |
| A | InsghtsA | -26 | -17 | +68 | 25.13 | -.98 |
| A- | StrucTaxMgd | -18 | -11 | +64 | 31.54 | +.00 |
| | **GoldmnSachs C** | | | | | |
| | $ 6.6 bil 800-292-4726 | | | | | |
| A- | EqInsightC | -17 | -10 | +51 | 41.66n | +.00 |
| A | InsghtsC | -27 | -17 | +59 | 19.65n | -.77 |
| | **GoldmnSachs In** | | | | | |
| | $ 31.2 bil 800-292-4726 | | | | | |
| A- | CapitalGr | -18 | -11 | +71 | 31.13n | +.00 |
| A- | MidCapVal | -11 | -7 | +35 | 37.09n | +.00 |
| A | USEqInsight | -16 | -10 | +61 | 51.36n | +.00 |
| | **GreatWest** | | | | | |
| | $ 24.2 bil 866-831-7129 | | | | | |
| A+ | **IndexL** | -10 | -4 | +75 | 20.52n | +.00 |
| A+ | **LrgCapGrwth** | -32 | -12 | +80 | 7.84n | +.00 |
| A | **S#P500Idx** | -15 | -10 | +74 | 26.96n | +.00 |
| A- | **TRowePrice** | -4 | -5 | +61 | 25.90n | +.00 |
| | **Green Century** | | | | | |
| | $ 308 mil 800-934-7336 | | | | | |
| A | Institut | -21 | -14 | .. | 60.68n | -1.9 |
| | **Guidemark** | | | | | |
| | $ 1.4 bil 925-263-2078 | | | | | |
| A | LgCpCoreSvc | -18 | -13 | +77 | 24.97n | -.78 |
| | **Guidestone** | | | | | |
| | $ 20.4 bil 888-473-8637 | | | | | |
| A | **EqIdxInvstr** | -16 | -10 | +80 | 42.68n | +.00 |
| | **GuideStone G2** | | | | | |
| | $ 4.3 bil 888-473-8637 | | | | | |
| A | EqIndxInst | -16 | -10 | +82 | 42.71n | +.00 |
| | **GurdianTr** | | | | | |
| | $ 3.9 bil 704-705-1860 | | | | | |
| A- | GrUSEq | -15 | -10 | +69 | 27.99n | -.69 |
| | **Harbor Funds** | | | | | |
| | $ 105 bil 800-422-1050 | | | | | |
| A- | CapApprAdm | -34 | -21 | +73 | 64.28n | -2.5 |
| A- | CapApprInv | -34 | -21 | +71 | 61.91n | -2.4 |
| A | LgCpValInst | -15 | -8 | +70 | 19.78n | -.63 |
| A | LrgValInv | -15 | -8 | +69 | 19.99n | -.63 |
| | **Hartford A** | | | | | |
| | $ 45.2 bil 860-547-5000 | | | | | |
| A- | MidCapVal | -8 | -8 | +45 | 16.34 | -.48 |
| A- | ValueOpps | -7 | -7 | +54 | 23.65 | -.51 |
| | **Hartford C** | | | | | |
| | $ 79.7 bil 860-547-5000 | | | | | |
| A | Div#Gr | -10 | -8 | +65 | 29.27n | -.72 |
| A- | EqtyInc | -4 | -4 | +54 | 21.67n | -.44 |
| A- | ValOpp | -7 | -7 | +48 | 19.85n | -.43 |
| | **Hartford HLS IA** | | | | | |
| | $ 9.4 bil 860-547-5000 | | | | | |
| A- | DiscpEq | -19 | -12 | +70 | 16.93n | -.48 |
| A+ | Div#Gr | -10 | -8 | +69 | 24.84n | -.63 |
| A- | Stock | -10 | -7 | +81 | 102.19n | -2.0 |
| | **Hartford HLS IB** | | | | | |
| | $ 22.2 bil 860-547-5000 | | | | | |
| A- | DiscpEq | -19 | -12 | +68 | 16.63n | -.47 |
| A+ | Div#Gr | -10 | -8 | +67 | 24.63n | -.63 |
| A- | Stock | -10 | -7 | +79 | 102.01n | -2.0 |
| | **Hartford I** | | | | | |
| | $ 71.9 bil 860-547-5000 | | | | | |
| A- | Capvalue | -8 | -8 | +47 | 16.55n | -.48 |
| A+ | Div#GrI | -10 | -8 | +71 | 30.43n | -.76 |
| A | EqtyInc | -4 | -4 | +59 | 21.66n | -.44 |
| A | Valueopp | -7 | -7 | +56 | 23.29n | -.51 |
| | **Hartford R3** | | | | | |
| | $ 54.6 bil 860-547-5000 | | | | | |
| A | Div#GrR3 | -10 | -8 | +68 | 31.12n | -.78 |
| A- | EqtyInc | -4 | -4 | +56 | 21.84n | -.45 |
| | **Hartford R4** | | | | | |
| | $ 54.6 bil 860-547-5000 | | | | | |
| A | Div#GrR4 | -10 | -8 | +69 | 31.41n | -.78 |
| A- | EqtyInc | -4 | -4 | +58 | 21.89n | -.45 |
| | **Hartford R5** | | | | | |
| | $ 40.5 bil 860-547-5000 | | | | | |
| A+ | Div#GrR5 | -10 | -8 | +71 | 31.57n | -.78 |
| A | EqtyInc | -4 | -4 | +60 | 22.03n | -.45 |
| A | Valueopp | -7 | -7 | +56 | 24.60n | -.53 |
| | **Hartford Y** | | | | | |
| | $ 70.7 bil 860-547-5000 | | | | | |
| A- | CoreEq | -19 | -12 | +80 | 40.82n | -1.2 |
| A+ | Div#GrY | -10 | -8 | +72 | 31.58n | -.78 |
| A | EquityInc | -4 | -4 | +60 | 22.11n | -.45 |
| A- | MidCapVal | -8 | -8 | +48 | 18.16n | -.53 |
| A | ValueOpps | -7 | -7 | +56 | 24.63n | -.53 |
| | **Heartland Funds** | | | | | |
| | $ 1.2 bil 800-432-7856 | | | | | |
| A | ValPlusInv | -9 | -5 | +59 | 36.11n | -.73 |
| | **Hennessy** | | | | | |
| | $ 1.9 bil 800-966-4354 | | | | | |
| A+ | CorMid | +4 | +0 | +60 | 21.42n | -.58 |
| | **Hennessy Funds** | | | | | |
| | $ 7.1 bil 800-966-4354 | | | | | |
| A | CorValInv | +5 | +0 | +51 | 20.53n | -.36 |
| | **Hillman Funds** | | | | | |
| | $ 250 mil 800-226-0206 | | | | | |
| A- | NoLoad | -9 | -9 | +71 | 29.43n | -.73 |
| | **Hodges** | | | | | |
| | $ 226 mil 866-811-0224 | | | | | |
| A | HodgesSmCp | -9 | -6 | +61 | 20.34n | -.52 |
| | **Homestead** | | | | | |
| | $ 1.2 bil 800-258-3030 | | | | | |
| A- | Value | -11 | -8 | +60 | 48.51n | -1.4 |
| | **Hotchkis & Wiley** | | | | | |
| | $ 9.8 bil 800-796-5606 | | | | | |
| A- | LgCapValA | -6 | -8 | +55 | 41.40 | -1.4 |
| A- | LgCapValI | -6 | -8 | +56 | 41.66n | -1.4 |
| A+ | MidCapValA | +3 | -6 | +44 | 44.78 | -1.6 |
| A | MidCapValC | +2 | -6 | +40 | 38.77n | -1.4 |
| A+ | MidCapValI | +3 | -6 | +45 | 45.58n | -1.6 |
| A+ | SmCapValA | +1 | -6 | +55 | 72.78 | -2.4 |
| A+ | SmCapValI | +1 | -6 | +56 | 73.15n | -2.4 |
| A | ValOppsA | -9 | -12 | +54 | 31.88 | -1.1 |
| A- | ValOppsC | -10 | -12 | +50 | 28.90n | -.97 |
| | **Invesco Funds** | | | | | |
| | $ 28.3 bil 800-959-4246 | | | | | |
| A+ | EnergyInv | +54 | +19 | +37 | 28.89n | -.53 |
| | **Invesco Funds A** | | | | | |
| | $ 143 bil 800-959-4246 | | | | | |
| A | CapApprec | -27 | -17 | +63 | 51.01 | -1.6 |
| E | DevelopMkt | -23 | -8 | +5 | 36.63 | -.78 |
| A+ | GlbHlthCare | -20 | -13 | +64 | 32.05 | -.56 |
| A | OppenValue | -1 | -5 | +54 | 33.92 | -.90 |
| A+ | **OppGlodSpec** | -6 | -16 | +65 | 24.75 | +.78 |
| A+ | TechnologyA | -31 | -19 | +92 | 41.60 | -1.7 |
| | **Invesco Funds C** | | | | | |
| | $ 139 bil 800-959-4246 | | | | | |
| A- | CapitalC | -27 | -17 | +49 | 26.93n | -.86 |
| A+ | EnergyC | +54 | +19 | +33 | 24.37n | -.45 |
| A+ | GlbHlthCare | -21 | -13 | +66 | 16.56n | -.30 |
| A | OppenValue | -1 | -5 | +49 | 31.55n | -.85 |
| A | S#P500 Idx | -18 | -13 | +76 | 39.59n | -1.2 |
| A+ | TechnologyC | -31 | -19 | +89 | 27.37n | -1.1 |
| | **Invesco Funds R** | | | | | |
| | $ 125 bil 800-959-4246 | | | | | |
| A | OppCapAprec | -27 | -17 | +59 | 45.03n | -1.4 |
| A | OppenValue | -1 | -5 | +52 | 32.90n | -.88 |
| A- | OppMainStrt | -18 | -13 | +53 | 19.58n | -.56 |
| A- | OppRsingDiv | -15 | -12 | +55 | 22.57n | -.61 |
| A+ | OppValueI | -1 | -5 | +56 | 34.97n | -.93 |
| A+ | **SplMinrlsR** | -6 | -16 | +63 | 23.40n | +.73 |
| | **Invesco Funds Y** | | | | | |
| | $ 101 bil 800-959-4246 | | | | | |
| A | CapApprec | -26 | -17 | +66 | 59.17n | -1.9 |
| E | DevelpMkts | -23 | -8 | +5 | 36.05n | -.77 |
| A+ | **MineralsY** | -5 | -16 | +66 | 24.81n | +.78 |
| A- | OppRisngDiv | -15 | -12 | +55 | 22.64n | -.61 |
| A | S#P500IdxY | -18 | -12 | +80 | 41.86n | -1.3 |
| | **Investments** | | | | | |
| | $ 581 mil 831-429-6513 | | | | | |
| A | InstlnI | -9 | -8 | +57 | 49.58n | -.90 |
| | **Ivy Funds** | | | | | |
| | $ 213 bil 866-941-4482 | | | | | |
| A- | BalancedB | 0 | +0 | +53 | 29.43n | +.00 |
| A+ | CoreEqA | -18 | -12 | +77 | 15.78 | -.50 |
| A+ | CoreEqB | 0 | +0 | +97 | 16.51n | +.00 |
| A- | EmerMktB | 0 | +0 | +47 | 21.34n | +.00 |
| A- | GlbNatResC | +25 | +7 | +24 | 14.09n | +.00 |
| A | GlbNatResE | +26 | +8 | +31 | 17.82 | +.00 |
| A | GlbNatResI | +26 | +8 | +31 | 18.13n | +.00 |
| A- | GlbNatResR | +25 | +7 | +28 | 17.06n | +.00 |
| A- | GlbNatResY | +26 | +8 | +30 | 17.77n | +.00 |
| A | LrgCapGrC | -24 | -14 | +85 | 19.23n | +.00 |
| A+ | LrgCapGrI | -23 | -14 | +98 | 28.44n | +.00 |
| A | LrgCapGrY | -23 | -14 | +96 | 27.30n | +.00 |
| A+ | MidCapGrB | 0 | +0 | +143 | 30.04n | +.00 |
| A- | MidCapGrC | -30 | -18 | +80 | 20.19n | -.76 |
| A | MidCapGrI | -30 | -18 | +93 | 29.71n | -1.1 |
| A- | MidCapGrR | -30 | -18 | +86 | 25.16n | -.96 |
| A- | MidCapGrY | -30 | -18 | +90 | 28.14n | -1.1 |
| A+ | Sci#TechB | 0 | +0 | +126 | 74.85n | +.00 |
| A- | Sci#TechE | -26 | -16 | +74 | 51.66 | +.00 |
| A- | Sci#TechI | -26 | -16 | +78 | 63.67n | +.00 |
| A- | Sci#TechY | -26 | -16 | +76 | 58.44n | +.00 |
| A- | SmlCapGrB | 0 | +0 | +67 | 13.20n | +.00 |
| A | ValueA | -6 | -6 | +60 | 25.89 | -.64 |
| A- | ValueB | 0 | +0 | +53 | 26.81n | +.00 |
| A | ValueC | -6 | -6 | +55 | 24.54n | -.60 |

