UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE & VIRGINIA LANIER TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SANDRIDGE MISSISSIPPIAN TRUST I, SANDRIDGE MISSISSIPPIAN TRUST II, TOM L. WARD, JAMES D. BENNETT, MATTHEW K. GRUBB, RANDALL D. COOLEY, JIM J. BREWER, EVERETT R. DOBSON, WILLIAM A. GILLILAND, DANIEL W. JORDAN, ROY T. OLIVER, JR., JEFFREY S. SEROTA, D. DWIGHT SCOTT, RAYMOND JAMES & ASSOCIATES, INC., MORGAN STANLEY & CO. LLC (F/K/A MORGAN STANLEY & CO INC.), MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS INC., and RBC CAPITAL MARKETS, LLC,<br><br>　　　　　　　　　Defendants.<br><br>SANDRIDGE ENERGY, INC.,<br><br>　　　　　　　　　Nominal Defendant. | Case No. 5:15-CV-00634-G<br><br>CLASS ACTION |

**[PROPOSED] ORDER AND PARTIAL FINAL JUDGMENT**

On the ____ day of _____, 2022, a hearing having been held before this Court to determine: (i) whether the terms and conditions of the Stipulation and Agreement of Settlement dated November 16, 2021 ("Settlement Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Settling Defendants (as defined in the Settlement Stipulation), including the release of the Released Claims against the Released Persons, and should be approved; (ii) whether judgment should be entered dismissing the putative class action pending before this Court entitled, *Duane & Virginia Lanier Trust, et al. v. SandRidge Mississippian Trust I, et al.*, Case No. 15-CV-00634-G (W.D. Okla.) (the "Action") with prejudice; (iii) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (iv) whether and in what amount to award Plaintiffs' Counsel as fees and reimbursement of expenses; and (v) whether and in what amount to award Plaintiffs any incentive fees; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing in the record that the Notice substantially in the form approved by the Court in the Court's Order Granting Lead Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement, dated _____, 2021 ("Preliminary Approval Order") was mailed, or links to the location of the electronic Notice and Proof of Claim and Release Form were emailed, to all reasonably identifiable Settlement Class Members and posted to the website of the Claims Administrator, both in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing in the record that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. This Order and Final Judgment ("Judgment") incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and Settling Defendants.

3. The Court finds that, for settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(i) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(ii) there are questions of law and fact common to the Settlement Class;

(iii) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

(iv) Plaintiffs and Plaintiffs' Counsel fairly and adequately represent the interests of the Settlement Class;

(v) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(vi) a class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

    (a) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

    (b) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; and

    (c) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

The Settlement Class is being certified for settlement purposes only.

  4. The Court finally certifies this action as a class action for purposes of the Settlement, pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons or entities who purchased or otherwise acquired common units of SandRidge Mississippian Trust I ("Trust I"), between April 5, 2011 and November 8, 2012, inclusive, and who were damaged thereby, and/or SandRidge Mississippian Trust II ("Trust II") between April 17, 2012 and November 8, 2012, inclusive, and who were damaged thereby.  Excluded from the Settlement Class are (i) Defendants; (ii) the officers and directors of SandRidge at all relevant times; (iii) the trustee of Trust I and Trust II; (iv) members of the immediate family of Defendants; (v) any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, or which is related to or affiliated with any of the Defendants; (vi) Defendants' liability insurance carriers and any affiliates or subsidiaries thereof; and (vii) the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any such excluded party. Also excluded from the Settlement Class are those Persons who filed valid and timely requests for exclusion in accordance with the Preliminary Approval Order, with such Persons set out in Exhibit A hereto. Pursuant to Rule 23 of the Federal Rules of Civil

Procedure, for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Plaintiffs' Counsel previously selected by Plaintiffs and appointed by the Court are appointed as Class Counsel for the Settlement Class ("Class Counsel").

5. In accordance with the Court's Preliminary Approval Order, the Court finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons and entities entitled to such notice. No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Settlement Stipulation, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is determined that all Settlement Class Members are bound by this Judgment except those persons listed on Exhibit A to this Judgment.

6. The Settlement is approved as fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. Specifically, this Court finds that:

> (i) the Class Representatives and Class Counsel have adequately represented the Settlement Class;
>
> (ii) the Settlement was negotiated at arm's length;
>
> (iii) the relief provided for the Settlement Class is adequate, taking into account:
>
>> (a) the costs, risks, and delay of trial and appeal;
>>
>> (b) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims,
>>
>> (c) the terms of the proposed award of attorney's fees, including timing of payment; and
>>
>> (d) [the Settling Parties have identified] any agreement required to be identified under Rule 23(e)(3); and
>
> (iv) the Settlement treats Settlement Class Members equitably relative to each other.

