UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE & VIRGINIA LANIER TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>v.<br><br>SANDRIDGE MISSISSIPPIAN TRUST I, SANDRIDGE MISSISSIPPIAN TRUST II, TOM L. WARD, JAMES D. BENNETT, MATTHEW K. GRUBB, RANDALL D. COOLEY, JIM J. BREWER, EVERETT R. DOBSON, WILLIAM A. GILLILAND, DANIEL W. JORDAN, ROY T. OLIVER, JR., JEFFREY S. SEROTA, D. DWIGHT SCOTT, RAYMOND JAMES & ASSOCIATES, INC., MORGAN STANLEY & CO. LLC (F/K/A MORGAN STANLEY & CO INC.), MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., CITIGROUP GLOBAL MARKETS INC., and RBC CAPITAL MARKETS, LLC,<br><br>      Defendants.<br><br>SANDRIDGE ENERGY, INC.,<br><br>      Nominal Defendant. | Case No. 5:15-CV-00634-G<br><br>CLASS ACTION |

**NOTICE OF MOTION AND UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS**

**PRELIMINARY STATEMENT**

**PLEASE TAKE NOTICE** that Lead Plaintiffs Duane & Virginia Lanier Trust, Ivan Nibur, Jase Luna, Matthew Willenbucher, and Reed Romine ("Plaintiffs"), through their counsel will, and do, move this Court for an Order: (a) approving the administrative determinations of Strategic Claims Services' ("SCS"), accepting and rejecting the claims submitted as recommended herein and in the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process (the "Bravata Declaration"); and (b) directing distribution of the Net Settlement Fund to Authorized Claimants. Settling Defendants do not oppose the relief requested.

In support of this Motion, Plaintiffs submit the following Memorandum of Law, the Bravata Declaration, and a Proposed Order.

**MEMORANDUM OF LAW**

**I.   INTRODUCTION**

On May 27, 2022, the Court entered the Order Granting Motion for Preliminary Approval (the "Preliminary Approval Order") (ECF No. 468).

On December 30, 2022, the Court entered the Order Granting Motion for Settlement and Motion for Attorney Fees (the "Final Approval Order") (ECF No. 481).

Lead Counsel[1] has been advised by the court-appointed Claims Administrator, SCS, that it has completed all analyses and accounting procedures in connection with the proofs

---

[1] All capitalized terms herein, unless otherwise indicated, have the same meaning and definition as given to them in the Stipulation and Agreement of Settlement, dated November 16, 2021 (the "Stipulation") (ECF No. 463)

2

of claim submitted by those persons who responded to the Notice, and has determined which of those persons are Authorized Claimants. *See* Bravata Declaration at ¶¶3, 6-9.

All that remains to complete the Settlement process is to distribute the Net Settlement Amount to the Authorized Claimants. *See* Stipulation at 5.3. Thus, Lead Counsel requests that the Court authorize the distribution of the Net Settlement Fund to the Authorized Claimants.

## II.   DETERMINATION OF AUTHORIZED CLAIMANTS

### A. Deficient and Ineligible Claims

Pursuant to the Preliminary Approval Order, all claims were to be submitted to the Claims Administrator by August 19, 2022. *See*, *e.g.*, Preliminary Approval Order at ¶6. The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible. *See* Bravata Declaration at ¶3.

SCS initially identified 412 inadequately documented claims. SCS mailed or emailed inadequacy notices to each of these claimants, advising them of the nature of their inadequacy and providing them an opportunity to cure. A sample inadequacy notice is annexed to the Bravata Declaration as Exhibit C. Among these 412 deficient claims, 192 have been successfully cured and are considered valid. The remaining 220 inadequate claimants either did not respond to the inadequacy notice or responded with inadequate documentation and were sent a rejection notice setting forth the reason for their inadequacy. To date, none of the 220 inadequate claimants has objected to or contested this determination. See Exhibit D of the Bravata Declaration for a list of the inadequate, rejected claimants.

