UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE & VIRGINIA LANIER TRUST, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SANDRIDGE MISSISSIPPIAN TRUST I et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-15-634-G<br>)<br>)<br>)<br>)<br>) |

## ORDER

Now before the Court are Duane & Virginia Lanier Trust, Ivan Nibur, Jase Luna, Matthew Willenbucher, and Reed Romine's (collectively, "Plaintiffs") Unopposed Motion for Distribution of Class Settlement Funds (Doc. No. 483) and Supporting Declaration (Doc. No. 484). The Motion represents that the Settling Defendants do not oppose the relief requested, and no response to the Motion has been filed within the time allowed.

Having reviewed the Unopposed Motion (Doc. No. 483), the Court finds that it should be and hereby is GRANTED. The Court ORDERS as follows:

The Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants identified in Exhibits B-1 and B-2 to the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process, at the direction of Lead Counsel pursuant to the Stipulation and Agreement of Settlement, dated November 16, 2021 (the "Stipulation") (ECF No. 463) and the Plan of Allocation set forth

in the Notice that was distributed pursuant to this Court's prior Order and as modified pursuant to this Court's Order Granting Motion for Settlement and Motion for Attorney Fees, dated December 30, 2022 (ECF No. 481).

Any persons asserting any rejected or subsequently filed claims are finally and forever barred from the date of this Order.

The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund complies with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Gross Settlement fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund and the Released Persons beyond the amount allocated to them pursuant to this Order.

The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and the Claims Administrator, Strategic Claims Services ("SCS"), are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net

Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to the Howard University School of Law Investor Justice & Education Clinic.

SCS is hereby ordered to maintain the completed Proofs of Claims and supporting documents not less than one (1) year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same not less than three (3) years after all distributions of the Net Settlement Fund to the eligible claimants.

This Court retains jurisdiction over any further application or matter that may arise in connections with this action.

IT IS SO ORDERED this 27th day of March, 2024.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
United States District Judge