## –J–K–L–

| 36 Mo Performance Rating | Fund | YTD % Chg | 12Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg |
|---|---|---|---|---|---|---|
| | **J Hancock A** | | | | | |
| | $ 44.8 bil 800-225-5291 | | | | | |
| A- | ClassicVal | -5 | -8 | +46 | 37.85 | -1.4 |
| A- | MidCapA | -9 | -9 | +49 | 23.94 | -.77 |
| | **J Hancock C** | | | | | |
| | $ 19.9 bil 800-225-5291 | | | | | |
| A- | LrgCapEq | -18 | -12 | +55 | 49.72n | +.00 |
| | **Janus Aspn Inst** | | | | | |
| | $ 675 mil 888-834-2536 | | | | | |
| A- | Overseas | -11 | -7 | +45 | 38.20n | -.90 |
| | **Janus Henderson** | | | | | |
| | $ 135 bil 800-668-0434 | | | | | |
| A- | EuroFocC | -19 | -9 | +22 | 35.63n | -.83 |
| A- | Forty | -32 | -21 | +78 | 36.82 | -1.5 |
| A- | Overseas | -11 | -7 | +44 | 39.40n | -.90 |
| | **Janus S Shrs** | | | | | |
| | $ 15.6 bil 888-834-2536 | | | | | |
| A- | Overseas | -11 | -7 | +43 | 39.39n | -.90 |
| | **Jensen Inv Management** | | | | | |
| | $ 11.9 bil 800-992-4144 | | | | | |
| A | QltyGrowthR | -19 | -11 | +79 | 54.51n | -1.3 |
| A | QualtGrowI | -19 | -11 | +83 | 54.82n | -1.4 |
| | **JP Morgan A** | | | | | |
| | $ 226 bil 800-480-4111 | | | | | |
| A | EquityIdx | -15 | -10 | +79 | 60.36 | +.00 |
| A+ | GrAdvantg r | -24 | -15 | +107 | 24.13 | +.00 |
| A- | IntrepdVal | -6 | -5 | +47 | 28.31 | +.00 |
| A | IntrepidGr | -22 | -14 | +74 | 52.71 | +.00 |
| A+ | LgCapGr | -23 | -13 | +110 | 46.63 | +.00 |
| A+ | LgCapVal | 0 | -6 | +61 | 19.22 | +.00 |
| A+ | USEquity | -16 | -11 | +77 | 18.54 | +.00 |
| A+ | USLgCorPls | -18 | -11 | +57 | 19.21 | +.00 |
| A | USValueA | -5 | -4 | +67 | 63.89 | +.00 |
| | **JP Morgan C** | | | | | |
| | $ 159 bil 800-480-4111 | | | | | |
| A | EquityIdx | -16 | -10 | +75 | 59.65n | +.00 |
| A | IntrepidGr | -23 | -14 | +71 | 50.82n | +.00 |
| A+ | USEquityC | -16 | -11 | +73 | 17.63n | +.00 |
| A | USLgCorPls | -18 | -11 | +52 | 16.50n | +.00 |
| | **JP Morgan Fds** | | | | | |
| | $ 46.0 bil 800-480-4111 | | | | | |
| A+ | GrowthI | -23 | -13 | +113 | 47.89n | +.00 |
| | **JP Morgan Instl** | | | | | |
| | $ 141 bil 800-480-4111 | | | | | |
| A+ | BehaveVal | 0 | -4 | +59 | 83.59n | +.00 |
| A- | EquityInc | -5 | -4 | +66 | 22.62n | +.00 |
| A+ | USEquityI | -16 | -11 | +79 | 18.62n | +.00 |
| A+ | USEquityL | -15 | -11 | +80 | 18.67n | +.00 |
| A- | ValAdvnL | -3 | -5 | +55 | 38.79n | +.00 |
| | **JP Morgan R5** | | | | | |
| | $ 88.0 bil 800-480-4111 | | | | | |
| E | CoreBond | -9 | -5 | +4 | 10.63n | +.00 |
| A | IntrpdGrth | -22 | -14 | +77 | 53.13n | +.00 |
| A- | IntrpdVal | -6 | -5 | +49 | 28.74n | +.00 |
| A+ | LgVal | 0 | -6 | +63 | 19.07n | +.00 |
| A- | SmlCapVal | -9 | -7 | +35 | 27.74n | +.00 |
| A+ | USEqty | -15 | -11 | +80 | 18.68n | +.00 |
| A+ | USLgCrPls | -17 | -11 | +60 | 20.15n | +.00 |
| | **JP Morgan R6** | | | | | |
| | $ 61.5 bil 800-480-4111 | | | | | |
| A+ | EnhanEqu | -15 | -10 | +79 | 31.10n | +.00 |
| A- | SmlCapVal | -9 | -7 | +36 | 27.80n | +.00 |
| | **JP Morgan Selct** | | | | | |
| | $ 135 bil 800-480-4111 | | | | | |
| E | CoreBondI | -9 | -5 | +4 | 10.65n | +.00 |
| A+ | LgCapVal | 0 | -6 | +62 | 18.83n | +.00 |
| A+ | ResearchEn | -15 | -10 | +78 | 31.15n | +.00 |
| A- | SmlCapVal | -9 | -7 | +35 | 27.68n | +.00 |
| | **Kinetics Funds** | | | | | |
| | $ 4.6 bil 800-930-3828 | | | | | |
| A | ParaAdv | +9 | +8 | +107 | 70.32n | -.73 |
| A+ | Paradigm | +10 | +8 | +113 | 77.23 | -.79 |
| A+ | ParadigmNL | +10 | +8 | +116 | 80.53n | -.83 |
| A+ | PardigmIns | +10 | +8 | +118 | 81.39n | -.84 |
| A+ | SmCpOpport | +15 | +7 | +167 | 113.21n | -1.6 |
| A+ | SmlCapOpprt | +15 | +7 | +172 | 115.66n | -1.6 |
| A+ | SmOppAdvC | +14 | +7 | +158 | 103.04n | -1.4 |
| | **Lazard Instl** | | | | | |
| | $ 93.6 bil 800-823-6300 | | | | | |
| A+ | WindsrIIIInv | -14 | -10 | +61 | 39.76n | -1.2 |
| | **Legg Mason** | | | | | |
| | $ 71.9 bil 800-822-5544 | | | | | |
| A | CapEquityIS | -19 | -13 | +61 | 17.10n | -.57 |
| A- | CBApprecIS | -14 | -10 | +74 | 28.53n | -.78 |
| A- | CBApprecR | -14 | -10 | +70 | 28.59n | -.78 |
| A | ClrBrdgVal | -8 | -8 | +61 | 107.36n | -3.0 |
| A- | StrategyR | -10 | -7 | +66 | 27.54n | -.65 |
| | **Legg Mason A** | | | | | |
| | $ 60.1 bil 800-822-5544 | | | | | |
| A- | GlobalEqA | -15 | -12 | +51 | 17.63 | -.53 |
| A | S#P500Idx | -18 | -12 | +74 | 31.16n | -.94 |
| A | ValueA | -8 | -8 | +61 | 90.85 | -2.6 |
| | **Legg Mason C** | | | | | |
| | $ 91.9 bil 800-822-5544 | | | | | |
| A- | CBEQincbId | -10 | -7 | +63 | 27.26n | -.64 |
| | **Legg Mason I** | | | | | |
| | $ 92.2 bil 800-822-5544 | | | | | |
| A- | CBApprec | -14 | -10 | +74 | 28.42n | -.77 |
| A | CBEQincbId | -10 | -7 | +70 | 28.73n | -.68 |
| A | CBEQincbId | -10 | -7 | +70 | 27.81n | -.65 |
| A+ | Clearbrge | -8 | -8 | +63 | 111.81n | -3.1 |
| | **Legg Mason Partners** | | | | | |
| | $ 20.1 bil 800-822-5544 | | | | | |
| A- | AppreçatnA | -14 | -10 | +71 | 28.61 | -.79 |
| | **Lord Abbett A** | | | | | |
| | $ 115 bil 888-522-2388 | | | | | |
| A- | Convertible | -20 | -12 | +56 | 12.93 | -.16 |
| A | GrowthLdrs | -32 | -20 | +86 | 27.42 | -.94 |
| E | ShrtDurInco | -5 | -2 | +4 | 3.93 | -.02 |
| | **Lord Abbett C** | | | | | |
| | $ 101 bil 888-522-2388 | | | | | |
| A- | Convertible | -20 | -12 | +53 | 12.77n | -.16 |
| E | ShrtDurInc | -5 | -2 | +2 | 3.96n | -.02 |
| | **Lord Abbett F** | | | | | |
| | $ 90.9 bil 888-522-2388 | | | | | |
| E | ShrtDurInc | -4 | -2 | +5 | 3.93n | -.02 |
| | **Lord Abbett I** | | | | | |
| | $ 78.4 bil 888-522-2388 | | | | | |
| A- | Convertible | -20 | -12 | +58 | 13.05n | -.17 |
| E | ShrtDurInc | -4 | -2 | +6 | 3.93n | -.02 |
| | **Lsv** | | | | | |
| | $ 2.1 bil 312-460-2443 | | | | | |
| A- | ValueEquity | -7 | -7 | +44 | 27.02n | -.78 |
| | **Lyrical Asset Mgmt** | | | | | |
| | $ 764 mil 212-415-6600 | | | | | |
| A | ValEqFnd | -13 | -10 | +39 | 19.92n | -.79 |