This Court further finds that (i) the Settlement was fairly and honestly negotiated, (ii) serious legal and factual questions placed the litigation's outcome in doubt, (iii) the immediate recovery under the Settlement was more valuable than the mere possibility of a more favorable outcome after further litigation, and (iv) the Settling Parties believe the Settlement is fair and reasonable.

7. The Settling Parties are hereby directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Stipulation.

8. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as against the Settling Defendants and the other Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation.

9. The Releases set forth in Section 4 of the Settlement Stipulation, together with the definitions contained in the Settlement Stipulation relating thereto, are expressly incorporated herein by reference.

10. The Settlement Class Members, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Settlement Class Member ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim and Release Form, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons. The Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue the Released Persons with respect to any and all Released Claims (including Unknown Claims) in any forum and in any capacity. The Settlement Class Members shall be and are permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, continuing to prosecute, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Persons. Nothing contained herein shall, however, bar the Settling Parties

7

from bringing any action or claim to enforce the terms of the Settlement Stipulation or this Judgment.

11. Upon the Effective Date, and as provided in the Settlement Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from all of their respective and/or collective claims and causes of action of every nature and description (including Unknown Claims) whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Defendants, except for claims relating to the enforcement of the Settlement. For the avoidance of doubt, nothing herein or in the Settlement Stipulation shall be deemed to release or discharge any rights of any of the Settling Defendants under any policy of insurance or any claim that any of the Settling Defendants may have against any insurer under any insurance policy.

12. To the fullest extent permitted by law, any and all Persons other than the Settling Defendants shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any and all claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Settling Defendants or any of the Released Persons seeking as damages or otherwise the recovery of all or any part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Settlement Class or any Settlement Class Member arising out of, based upon, relating to, concerning, or in connection with any facts, statements or omissions that were or could

have been alleged in the Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum. Further, nothing in the Settlement Stipulation or this Judgment shall apply to bar or otherwise affect any claim for insurance coverage, contribution, indemnification, or otherwise by the Settling Defendants. Notwithstanding the foregoing, nothing herein shall bar any action by any of the parties to enforce or effectuate the terms of the Settlement Stipulation or this Judgment.  For the avoidance of doubt, nothing in this Stipulation shall be deemed to release or discharge any rights of any of the Settling Defendants or any insurer of the Settling Defendants against SandRidge or any predecessor, successor, parent, subsidiary or affiliate of SandRidge.

13. The Court finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Class Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Stipulation.

14. The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings herein.

15. Neither this Judgment, the Settlement Stipulation (nor the Settlement contained therein), nor any of its terms and provisions, nor any of the negotiations, documents or proceedings connected with them:

(a) is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any Released Claims, the truth or falsity of any fact alleged by the Plaintiffs or Class Representatives, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing, liability, negligence or fault of Settling Defendants, the Released Persons, or each or any of them;

(b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by the Settling Defendants or Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal;

(c) is or may be deemed to be or shall be used, offered or received against the Settling Parties, Settling Defendants or the Released Persons, or each or any of them, as an admission, concession or evidence of the validity or invalidity of the Released Claims, the infirmity or strength of any claim raised in the Action, the truth or falsity of any fact alleged by the Plaintiffs or the Settlement Class, or the availability or lack of availability of meritorious defenses to the claims raised in the Action; or

(d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against Settling Defendants, or the Released Persons, or each or any of them, that any of Class Representatives' or Settlement Class Members' claims are with or without merit, that a litigation class should or

should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund or that the consideration to be given pursuant to the Settlement Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

16. The Released Persons may file the Settlement Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Settlement Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Settlement Stipulation, the Settlement, or this Judgment.

17. Except as otherwise provided herein or in the Settlement Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Settlement Stipulation and/or further order of the Court.

18. Without affecting the finality of this Judgment in any way, this Court retains continuing exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Settlement Stipulation and this Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

19. Without further order of the Court, Settling Defendants and Class Representatives may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulation.

20. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21. The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on Class Counsel's application for an award of attorneys' fees and expenses or an award to the Class Representatives.

22. If the Settlement does not become effective in accordance with the terms of the Settlement Stipulation, or the Effective Dates does not occur, then the Settlement Stipulation and this Judgment (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Persons, and each Settling Party shall be restored to his, her or its respective litigation positions as of June 4, 2021 (as to Settling Defendant Ward), and June 18, 2021 (as to Settling Defendants Bennett and Grubb).

23. The Court hereby awards attorneys' fees of __% of the Settlement Fund, or $___, plus proportional interest thereon, reimbursement of expenses of $___, and awards Plaintiffs $____ each, as well as an additional award of $____ to Lead Plaintiff Deborah Rath for legal fees incurred as a direct result of this action, for a total of $___, all of which

the Court finds reasonable. In reaching this determination, the Court has considered (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases.

Dated: _____, 2022

_____
HON. CHARLES GOODWIN
UNITED STATES DISTRICT JUDGE

14

# **EXHIBIT A**

1. Judy A. Simmons