In addition to the 220 claims discussed above, SCS has identified 4,154 claims which were recommend for complete rejection. Included in this category are: (i) claims with no Recognized Losses; (ii) claims with common units of SandRidge Mississippian Trust I or SandRidge Mississippian Trust II. ("SandRidge Trusts") purchased outside of the Settlement Class Period; (iii) claims with common units of SandRidge Trusts that were not purchased or otherwise acquired, but were received or granted by gift, inheritance, or operation of law; (iv) claims filed with securities other than common units of SandRidge Mississippian Trusts; (v) claims with shares sold short; (vi) duplicate claims; and (vii) claim withdrawn by the filing entity. See Exhibit E of the Bravata Declaration for a list of these ineligible claims. SCS have communicated with these 4,154 claimants and advised them of the determination. A sample ineligibility notice is annexed to the Bravata Declaration as Exhibit F. To date, none of these ineligible claimants has contested their determination.

### B. Properly Documented Claims

SCS has identified 4,798[2] properly documented valid claims. Bravata Declaration ¶7.a. These valid claims represent Recognized Losses of $54,110,101.85. These valid claims were calculated in the manner set forth in the Court-approved Plan of Allocation of the Net Settlement Fund Among Class Members ("Plan of Allocation"), included in the Notice. Exhibit B-1 is a spreadsheet of the 4,738 properly documented and timely

---

[2] This number includes 4,738 timely filed valid claims and 60 late but otherwise valid claims.

4

submitted claims. Exhibit B-2 is a spreadsheet of the 60 claims submitted after the Court-approved claims filing deadline, August 19, 2022, and on or before October 25, 2022.

The Court should accept all late but otherwise valid claims submitted after August 19, 2022, but received by SCS on or before October 25, 2022, because the untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund to the Class, or otherwise prejudiced any Authorized Claimant. *Id.*, ¶6, fn.2; *see In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the optout claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims."); *see also In re Crazy Eddie Securities Litigation*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds).

Lead Plaintiffs respectfully request that the Court approve the 4,798 properly documented claims as listed in Exhibits B-1 and B-2 of the Bravata Declaration.

### III. DISTRIBUTION OF THE NET SETTLEMENT AMOUNT

Pursuant to the Stipulation and the [Amended] Plan of Allocation authorized by the Court's Final Approval Order:

> The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. If there is any balance remaining in the Net

Settlement Fund after a reasonable period of time after the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants, who cash their initial distribution payment and who would receive a distribution of at least $10.00, in an equitable and economic fashion. Thereafter, any *de minimis* balance which still remains in the Net Settlement Fund shall be donated to the Howard University School of Law Investor Justice & Education Clinic.

Furthermore, on August 12, 2022, Lead Plaintiffs filed the Memorandum of Law in Support of Motion for Final Approval of Class Action Settlement, Final Certification of Class, and to Modify Plan of Allocation ("Final Settlement Brief") seeking a modification to the Plan of Allocation to allow for certain investors to recover whose brokers had purged their trading records after a decade. (ECF No. 471). The Court granted this amendment to the Plan of Allocation on December 30, 2022. (ECF No. 481).

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court approve and enter the [Proposed] Order concerning distribution of the Net Settlement Fund.

DATED: February 9, 2023          Respectfully submitted,

THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen, Esq. (admitted *pro hac vice*)
Phillip Kim, Esq. (admitted *pro hac vice*)
Jonathan Horne, Esq. (admitted *pro hac vice*)

*/s/Jonathan Horne*
JONATHAN HORNE

275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
lrosen@rosenlegal.com
pkim@rosenlegal.com
jhorne@rosenlegal.com

*Lead Counsel for Plaintiffs*

FARHA LAW, PLLC
Nicholas G. Farha, OBA No. 21170
1900 NW Expressway, Suite 501
Oklahoma City, OK 73118
Telephone: (405) 471-2224
nick@farhalawfirm.com

*Liaison Counsel for Plaintiffs*

WOHL & FRUCHTER, LLP
J. Elazar Fruchter, Esq.
570 Lexington Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 758-4000
jfruchter@wohlfruchter.com

*Additional Plaintiffs' Counsel*