## –M–N–O–

| 36 Mo Performance Rating | Fund | YTD % Chg | 12Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg |
|---|---|---|---|---|---|---|
| | **Madison Funds** | | | | | |
| | $ 1.4 bil 800-877-6089 | | | | | |
| A- | Investors | -14 | -10 | +72 | 23.90n | -.66 |
| | **MainStay A Fds** | | | | | |
| | $ 28.5 bil 800-624-6782 | | | | | |
| A+ | MapEq | -7 | -6 | +68 | 27.76 | -.67 |
| A | SP500Idx | -18 | -12 | +67 | 48.70 | -1.5 |
| | **MainStay B Fds** | | | | | |
| | $ 30.3 bil 800-624-6782 | | | | | |
| A+ | MapEq | -7 | -7 | +57 | 20.11n | -.49 |
| | **MainStay C Fds** | | | | | |
| | $ 13.2 bil 800-624-6782 | | | | | |
| A+ | MapEqty | -7 | -6 | +58 | 20.13n | -.48 |
| | **Managed Portfolio Funds** | | | | | |
| | $ 329 mil 855-822-3863 | | | | | |
| A+ | SmlCapGrw | -26 | -17 | +79 | 48.00n | -1.7 |
| | **Mass Mutl Instl** | | | | | |
| | $ 1.3 bil 800-272-2216 | | | | | |
| A | PrmDiscGroA | -27 | -17 | +58 | 7.79 | -.30 |
| | **Mass Mutl Prem** | | | | | |
| | $ 16.1 bil 800-272-2216 | | | | | |
| A | DiscplnGrwS | -27 | -17 | +62 | 8.09n | -.32 |
| | **Mass Mutl Select** | | | | | |
| | $ 77.8 bil 800-272-2216 | | | | | |
| A- | DiversValA | -6 | -7 | +47 | 11.98 | -.27 |
| A- | DiversValL | -6 | -7 | +48 | 12.12n | -.27 |
| A- | DiversValY | -6 | -7 | +49 | 12.01n | -.27 |
| A- | FocusVal | -9 | -6 | +60 | 17.29n | -.35 |
| A- | FocusVal | -9 | -6 | +61 | 17.65n | -.36 |
| A- | FundValA | -5 | -6 | +39 | 9.45n | -.23 |
| A- | FundValL | -5 | -6 | +40 | 9.63n | -.23 |
| A- | FundValY | -5 | -6 | +41 | 9.52n | -.22 |
| A- | FundValZ | -5 | -6 | +42 | 9.50n | -.22 |
| A | IndexEqA | -18 | -12 | +63 | 16.59 | -.50 |
| A | IndexEqS | -18 | -12 | +65 | 17.39n | -.52 |
| | **MassMutual** | | | | | |
| | $ 7.6 bil 800-272-2216 | | | | | |
| A | Index | -18 | -12 | +61 | 15.87n | -.48 |
| A | IndexEqY | -18 | -12 | +64 | 16.91n | -.50 |
| | **Mathtew25** | | | | | |
| | $ 772 mil 888-836-1777 | | | | | |
| A+ | EMSmCmsInst | -14 | -2 | +62 | 25.75n | +.00 |
| | **Matthews Intl** | | | | | |
| | $ 836 mil 800-789-2742 | | | | | |
| A- | InnovatorIn | -20 | -4 | +55 | 15.16n | +.00 |
| | **Meridian Funds** | | | | | |
| | $ 4.4 bil 800-446-6662 | | | | | |
| A | ContraLeg | -16 | -12 | +72 | 38.67n | -.98 |
| | **Metro West** | | | | | |
| | $ 333 bil 800-241-4671 | | | | | |
| E | ReturnBdAdm | -12 | -7 | +3 | 9.57n | -.09 |
| E | ReturnBdM | -12 | -7 | +2 | 9.56n | -.10 |
| E | TotRetBdI | -12 | -7 | +4 | 9.56n | -.10 |
| E | TRBdPlan | -12 | -7 | +4 | 8.97n | -.08 |
| | **MFS Funds A** | | | | | |
| | $ 215 bil 800-225-2606 | | | | | |
| A | BlenResEq | -16 | -10 | +61 | 27.75 | -.85 |
| A | CoreEquity | -17 | -11 | +76 | 39.54 | -1.2 |
| B+ | GrowthA | -28 | -17 | +88 | 129.45 | -4.9 |
| A+ | MAInvGrSk | -19 | -11 | +95 | 34.60 | -.99 |
| A- | MAInvTr | -17 | -11 | +64 | 34.74 | -1.0 |
| A- | MidCapVal | -10 | -7 | +57 | 28.47 | -.87 |
| A- | Research | -17 | -11 | +68 | 50.03 | -1.5 |
| B+ | ValueA | -11 | -8 | +51 | 48.03 | -1.2 |
| | **MFS Funds B** | | | | | |
| | $ 204 bil 800-225-2606 | | | | | |
| A- | CoreEquity | -17 | -11 | +69 | 33.48n | -1.0 |
| A | MAInvGrSk | -19 | -11 | +86 | 27.66n | -.79 |
| A- | MidCapVal | -10 | -7 | +52 | 26.68n | -.82 |
| B | Value | -12 | -8 | +47 | 47.82n | -1.2 |
| | **MFS Funds C** | | | | | |
| | $ 168 bil 800-225-2606 | | | | | |
| A- | CoreEquity | -17 | -11 | +69 | 32.92n | -1.0 |
| A | MAInvGrSk | -19 | -11 | +86 | 27.40n | -.78 |
| A- | MidCapVal | -10 | -7 | +52 | 26.51n | -.80 |
| B | Value | -12 | -8 | +47 | 47.40n | -1.2 |
| | **MFS Funds I** | | | | | |
| | $ 152 bil 800-225-2606 | | | | | |
| A+ | MAInvGrSk | -19 | -11 | +97 | 35.99n | -1.0 |
| A- | MassInvTr | -17 | -11 | +65 | 33.46n | -.99 |
| A- | MidCapValI | -10 | -7 | +58 | 29.31n | -.89 |
| A+ | ResCoreEqI | -16 | -10 | +63 | 28.28n | -.86 |
| A- | Research | -17 | -11 | +70 | 51.62n | -1.5 |
| B+ | Value | -11 | -8 | +52 | 48.34n | -1.2 |
| | **MgmtFunds** | | | | | |
| | $ 93.8 bil 336-856-2911 | | | | | |
| C | SmlCapWrldA | -29 | -16 | +45 | 57.15 | -1.6 |
| | **Morgan Stan** | | | | | |
| | $ 6.1 bil 888-454-3965 | | | | | |
| A- | LrgCapEq | -19 | -13 | +60 | 20.66n | -.64 |
| | **Motley Fool Funds** | | | | | |
| | $ 453 mil 888-863-8803 | | | | | |
| A | Globalopps | 0 | +0 | +84 | 30.93n | +.00 |
| | **Nationwide A** | | | | | |
| | $ 10.7 bil 800-321-6064 | | | | | |
| A | Nationwide | -16 | -11 | +65 | 25.78 | +.00 |
| A | S#P500Idx | -15 | -10 | +74 | 19.11 | +.00 |
| | **Nationwide Fds Svc** | | | | | |
| | $ 8.6 bil 800-321-6064 | | | | | |
| A | S#P500Ins | -15 | -10 | +75 | 19.26n | +.00 |
| A | S#P500Svc | -15 | -10 | +74 | 19.14n | +.00 |
| | **Nationwide Funds Instl** | | | | | |
| | $ 4.0 bil 800-321-6064 | | | | | |
| A | S#P500Idx | -15 | -10 | +77 | 19.32n | +.00 |
| | **Natixis Funds** | | | | | |
| | $ 24.1 bil 617-449-2100 | | | | | |
| A- | USMltCapEqY | -20 | -16 | +67 | 41.83n | -1.4 |
| | **Neubg Brm** | | | | | |
| | $ 49.0 bil 800-223-6448 | | | | | |
| A- | Instrinsic | -19 | -15 | +55 | 18.02n | -.58 |
| A- | Intrinsic | -19 | -15 | +67 | 18.58 | -.60 |
| A+ | LgCapVal | -4 | -6 | +89 | 42.80 | -.86 |
| A- | ResFdR6 | -19 | -13 | +54 | 38.14n | -1.0 |
| A- | SocResponsA | -19 | -14 | +168 | 38.22 | -1.0 |
| A- | SocRespR3 | -19 | -14 | +169 | 38.24n | -1.0 |
| | **Neubg Brm Adv** | | | | | |
| | $ 11.8 bil 800-223-6448 | | | | | |
| A+ | LgCapVal | -4 | -6 | +85 | 42.84n | -.86 |
| | **Neubg Brm Instl** | | | | | |
| | $ 9.4 bil 800-223-6448 | | | | | |
| A | IntrnVal | -18 | -15 | +64 | 18.86n | -.61 |
| A+ | LgCapVal | -3 | -6 | +90 | 42.76n | -.85 |
| A- | SustainEq | -19 | -14 | +53 | 38.14n | -1.0 |
| | **Neubg Brm Inv** | | | | | |
| | $ 16.6 bil 800-223-6448 | | | | | |
| A+ | Guardian | -22 | -14 | +87 | 21.13n | -.62 |
| A+ | LgCapVal | -3 | -6 | +91 | 42.79n | -.86 |
| | **Neubg Brm Tr** | | | | | |
| | $ 16.0 bil 800-223-6448 | | | | | |
| A+ | LgCapVal | -4 | -6 | +89 | 42.82n | -.86 |
| A- | SocRspons | -19 | -14 | +165 | 38.28n | -1.0 |
| | **Nicholas Group** | | | | | |
| | $ 450 mil 800-844-6541 | | | | | |
| A- | EquityIncl | -10 | -8 | +57 | 19.40n | -.42 |
| | **Northern** | | | | | |
| | $ 22.6 bil 800-595-9111 | | | | | |
| A+ | LrgCapCore | -13 | -9 | +89 | 23.25n | +.00 |
| A | SustainIdx | -19 | -12 | +64 | 16.99n | -.48 |
| | **Oak Associates** | | | | | |
| | $ 1.5 bil 888-462-5386 | | | | | |
| A- | TechSelect | -25 | -16 | +86 | 31.84n | -1.1 |
| | **Oakmark I** | | | | | |
| | $ 81.2 bil 800-625-6275 | | | | | |
| A- | GlblSrvc | 0 | +0 | +43 | 32.90n | +.00 |
| D+ | Intl | -15 | -8 | +7 | 23.98n | -.73 |
| A+ | ServcFd | 0 | +0 | +81 | 117.07n | +.00 |
| | **Olstein** | | | | | |
| | $ 682 mil 800-799-2113 | | | | | |
| A | AllCpValAd | -15 | -12 | +54 | 26.60n | -.87 |
| | **Oppenheimer I** | | | | | |
| | $ 45.9 bil 800-525-7048 | | | | | |
| E | DlvpMkt | -23 | -8 | +6 | 36.06n | -.77 |

## –P–Q–R–

| 36 Mo Performance Rating | Fund | YTD % Chg | 12Wk % Chg | 5 Yr After Tax Rtn | Net Asset Value | NAV Chg |
|---|---|---|---|---|---|---|
| | **Pace Funds A** | | | | | |
| | $ 7.3 bil 800-647-1568 | | | | | |
| A | LrgCoGr | -25 | -15 | +68 | 18.29 | -.61 |
| A- | SmMdCoVal | -12 | -8 | +39 | 20.53 | -.52 |
| | **Pace Funds P** | | | | | |
| | $ 5.0 bil 800-647-1568 | | | | | |
| A- | SmMdCoVal | -11 | -8 | +41 | 21.33n | -.55 |
| | **Parnassus** | | | | | |
| | $ 27.8 bil 800-999-3505 | | | | | |
| A | CoreEqInv | -19 | -13 | +78 | 51.39n | -1.4 |
| | **Partners** | | | | | |
| | $ 1.3 bil 207-495-9070 | | | | | |
| A+ | USEquity | -10 | -10 | +63 | 19.38n | -.52 |
| | **PgimInvest** | | | | | |
| | $ 122 bil 973-367-7930 | | | | | |
| A- | ConservGr | -30 | -19 | +54 | 8.03n | -.31 |
| A | DivGrowthA | -29 | -19 | +65 | 11.72 | -.45 |
| A- | GrowthR | -34 | -22 | +75 | 32.08n | -1.3 |
| A- | GrowthZ | -34 | -21 | +82 | 44.26n | -1.7 |
| A | JennGlbOps | -37 | -23 | +98 | 28.85n | -.96 |
| A- | JennisonGrA | -34 | -22 | +78 | 39.30 | -1.6 |
| A+ | MidCapGr | -26 | -18 | +70 | 16.85n | -.58 |
| A+ | NatlRsrc | +31 | +8 | +79 | 57.41 | -1.0 |
| A- | QmaSmalCap | -9 | -9 | +32 | 20.38 | -.56 |
| A+ | ResourcesC | +31 | +8 | +73 | 45.11n | -.82 |
| A+ | ResourcesR | +31 | +8 | +77 | 56.36n | -1.0 |
| A+ | ResourcesR6 | +31 | +8 | +82 | 60.65n | -1.1 |
| A+ | ResourcesZ | +31 | +8 | +82 | 60.15n | -1.1 |
| A+ | SmallCo | -19 | -13 | +87 | 20.87n | -.63 |
| A | SmlCapValZ | -8 | -9 | +33 | 20.38n | -.55 |
| A | StockIdxI | -18 | -12 | +66 | 39.05n | -1.2 |
| E | TotRetBd | -12 | -6 | | 12.68n | +.00 |
| A- | ValueR | -9 | -9 | +32 | 20.06n | -.54 |
| | **PIMCO A** | | | | | |
| | $ 169 bil 888-877-4626 | | | | | |
| A+ | CommodRR | +37 | +10 | +67 | 7.16 | +.00 |
| A- | Raefund | -6 | -5 | +50 | 5.77 | +.00 |
| A | StocksPLUS | -20 | -14 | +63 | 9.19 | -.29 |
| A | StocksRet | -18 | -11 | +59 | 9.45 | +.00 |
| | **PIMCO Admin** | | | | | |
| | $ 171 bil 888-877-4626 | | | | | |
| E | IncomeFd | -7 | -3 | +8 | 10.89n | +.00 |
| A+ | RealRet | +37 | +10 | +68 | 7.23n | +.00 |
| | **PIMCO C** | | | | | |
| | $ 144 bil 888-877-4626 | | | | | |
| A+ | CommodRR | +37 | +10 | +63 | 6.53n | +.00 |
| A- | RAEfund | -7 | -5 | +44 | 4.94n | +.00 |
| A- | StocksPlRet | -18 | -11 | +52 | 7.97n | +.00 |
| A- | StocksPLUS | -20 | -14 | +59 | 8.37n | -.27 |
| | **PIMCO Inst I** | | | | | |
| | $ 69.6 bil 800-927-4648 | | | | | |
| A+ | RAEfund | 280 | +265 | +475 | 14.85n | -.47 |
| A | RaePlus | -6 | -5 | +54 | 6.32n | +.00 |
| A- | StkPlsLgDur | -34 | -21 | +60 | 5.22n | +.00 |
| A+ | Stockplus | 146 | +170 | +230 | 13.64n | -.44 |
| | **PIMCO P** | | | | | |
| | $ 313 bil 888-877-4626 | | | | | |
| E | Income | -7 | -3 | +9 | 10.89n | +.00 |
| A | RAEfund | -6 | -5 | +53 | 6.24n | +.00 |
| A | StocksPlus | -18 | -11 | +61 | 9.54n | +.00 |
| E | TotalRetrn | -11 | -6 | +3 | 9.02n | -.08 |
| | **Pioneer** | | | | | |
| | $ 25.9 bil 800-225-6292 | | | | | |
| A | FndmtlGrwth | -22 | -15 | +72 | 23.93n | -.86 |
| A+ | Pioneer | -16 | -12 | +80 | 31.93n | -1.0 |
| | **Pioneer A** | | | | | |
| | $ 27.1 bil 800-225-6292 | | | | | |
| A | CoreEquity | -17 | -14 | +66 | 19.45 | -.61 |
| A | Disciplined | -7 | -7 | +49 | 14.85 | -.40 |
| A+ | GlobalEq | -9 | -6 | +50 | 16.41 | +.00 |
| A+ | Pioneer | -16 | -12 | +78 | 31.89 | -1.0 |
| | **Pioneer C** | | | | | |
| | $ 36.8 bil 800-225-6292 | | | | | |
| A- | Disciplined | -8 | -8 | +47 | 14.57n | -.39 |
| A+ | Funds | -16 | -12 | +74 | 25.31n | -.82 |
| A- | Growth | -22 | -15 | +68 | 21.02n | -.76 |
| | **Pioneer Y** | | | | | |
| | $ 27.0 bil 800-225-6292 | | | | | |
| A+ | CoreEq | -17 | -14 | +67 | 19.84n | -.63 |
| A | Disciplined | -7 | -7 | +52 | 15.00n | -.41 |
| A- | MidCapVal | -8 | -8 | +41 | 26.56n | -.68 |
| A+ | Pioneer | -16 | -12 | +84 | 32.54n | -1.1 |
| | **PopForCap** | | | | | |
| | $ 1.5 bil 626-304-6000 | | | | | |
| A+ | PartnerInst | 0 | -4 | +51 | 52.17n | -1.4 |
| A+ | PartnersA | 0 | -4 | +49 | 52.12 | -1.4 |
| | **Praxis** | | | | | |
| | $ 2.8 bil 800-977-2947 | | | | | |
| A+ | GrwIndI | -26 | -17 | +97 | 32.14n | -1.2 |
| A+ | GrwthIndex | -26 | -17 | +94 | 31.80 | -1.2 |
| A- | IndexI | -10 | -7 | +58 | 15.47n | -.34 |
| A- | ValueIdxA | -10 | -7 | +55 | 15.57 | -.34 |

**UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF OKLAHOMA**

DUANE & VIRGINIA LANIER TRUST, individually and on behalf of all others similarly situated,
Plaintiffs,
v.
SANDRIDGE MISSISSIPPIAN TRUST I, et al.,
Defendants.

Case No. 5:15-CV-00634-G

**SUMMARY NOTICE OF PENDENCY AND PROPOSED PARTIAL CLASS ACTION SETTLEMENT**

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED COMMON UNITS OF SANDRIDGE MISSISSIPPIAN TRUST I, BETWEEN APRIL 5, 2011 AND NOVEMBER 8, 2012, INCLUSIVE, AND WERE DAMAGED THEREBY, OR WHO PURCHASED OR OTHERWISE ACQUIRED COMMON UNITS OF SANDRIDGE MISSISSIPPIAN TRUST II BETWEEN APRIL 17, 2012 AND NOVEMBER 8, 2012, INCLUSIVE, AND WERE DAMAGED THEREBY ("SETTLEMENT CLASS PERIOD").**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Western District of Oklahoma, that a hearing will be held on October 6, 2022, at 2:00 p.m., before the Honorable Charles Goodwin, at the United States District Court, Western District of Oklahoma, U.S. Courthouse, Courtroom 103, 200 N.W. 4th Street, Oklahoma City, OK 73102, for the purpose of determining: (1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $13,942,500 should be approved by the Court as fair, reasonable, and adequate; (2) whether the release by Settlement Class Members of claims as set forth in the Stipulation and Agreement of Settlement dated November 16, 2021 ("Stipulation" or "Settlement Stipulation") should be authorized; (3) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate; (4) whether the application of Plaintiffs' Counsel for an award of attorneys' fees of up to one third of the Settlement Amount, or $4,647,500, plus interest, reimbursement of expenses of not more than $1,750,000 and an award of no more than $61,000 to Lead Plaintiffs, should be approved; and (5) whether this Action should be dismissed with prejudice as set forth in the Settlement Stipulation. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.

If you purchased common units of either SandRidge Mississippian Trust I ("Trust I") or SandRidge Mississippian Trust II ("Trust II," and together with Trust I, "SandRidge Trusts") during the Settlement Class Period, your rights will be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in common units of the SandRidge Trusts. If you have not received a detailed Notice of Pendency and Proposed Partial Settlement of Class Action ("Notice") and a copy of the Proof of Claim and Release Form, you may obtain copies by visiting the website: www.strategicclaims.net/SandRidge/ or by writing to, calling, or contacting the Claims Administrator: SandRidge Trusts Securities Settlement, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; (Tel) (866) 274-4004; (Fax) (610) 565-7985; info@strategicclaims.net. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit to the Claims Administrator a Proof of Claim and Release Form electronically or postmarked no later than August 19, 2022, establishing that you are entitled to recovery. Unless you submit a written exclusion request, you will be bound by any judgment rendered in the Action whether or not you make a claim.

If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a request for exclusion so that it is received no later than September 2, 2022, in the manner and form explained in the Notice. All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by any judgment entered in the Action pursuant to the Settlement Stipulation.

Any objection to the Settlement, Plan of Allocation, or Plaintiffs' Counsel's request for an award of attorneys' fees and reimbursement of expenses and award to Plaintiffs must be in the manner and form explained in the detailed Notice and received no later than September 22, 2022, by each of the following:

CLERK OF THE COURT:
United States District Court
Western District of Oklahoma
200 NW 4th Street, Room 1210
Oklahoma City, OK 73102

PLAINTIFFS' COUNSEL:
Jonathan Horne, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

DEFENDANTS' COUNSEL:

J. Christian Word, Esq.
LATHAM & WATKINS LLP
555 Eleventh Street, NW Suite 1000
Washington, D.C. 20004

Mark P. Gimbel
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018

If you have any questions about the Settlement, you may call or write to Plaintiffs' Counsel:

Jonathan Horne, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel: (212) 686-1060

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: May 27, 2022

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ASHLEY PIERRELOUIS, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

GOGO INC., MICHAEL J. SMALL, NORMAN SMAGLEY, BARRY ROWAN, and JOHN WADE,

Defendants.

Civil Action No. 18-cv-04473

Honorable Jorge L. Alonso

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION, CERTIFICATION OF SETTLEMENT CLASS, AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities that, during the period from February 27, 2017 through May 4, 2018, inclusive, purchased or otherwise acquired Gogo Inc. ("Gogo") common stock, and/or Gogo 3.75% convertible notes due March 1, 2020, and/or Gogo 12.5% senior secured notes due July 1, 2022, and/or publicly traded call options on Gogo common stock, and/or wrote publicly traded put options on Gogo common stock, and were injured thereby (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois, that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Settlement Class, except for certain persons who and entities that are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiff in the Action has reached a proposed settlement of the Action for $17,300,000 in cash (the "Settlement"), that, if approved, will resolve all claims in the Action.

A hearing will be held by videoconference on August 30, 2022 at 11:00 a.m., before the Honorable Jorge L. Alonso at the following call in number: 872-703-5321, access code: 349518911, to determine (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated April 12, 2022 (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Pierrelouis v. Gogo Inc.*, c/o A.B. Data, Ltd., P.O. Box 173069, Milwaukee, WI 53217, 1-877-316-0158. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.GogoSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***online or postmarked* no later than September 29, 2022**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received* no later than August 9, 2022**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and reimbursement of expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received* no later than August 9, 2022**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Gogo, or its counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Requests for the Notice and Claim Form should be made to:

*Pierrelouis v. Gogo Inc.*
c/o A.B. Data, Ltd.
P.O. Box 173069
Milwaukee, WI 53217
877-316-0158
www.GogoSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

GLANCY PRONGAY & MURRAY LLP
Casey E. Sadler, Esq.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(888) 773-9224
settlements@glancylaw.com

-and-

LEVI & KORSINSKY LLP
Adam M. Apton, Esq.
1101 30th Street NW, Suite 115
Washington, DC 20007
(202) 524-4290
aapton@zlk.com

By Order of the Court

**EXHIBIT D**

Judy A. Simmons

I am writing to request exclusion. I request to be excluded from the settlement Class in Duane & Virginia Lanier Trust V. SandRidge Mississippian Trust I, et al., Case No. 15-cv-00634-G (W.D. Okla.)

On 13 Feb 2012, 25 common units of Sandridge Mississippian ticker (SDT) were purchased @ $35.94 each from Scottrade Inc. My purchase was made between 5 APR 2011 and 8 Nov 2012. I Sold them (25) on 4 JAN 2013 @ $16.11 each. This sale was made outside of the inclusive dates above, pertaining to the Settlement Class Period.

2 AUG 2022                    Judy Simmons

Enclosed are my Scottrade records of this trade.

# Scottrade

SCOTTRADE INC CUST FBO
JUDY A SIMMONS ROTH IRA

**Branch Office**

SCOTTRADE, INC

| Account Number | Office |
|---|---|
| | |

| Period Beginning | Period Ending |
|---|---|
| 02 / 01 / 2012 | 02 / 29 / 2012 |

## INFORMATION UPDATE

Do more with your money. Rollover your IRA by April 16th and get a $100 cash bonus.*

*Cash bonus applies only to new IRA account openings with qualifying deposits of $15,000 or more with accounts opened prior to April 16, 2012. Minimum funding requirement must be met within 30 days of rollover and must remain in account for no less than nine months, or we may charge the cash bonus amount back to your account. Cash bonus applies only to new IRA accounts and cannot be transferred to an existing Scottrade account.

## ACCOUNT SUMMARY

| | VALUE THIS PERIOD |
|---|---|
| VALUE SECURITIES IN POSITION | |
| MONEY BALANCES : | |
| BANK DEPOSIT PROGRAM BALANCE* | |
| BROKERAGE ACCOUNT BALANCE | |
| TOTAL MONEY BALANCE | |
| **TOTAL ACCOUNT VALUE** | |

## ACTIVITY SUMMARY

| | |
|---|---|
| OPENING TOTAL MONEY BALANCE | |
| CREDITS: | |
| DIVIDEND/INTEREST INCOME | |
| OTHER CREDITS | |
| TOTAL CREDITS | |
| DEBITS: | |
| DIVIDEND/INCOME EXPENSE | |
| OTHER DEBITS | |
| TOTAL DEBITS | |
| CLOSING TOTAL MONEY BALANCE | |

**Current Tax Strategy**
Stocks, Options & Bonds: FIFO
Funds: FIFO

## SECURITY POSITIONS

| Type | Symbol / Cusip | Quantity | Description | Estimated Market | | | Estimated Annual | |
| | | | | Price | Value | % | Income | Cur. Yld |
|---|---|---|---|---|---|---|---|---|
| CASH | SDT | 25 | SANDRIDGE MISSISSIPPIAN LAST DVD INFO:02/29/12 @ .790 | 31.96 | 799.00 | 4.75 | 79.08 | 9.9 |

## CASH ACCOUNT ACTIVITY

| Date | Transaction | Symbol / Cusip | Quantity | Tax Lot Method** | Description | Price | Amount | Balance |
|------|-------------|----------------|----------|------------------|-------------|-------|--------|---------|
| | | | | | OPENING BALANCE | | | 0.00 |
| 02/13/12 | BOUGHT | SDT | 25 | | SANDRIDGE MISSISSIPPIAN | 35.94 | -905.50 | -1,878.50 |
| 02/29/12 | TAXABLE DIVIDEND | SDT | | | SANDRIDGE MISSISSIPPIAN   DIVIDEND ON 25 SHS @ .79090 | | 19.77 | 19.77 |

## BANK DEPOSIT ACTIVITY

| Date | Transaction | Description | Amount | Balance |
|------|-------------|-------------|--------|---------|
| | | | | |

## BANK DEPOSIT PROGRAM BALANCES*

| PROGRAM BANK | OPENING BALANCE | CLOSING BALANCE |
|--------------|-----------------|-----------------|
| | | |
| TOTAL PROGRAM BALANCE | | |

## BANK DEPOSIT PROGRAM BALANCES*

| PROGRAM BANK | OPENING BALANCE | CLOSING BALANCE |
|---|---|---|
| | | |

*Bank Deposit Program (BDP) deposits are held at the banks listed above. Deposits in BDP Accounts are eligible to be insured by the FDIC up to $250,000 per depositor. Details on FDIC deposit insurance coverage and limitations are available at www.fdic.gov/deposit. If clients have any additional deposits at any of the above banks, they should monitor the total amount of deposits with any one bank to recognize whether they are exceeding FDIC insurance coverage. Scottrade Bank and Scottrade, Inc. are separate but affiliated companies. Securities products offered by Scottrade, Inc. are not deposit obligations of any of the listed banks, are subject to investment risk, are not FDIC insured, may lose value and are not bank-guaranteed.

** You can review cost basis information for your account by clicking on the My Account tab after logging into your account and then clicking on "Gain/Loss & Tax Center". Unless you instruct otherwise, Scottrade will use the first in, first out (FIFO) method to calculate your gains and losses. When determining cost basis, Scottrade's default method of tax lot selection is First In, First Out (FIFO). Cost basis educational material can be found in the Knowledge Center, accessible through your account online.

| Type | Symbol / Cusip | Quantity | Description | Estimated Market | | % | Estimated Annual | | |
|------|----------------|----------|-------------|-------|-------|---|--------|--------|---------|
| | | | | Price | Value | | Income | Cur. Yld | |

## CASH ACCOUNT ACTIVITY

| Date | Transaction | Symbol / Cusip | Quantity | Tax Lot Method** | Description | Price | Amount | Balance |
|------|-------------|----------------|----------|------------------|-------------|-------|--------|---------|
| 01/04/13 | SOLD | SDT | 25 | FIFO | SANDRIDGE MISSISSIPPIAN TRUST | 16.11 | 395.74 | 2,704.66 |



3 AUG 2022 PM 1

SandRidge Trusts Securities Settlement
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St. Ste., Ste. 205
Media, PA 19063
19063-256455



AUG 08 2022

Ms. Judy Simmons

# EXHIBIT E

Sandridge Trusts Securities Settlement
c/o Strategic Claims Services
600 N. Jackson Street – Suite 205
Media, PA 19063

# SandRidge Trusts Securities Settlement

Many Class Members have indicated they are having difficulties obtaining documentation detailing their purchases during 2011 and the early to middle part of 2012 for the SandRidge Mississippian Trusts I and II Securities Settlement. In light of this, we still recommend that you complete the Proof of Claim Form and, most importantly, provide us with any account statements detailing your holdings from November 8, 2012 through June 2, 2013. We will use any information reported on these documents to process your claim to the best of our ability.

If you have any questions, please contact our office at 866-274-4004 or at info@strategicclaims.net.

The claims filing deadline is August 19, 2022. You can submit a claim online or download a printable copy at https://strategicclaims.net/sandridge.

**EXHIBIT F**

**PROPOSED [AMENDED] PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG CLASS MEMBERS**

       The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/SandRidge/.

       The Claims Administrator shall determine each Authorized Claimant's *pro rata* unit of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  **Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* unit").  No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

       If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Plaintiffs' Counsel.

**THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS**

(I)   **Recognized Loss for the Trust I Common Units Held as of the close of trading on November 8, 2022 Purchased or Acquired  During the Settlement Class Period (April 5, 2011 to November 8, 2012, inclusive) will be calculated as follows:**

(I)

(A)   For units purchased or acquired during the Settlement Class Period and sold during the Settlement Class Period, the Recognized Loss per unit shall be $0.

(B)(A)  For units held at November 8, 2012 For units purchased or acquired during the Settlement Class Period and sold during the period November 9, 2012 to March 4, 2013, both dates inclusive, the Recognized Loss per unit shall be will be the lesser of: (1) the inflation per unit as set forth in Inflation Table A below ; or (2) the purchase price per unit minus the sales price per unit.

(C)   For units held at November 8, 2012  For units purchased or otherwise acquired during the Settlement Class Period and sold during the period March 5, 2013 through June 2, 2013, inclusive, the Recognized Loss will be the lesser of: (1) the inflation as set forth in Inflation Table A below; or (2) the difference between the purchase price per unit and the average closing unit price as of date of sale provided in Table B below.

(D)(B)  and continued to be For units purchased or otherwise acquired during the Settlement Class Period and retained as of the close of trading on March 4, 2013 June 2, 2013, the Recognized Loss will be $5.98 per unit. the lesser of: (1) the inflation per unit as set forth in Inflation Table A below; or (2) the purchase price per unit minus $13.61[1] per unit.

---

| Inflation Table A |
| --- |

---

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $13.61 per unit was the mean (average) daily closing trading price of the Trust I common units the 90-day period beginning on March 5, 2013 through and including June 2, 2013.

|  | Purchased Between April 5, 2011, and November 8, 2012, inclusive | Purchased After November 8, 2012 |
|---|---|---|
| Sold Between April 5, 2011, and November 8, 2012, inclusive | $0.00 | $0.00 |
| Sold Between November 9, 2012, and November 11, 2012, inclusive | $0.73 | $0.00 |
| Sold on November 12, 2012 | $1.54 | $0.00 |
| Sold Between November 13, 2012, and January 31, 2013, inclusive | $2.06 | $0.00 |
| Sold Between February 1, 2013, and February 5, 2013, inclusive | $2.67 | $0.00 |
| Sold Between February 6, 2013, and March 4, 2013, inclusive | $4.27 | $0.00 |
| Held After March 4, 2013 | $5.98 | $0.00 |

| Table B | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
| 3/5/2013 | $12.87 | $12.87 | 4/4/2013 | $13.10 | $13.57 | 5/3/2013 | $14.23 | $13.56 |
| 3/6/2013 | $12.38 | $12.63 | 4/5/2013 | $13.18 | $13.55 | 5/6/2013 | $14.48 | $13.58 |
| 3/7/2013 | $13.30 | $12.85 | 4/8/2013 | $13.40 | $13.55 | 5/7/2013 | $14.73 | $13.61 |
| 3/8/2013 | $14.16 | $13.18 | 4/9/2013 | $13.69 | $13.55 | 5/8/2013 | $14.91 | $13.64 |
| 3/11/2013 | $14.55 | $13.45 | 4/10/2013 | $13.78 | $13.56 | 5/9/2013 | $14.63 | $13.66 |
| 3/12/2013 | $14.42 | $13.61 | 4/11/2013 | $13.55 | $13.56 | 5/10/2013 | $14.56 | $13.68 |
| 3/13/2013 | $14.51 | $13.74 | 4/12/2013 | $13.61 | $13.56 | 5/13/2013 | $13.73 | $13.68 |
| 3/14/2013 | $14.57 | $13.85 | 4/15/2013 | $13.45 | $13.56 | 5/14/2013 | $13.19 | $13.67 |
| 3/15/2013 | $14.38 | $13.90 | 4/16/2013 | $13.44 | $13.56 | 5/15/2013 | $12.76 | $13.65 |
| 3/18/2013 | $14.32 | $13.95 | 4/17/2013 | $13.21 | $13.54 | 5/16/2013 | $12.90 | $13.64 |
| 3/19/2013 | $13.33 | $13.89 | 4/18/2013 | $13.30 | $13.54 | 5/17/2013 | $13.20 | $13.63 |
| 3/20/2013 | $13.11 | $13.83 | 4/19/2013 | $13.33 | $13.53 | 5/20/2013 | $13.56 | $13.63 |
| 3/21/2013 | $12.96 | $13.76 | 4/22/2013 | $13.59 | $13.53 | 5/21/2013 | $13.38 | $13.62 |
| 3/22/2013 | $13.02 | $13.71 | 4/23/2013 | $13.41 | $13.53 | 5/22/2013 | $13.07 | $13.61 |
| 3/25/2013 | $13.27 | $13.68 | 4/24/2013 | $13.43 | $13.53 | 5/23/2013 | $13.07 | $13.60 |
| 3/26/2013 | $13.74 | $13.68 | 4/25/2013 | $13.76 | $13.53 | 5/24/2013 | $13.47 | $13.60 |
| 3/27/2013 | $13.71 | $13.68 | 4/26/2013 | $13.31 | $13.53 | 5/28/2013 | $13.66 | $13.60 |
| 3/28/2013 | $13.40 | $13.67 | 4/29/2013 | $13.50 | $13.53 | 5/29/2013 | $13.94 | $13.61 |
| 4/1/2013 | $13.11 | $13.64 | 4/30/2013 | $13.79 | $13.53 | 5/30/2013 | $13.81 | $13.61 |
| 4/2/2013 | $13.04 | $13.61 | 5/1/2013 | $13.62 | $13.53 | 5/31/2013 | $13.62 | $13.61 |

| 4/3/2013 | $13.33 | $13.59 | 5/2/2013 | $14.09 | $13.55 | | | |
|---|---|---|---|---|---|---|---|---|

    **(II)**    **Recognized Loss for the Trust II Common Units Held as of close of trading on November 8, 2012 Purchased or Acquired During the Settlement Class Period (April 17, 2012 to November 8, 2012, inclusive) will be calculated as follows:**

(A)    For units purchased or acquired during the Settlement Class Period and sold during the Settlement Class Period, the Recognized Loss per unit shall be $0.

**Formatted:** No bullets or numbering

(B)(A)  For units held at November 8, 2012 For units purchased or acquired during the Settlement Class Period and sold during the period November 9, 2012 to March 4, 2013, both dates inclusive, the Recognized Loss per unit shall be will be the *lesser* of: (1) the inflation per unit as set forth in Inflation Table BC below.; or (2) the purchase price per unit minus the sales price per unit.

(C)    For units held at November 8, 2012  For units purchased or otherwise acquired during the Settlement Class Period and sold during the period March 5, 2013 through June 2, 2013, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per unit as set forth in Inflation Table C below; or (2) the difference between the purchase price per unit and the average closing unit price as of date of sale provided in Table D below.

(D)(B)  For and continued to bunits purchased or otherwise acquired during the Settlement Class Period and retained as of the close of trading on March 4, 2013 June 2, 2013, the Recognized Loss will be $5.91 per unit. the *lesser* of: (1) the inflation per unit as set forth in Inflation Table C below; or (2) the purchase price per unit minus $12.14[3] per unit.

**Formatted:** Underline

**Formatted:** Underline color: Auto

| Inflation Table BC | | |
|---|---|---|
| | Purchased Between April 17, 2012, and November 8, 2012, inclusive | Purchased After November 8, 2012 |
| Sold Between April 17, 2012, and November 8, 2012, inclusive | $0.00 | $0.00 |
| Sold Between November 9, 2012, and November 11, 2012, inclusive | $1.06 | $0.00 |
| Sold on November 12, 2012 | $1.65 | $0.00 |
| Sold Between November 13, 2012 and January 31, 2013, inclusive | $2.06 | $0.00 |
| Sold Between February 1, 2013 and February 5, 2013, inclusive | $4.86 | $0.00 |

---

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $12.14 per unit was the mean (average) daily closing trading price of the Trust II common units the 90-day period beginning on March 5, 2013 through and including June 2, 2013.

| | | |
|---|---|---|
| Sold Between February 6, 2013 and March 4, 2013, inclusive | $5.39 | $0.00 |
| Held After March 4, 2013 | $5.91 | $0.00 |

Table D

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|---|---|---|
| 3/5/2013 | $12.25 | $12.25 | 4/4/2013 | $11.65 | $12.25 | 5/3/2013 | $12.92 | $11.94 |
| 3/6/2013 | $12.15 | $12.20 | 4/5/2013 | $11.86 | $12.23 | 5/6/2013 | $13.31 | $11.98 |

Table D

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|---|---|---|
| 3/7/2013 | $12.39 | $12.26 | 4/8/2013 | $11.89 | $12.22 | 5/7/2013 | $13.26 | $12.00 |
| 3/8/2013 | $12.51 | $12.33 | 4/9/2013 | $11.78 | $12.20 | 5/8/2013 | $13.03 | $12.03 |
| 3/11/2013 | $12.66 | $12.39 | 4/10/2013 | $11.78 | $12.18 | 5/9/2013 | $12.99 | $12.05 |
| 3/12/2013 | $12.81 | $12.46 | 4/11/2013 | $11.63 | $12.16 | 5/10/2013 | $12.82 | $12.06 |
| 3/13/2013 | $12.76 | $12.50 | 4/12/2013 | $11.76 | $12.15 | 5/13/2013 | $12.19 | $12.07 |
| 3/14/2013 | $12.66 | $12.52 | 4/15/2013 | $11.39 | $12.12 | 5/14/2013 | $12.23 | $12.07 |
| 3/15/2013 | $12.49 | $12.52 | 4/16/2013 | $11.29 | $12.10 | 5/15/2013 | $12.07 | $12.07 |
| 3/18/2013 | $12.35 | $12.50 | 4/17/2013 | $10.84 | $12.06 | 5/16/2013 | $11.81 | $12.06 |
| 3/19/2013 | $12.02 | $12.46 | 4/18/2013 | $10.87 | $12.02 | 5/17/2013 | $12.04 | $12.06 |
| 3/20/2013 | $11.93 | $12.42 | 4/19/2013 | $10.67 | $11.98 | 5/20/2013 | $12.42 | $12.07 |
| 3/21/2013 | $12.00 | $12.38 | 4/22/2013 | $10.79 | $11.94 | 5/21/2013 | $12.58 | $12.08 |
| 3/22/2013 | $12.13 | $12.37 | 4/23/2013 | $10.88 | $11.91 | 5/22/2013 | $12.31 | $12.08 |
| 3/25/2013 | $12.00 | $12.34 | 4/24/2013 | $11.35 | $11.90 | 5/23/2013 | $12.41 | $12.09 |
| 3/26/2013 | $12.23 | $12.33 | 4/25/2013 | $11.67 | $11.89 | 5/24/2013 | $12.58 | $12.10 |
| 3/27/2013 | $12.36 | $12.33 | 4/26/2013 | $11.69 | $11.89 | 5/28/2013 | $12.85 | $12.11 |
| 3/28/2013 | $12.24 | $12.33 | 4/29/2013 | $11.90 | $11.89 | 5/29/2013 | $12.81 | $12.12 |
| 4/1/2013 | $12.10 | $12.32 | 4/30/2013 | $12.33 | $11.90 | 5/30/2013 | $12.91 | $12.13 |
| 4/2/2013 | $11.96 | $12.30 | 5/1/2013 | $12.18 | $11.90 | 5/31/2013 | $12.65 | $12.14 |
| 4/3/2013 | $11.84 | $12.28 | 5/2/2013 | $12.64 | $11.92 | | | |

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the SandRidge Trusts units shall not be deemed a purchase,

acquisition or sale of units for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

~~For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all your purchases of the SandRidge Trusts units during the period April 7, 2011 through and including June 2, 2013.~~

**Formatted:** Indent: Left: 0.5"

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Plaintiffs' Counsel or the Claims Administrator or other agent designated by Plaintiffs' Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

**EXHIBIT G**

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG CLASS MEMBERS

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/SandRidge/.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* unit of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  **Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionally allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* unit"). No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Plaintiffs' Counsel.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS

**(I)      Recognized Loss for the Trust I Common Units Purchased or Acquired  During the Settlement Class Period (April 5, 2011 to November 8, 2012, inclusive) will be calculated as follows:**

(A)      For units purchased or acquired during the Settlement Class Period <u>and sold during the</u> <u>Settlement Class Period</u>, the Recognized Loss per unit shall be $0.

(B)      For units purchased or acquired during the Settlement Class Period <u>and sold during the</u> <u>period November 9, 2012 to March 4, 2013, both dates inclusive</u>, the Recognized Loss per unit shall will be the *lesser* of: (1) the inflation per unit as set forth in Inflation Table A below; or (2) the purchase price per unit minus the sales price per unit.

(C)      For units purchased or otherwise acquired during the Settlement Class Period <u>and sold</u> <u>during the period March 5, 2013 through June 2, 2013</u>, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation as set forth in Inflation Table A below; or (2) the difference between the purchase price per unit and the average closing unit price as of date of sale provided in Table B below.

(D)      For units purchased or otherwise acquired during the Settlement Class Period <u>and retained</u> <u>as of the close of trading on June 2, 2013</u>, the Recognized Loss will be the *lesser* of: (1) the inflation per unit as set forth in Inflation Table A below; or (2) the purchase price per unit minus $13.61[1] per unit.

| Inflation Table A | | |
|---|---:|---:|
| | Purchased Between April 5, 2011, and November 8, 2012, inclusive | Purchased After November 8, 2012 |
| Sold Between April 5, 2011, and November 8, 2012, inclusive | $0.00 | $0.00 |
| Sold Between November 9, 2012, and November 11, 2012, inclusive | $0.73 | $0.00 |
| Sold on November 12, 2012 | $1.54 | $0.00 |
| Sold Between November 13, 2012, and January 31, 2013, inclusive | $2.06 | $0.00 |

[1] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $13.61 per unit was the mean (average) daily closing trading price of the Trust I common units the 90-day period beginning on March 5, 2013 through and including June 2, 2013.

| | | |
|---|---|---|
| Sold Between February 1, 2013, and February 5, 2013, inclusive | $2.67 | $0.00 |
| Sold Between February 6, 2013, and March 4, 2013, inclusive | $4.27 | $0.00 |
| Held After March 4, 2013 | $5.98 | $0.00 |

| Table B | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 3/5/2013 | $12.87 | $12.87 | | 4/4/2013 | $13.10 | $13.57 | | 5/3/2013 | $14.23 | $13.56 |
| 3/6/2013 | $12.38 | $12.63 | | 4/5/2013 | $13.18 | $13.55 | | 5/6/2013 | $14.48 | $13.58 |
| 3/7/2013 | $13.30 | $12.85 | | 4/8/2013 | $13.40 | $13.55 | | 5/7/2013 | $14.73 | $13.61 |
| 3/8/2013 | $14.16 | $13.18 | | 4/9/2013 | $13.69 | $13.55 | | 5/8/2013 | $14.91 | $13.64 |
| 3/11/2013 | $14.55 | $13.45 | | 4/10/2013 | $13.78 | $13.56 | | 5/9/2013 | $14.63 | $13.66 |
| 3/12/2013 | $14.42 | $13.61 | | 4/11/2013 | $13.55 | $13.56 | | 5/10/2013 | $14.56 | $13.68 |
| 3/13/2013 | $14.51 | $13.74 | | 4/12/2013 | $13.61 | $13.56 | | 5/13/2013 | $13.73 | $13.68 |
| 3/14/2013 | $14.57 | $13.85 | | 4/15/2013 | $13.45 | $13.56 | | 5/14/2013 | $13.19 | $13.67 |
| 3/15/2013 | $14.38 | $13.90 | | 4/16/2013 | $13.44 | $13.56 | | 5/15/2013 | $12.76 | $13.65 |
| 3/18/2013 | $14.32 | $13.95 | | 4/17/2013 | $13.21 | $13.54 | | 5/16/2013 | $12.90 | $13.64 |
| 3/19/2013 | $13.33 | $13.89 | | 4/18/2013 | $13.30 | $13.54 | | 5/17/2013 | $13.20 | $13.63 |
| 3/20/2013 | $13.11 | $13.83 | | 4/19/2013 | $13.33 | $13.53 | | 5/20/2013 | $13.56 | $13.63 |
| 3/21/2013 | $12.96 | $13.76 | | 4/22/2013 | $13.59 | $13.53 | | 5/21/2013 | $13.38 | $13.62 |
| 3/22/2013 | $13.02 | $13.71 | | 4/23/2013 | $13.41 | $13.53 | | 5/22/2013 | $13.07 | $13.61 |
| 3/25/2013 | $13.27 | $13.68 | | 4/24/2013 | $13.43 | $13.53 | | 5/23/2013 | $13.07 | $13.60 |
| 3/26/2013 | $13.74 | $13.68 | | 4/25/2013 | $13.76 | $13.53 | | 5/24/2013 | $13.47 | $13.60 |
| 3/27/2013 | $13.71 | $13.68 | | 4/26/2013 | $13.31 | $13.53 | | 5/28/2013 | $13.66 | $13.60 |
| 3/28/2013 | $13.40 | $13.67 | | 4/29/2013 | $13.50 | $13.53 | | 5/29/2013 | $13.94 | $13.61 |
| 4/1/2013 | $13.11 | $13.64 | | 4/30/2013 | $13.79 | $13.53 | | 5/30/2013 | $13.81 | $13.61 |
| 4/2/2013 | $13.04 | $13.61 | | 5/1/2013 | $13.62 | $13.53 | | 5/31/2013 | $13.62 | $13.61 |
| 4/3/2013 | $13.33 | $13.59 | | 5/2/2013 | $14.09 | $13.55 | | | | |

**(II)     Recognized Loss for the Trust II Common Units Purchased or Acquired  During the Settlement Class Period (April 17, 2012 to November 8, 2012, inclusive) will be calculated as follows:**

(A)     For units purchased or acquired during the Settlement Class Period and sold during the Settlement Class Period, the Recognized Loss per unit shall be $0.

(B)     For units purchased or acquired during the Settlement Class Period and sold during the period November 9, 2012 to March 4, 2013, both dates inclusive, the Recognized Loss per unit shall will be the *lesser* of: (1) the inflation per unit

as set forth in Inflation Table C below; or (2) the purchase price per unit minus the sales price per unit.

(C)     For units purchased or otherwise acquired during the Settlement Class Period and sold during the period March 5, 2013 through June 2, 2013, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per unit as set forth in Inflation Table C below; or (2) the difference between the purchase price per unit and the average closing unit price as of date of sale provided in Table D below.

(D)     For units purchased or otherwise acquired during the Settlement Class Period and retained as of the close of trading on June 2, 2013, the Recognized Loss will be the *lesser* of: (1) the inflation per unit as set forth in Inflation Table C below; or (2) the purchase price per unit minus $12.14[2] per unit.

| Inflation Table C | | |
|---|---|---|
| | Purchased Between April 17, 2012, and November 8, 2012, inclusive | Purchased After November 8, 2012 |
| Sold Between April 17, 2012, and November 8, 2012, inclusive | $0.00 | $0.00 |
| Sold Between November 9, 2012, and November 11, 2012, inclusive | $1.06 | $0.00 |
| Sold on November 12, 2012 | $1.65 | $0.00 |
| Sold Between November 13, 2012 and January 31, 2013, inclusive | $2.06 | $0.00 |
| Sold Between February 1, 2013 and February 5, 2013, inclusive | $4.86 | $0.00 |
| Sold Between February 6, 2013 and March 4, 2013, inclusive | $5.39 | $0.00 |
| Held After March 4, 2013 | $5.91 | $0.00 |

| Table D | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 3/5/2013 | $12.25 | $12.25 | | 4/4/2013 | $11.65 | $12.25 | | 5/3/2013 | $12.92 | $11.94 |
| 3/6/2013 | $12.15 | $12.20 | | 4/5/2013 | $11.86 | $12.23 | | 5/6/2013 | $13.31 | $11.98 |

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $12.14 per unit was the mean (average) daily closing trading price of the Trust II common units the 90-day period beginning on March 5, 2013 through and including June 2, 2013.

| Table D | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 3/7/2013 | $12.39 | $12.26 | | 4/8/2013 | $11.89 | $12.22 | | 5/7/2013 | $13.26 | $12.00 |
| 3/8/2013 | $12.51 | $12.33 | | 4/9/2013 | $11.78 | $12.20 | | 5/8/2013 | $13.03 | $12.03 |
| 3/11/2013 | $12.66 | $12.39 | | 4/10/2013 | $11.78 | $12.18 | | 5/9/2013 | $12.99 | $12.05 |
| 3/12/2013 | $12.81 | $12.46 | | 4/11/2013 | $11.63 | $12.16 | | 5/10/2013 | $12.82 | $12.06 |
| 3/13/2013 | $12.76 | $12.50 | | 4/12/2013 | $11.76 | $12.15 | | 5/13/2013 | $12.19 | $12.07 |
| 3/14/2013 | $12.66 | $12.52 | | 4/15/2013 | $11.39 | $12.12 | | 5/14/2013 | $12.23 | $12.07 |
| 3/15/2013 | $12.49 | $12.52 | | 4/16/2013 | $11.29 | $12.10 | | 5/15/2013 | $12.07 | $12.07 |
| 3/18/2013 | $12.35 | $12.50 | | 4/17/2013 | $10.84 | $12.06 | | 5/16/2013 | $11.81 | $12.06 |
| 3/19/2013 | $12.02 | $12.46 | | 4/18/2013 | $10.87 | $12.02 | | 5/17/2013 | $12.04 | $12.06 |
| 3/20/2013 | $11.93 | $12.42 | | 4/19/2013 | $10.67 | $11.98 | | 5/20/2013 | $12.42 | $12.07 |
| 3/21/2013 | $12.00 | $12.38 | | 4/22/2013 | $10.79 | $11.94 | | 5/21/2013 | $12.58 | $12.08 |
| 3/22/2013 | $12.13 | $12.37 | | 4/23/2013 | $10.88 | $11.91 | | 5/22/2013 | $12.31 | $12.08 |
| 3/25/2013 | $12.00 | $12.34 | | 4/24/2013 | $11.35 | $11.90 | | 5/23/2013 | $12.41 | $12.09 |
| 3/26/2013 | $12.23 | $12.33 | | 4/25/2013 | $11.67 | $11.89 | | 5/24/2013 | $12.58 | $12.10 |
| 3/27/2013 | $12.36 | $12.34 | | 4/26/2013 | $11.69 | $11.89 | | 5/28/2013 | $12.85 | $12.11 |
| 3/28/2013 | $12.24 | $12.33 | | 4/29/2013 | $11.90 | $11.89 | | 5/29/2013 | $12.81 | $12.12 |
| 4/1/2013 | $12.10 | $12.32 | | 4/30/2013 | $12.33 | $11.90 | | 5/30/2013 | $12.91 | $12.13 |
| 4/2/2013 | $11.96 | $12.30 | | 5/1/2013 | $12.18 | $11.90 | | 5/31/2013 | $12.65 | $12.14 |
| 4/3/2013 | $11.84 | $12.28 | | 5/2/2013 | $12.64 | $11.92 | | | | |

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of the SandRidge Trusts units shall not be deemed a purchase, acquisition or sale of units for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all your purchases of the SandRidge Trusts units during the period April 7, 2011 through and including June 2, 2013.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Plaintiffs' Counsel or the Claims Administrator or other agent designated by Plaintiffs' Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim

Form.  All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.